| | |
|---|---|
| **White & Case LLP**<br>1155 Avenue of the Americas<br>New York  NY  10036 | **Allen & Overy LLP**<br>1221 Avenue of the Americas<br>New York  NY  10020 |
| Tel          212 819 8200<br>Fax         212 354 8113<br>Direct line  212 819 8507<br>pcarberry@whitecase.com | Tel       212 610 6300<br>Fax      212 610 6399<br>Direct   212 756 1151<br>andrew.rhys.davies@allenovery.com |

**BY ECF & BY HAND DELIVERY**

Honorable Shira A. Scheindlin
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York  10007

August 4, 2015

Re:   **Nike, Inc., et al. v. Maria Wu, et al., No. 13 Civ. 8012 (S.D.N.Y.) (SAS)**

Dear Judge Scheindlin:

On behalf of non-parties Bank of China, Agricultural Bank of China, Bank of Communications, Industrial and Commercial Bank of China, China Construction Bank and China Merchants Bank (collectively, the "Banks"), and subject to the Banks' jurisdictional objections, we respectfully submit this letter in reply to the letter from Nike's counsel filed July 24, 2015 (ECF No. 42) ("Nike Letter").

**Nike Does Not Deny That The True Purpose Of The Requested Injunction Is To Coerce The Banks Into Implementing An Unlawful Extraterritorial Asset Freeze**

Nike notes that the post-judgment, extraterritorial asset-freezing federal injunction contained in Nike's proposed default judgment, ECF No. 37-1 ("Proposed Judgment"), directly enjoins only the defendants. *See* Nike Letter at 3. Nike does not deny, however, that its true purpose in seeking such an injunction is to coerce the Banks into restraining customer accounts overseas, by allowing Nike to threaten the Banks with contempt proceedings if they fail to prevent the accountholders from withdrawing their funds abroad. Nike's counsel previously have not hesitated to threaten and file meritless contempt motions against non-party banks in this series of cases. *See, e.g., Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142-44 (2d Cir. 2014) (reversing contempt order against non-party Bank of China).[1]

---

[1] Nike also does not deny that, contrary to the representation in its memorandum of law, it did *not* seek a post-judgment asset restraining injunction in its complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *Tiffany (NJ) LLC v. Qi Andrew*, No. 10 Civ. 9471 (KPF) (HBP), 2015 WL 3701602, at *5 (S.D.N.Y. June 15, 2015) ("The prayer for relief in the complaint represents the outer boundary (the ceiling, in the case of money damages) of what may be awarded.").

Consistent with Nike's reason for seeking the injunction, Nike urges the Court not to consider the Banks' jurisdictional and comity objections until Nike moves to enforce it against the Banks. *See* Nike Letter at 3. The Banks agree that the Court need not address the Banks' jurisdictional and comity objections, but for a different reason. As Judge Failla held in *Qi Andrew*, there is no basis for Nike's proposed post-judgment federal asset-freezing injunction in the first place.[2]

### Nike Fails To Demonstrate That It Is Entitled To A Post-Judgment Federal Asset-Freezing Injunction

Contrary to Nike's mischaracterization, the question is not whether the Court should "discontinue" or "vacate" the *pre*-judgment asset-freezing injunction in the preliminary injunction. *See* Nike Letter at 1-2. Rather, it is Nike's burden to show that the Court has authority, in the *post*-judgment context, to issue a perpetual, worldwide asset freezing federal injunction pursuant to Federal Rule of Civil Procedure 65 and the Court's inherent equitable authority. Nike cannot meet that burden.

As the *Qi Andrew* court recognized, under Federal Rule of Civil Procedure 69, post-judgment enforcement remedies must accord with state law. *See Qi Andrew*, 2015 WL 3701602, at *12. New York's post-judgment asset-restraining remedies are set forth in Section 5222 of New York's Civil Procedure Law and Rules. Although restraining orders under Section 5222 may apply extraterritorially as against judgment debtors, New York's highest court has recently held that under the separate entity rule, they do not require garnishee banks to restrain assets in foreign branches. *Motorola Credit Corp. v. Standard Chartered Bank*, 24 N.Y.3d 149, 162 (2014) (noting the public policy underpinnings of the separate entity rule).

The *Qi Andrew* court declined to "adopt a reading of a postjudgment asset freeze remedy under Rule 65 that would seemingly subsume the post-judgment remedies provided by Rule 69 and state law." *Qi Andrew*, 2015 WL 3701602, at *12 n.9. Thus, Judge Failla denied Tiffany's request for the kind of post-judgment federal asset-freezing injunction that Nike seeks from this Court. *See also id.* at *12 (noting that the court was "unconvinced that a Rule 65 injunction is an appropriate vehicle for the post-judgment restraint").[3]

Nike suggests that, barely a week after issuing that ruling, Judge Failla changed her mind *sub silientio*, and actually granted Tiffany a federal asset-freezing injunction of the type sought here. Nike Letter at 2. The suggestion bears no scrutiny. On June 22, 2015, plaintiffs' counsel wrote to Judge Failla

---

[2] Although the Court need not reach the comity issue to deny the requested injunction, Nike's counsel are well aware from their representation of Gucci in *Gucci Am., Inc. v. Weixing Li*, 2010 Civ. 4974 (RJS) (S.D.N.Y.), that, contrary to their representation to this Court, Nike Letter at 3 n.2, the Chinese courts ruled that account agreements at issue in that case did *not* permit Bank of China to restrain customer accounts in China. *See Weixing Li*, 2010 Civ. 4974 (RJS) (S.D.N.Y.), ECF No. 142, 142-12, 142-13 (Decl. of Yuqing Zhang) ¶¶ 30-31 & Exs. 10-11.

[3] Judge Failla expressly declined to rely on *Meyers v. Moody*, 723 F.2d 388 (5th Cir. 1984), *see* Nike Letter at 1, a cursory out-of-Circuit ruling that affirmed a post-judgment Rule 65 asset-restraining injunction with minimal analysis, with no reference to Rule 69, and with no consideration of whether such a federal remedy was consistent with the post-judgment remedies under Texas law. *See Qi Andrew*, 2015 WL 3701602, at *12 n.9.

arguing, correctly, that, even though they were not entitled to a federal asset-freezing injunction, they were entitled to a restraint under Rule 69 and CPLR § 5222. *See Qi Andrew*, ECF No. 105. They provided a proposed judgment, which indeed contained an asset restraint pursuant to Rule 69 and Section 5222. *Qi Andrew*, ECF No. 105-1 ¶ 11. Counsel also wrote into the proposed restraint, however, a reference to "this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief." *Id.* It is that lawyer-drafted language that Nike's counsel now quote to imply, misleadingly, that Judge Failla actually granted them a federal asset-freezing injunction. *See* Nike Letter at 2.

It was in a similar manner that counsel obtained the turnover order that this Court vacated in *Gucci America, Inc. v. Bagsmerchant, LLC*, No. 10 Civ. 2911(SAS), 2012 WL 4468192 (S.D.N.Y. Sept. 27, 2012), *i.e.*, they inserted a turnover order in a proposed default judgment, but the supporting memorandum of law that they submitted to Judge Batts made no reference either to it or to the asset-restraining injunction that they also included. *See Bagsmerchant*, ECF No. 17. Similarly, Nike relies on a post-judgment asset-freezing injunction contained in a default judgment in *Tory Burch LLC, et al. v. Yong Sheng International Trade Co., Ltd.*, No. 10 Civ. 9336 (DAB), *see* Nike Letter at 1 & Ex. B, but there, too, counsel made no more than a passing reference to that relief in the memorandum of law submitted in support of that default judgment. *See Tory Burch*, ECF No. 24.

What Nike actually succeeds in showing, therefore, is not that they are entitled to the relief contained in those default judgments, but rather that plaintiffs sometimes obtain relief to which they are not entitled in what Judge Failla aptly called the "procedurally one-sided context" of a default judgment motion. *Qi Andrew*, 2015 WL 3701602 at *6.

Finally, neither *NML Capital, Ltd. v. Argentina*, 699 F.3d 246 (2d Cir. 2012), nor *Pashaian v. Eccleston Properties, Inc.*, 88 F.3d 77 (2d Cir. 1996), supports Nike's request for a post-judgment asset-restraining injunction. In *NML Capital, Ltd.*, the Court of Appeals affirmed a permanent injunction that was entered, not to restrain assets for enforcement of a judgment, but rather to compel specific performance of the *pari passu* clause in Argentina's sovereign bonds. *See NML Capital, Ltd.*, 699 F.3d at 254-55. Unlike the asset-freezing injunction Nike seeks here, the Court of Appeals specifically held that the injunction in *NML Capital, Ltd.* did not "attach, arrest, or execute upon any property." It simply enjoined Argentina from making payments to certain creditors unless it made ratable payments to the plaintiffs. *Id.* at 262-63.

*Pashaian*, too, is irrelevant, because that case involved, not a *post*-judgment restraint like that sought by Nike, but rather a *pre*-judgment preliminary injunction, enjoining the defendant from engaging in further fraudulent transfers during the pendency of a fraudulent transfer lawsuit. *See Pashaian*, 88 F.3d at 79 (noting that the case involved a "preliminary injunction [that] bars *pendente lite* the disposition or transfer of various assets (and their proceeds). . . .").

*   *   *

For these reasons, there is no basis for the perpetual, post-judgment, worldwide asset-freezing injunction sought by Nike. Subject to their jurisdictional objections, the Banks are prepared to submit more detailed briefing or to address these issues in person if that would be of assistance to the Court.

Respectfully submitted,

*Andrew Rhys Davies*

**Andrew Rhys Davies**

ALLEN & OVERY LLP
*Counsel for Non-Party Bank of China*

*Paul B. Carberry*

**Paul B. Carberry**

WHITE & CASE LLP
*Counsel for Non-Parties
Agricultural Bank of China, Bank
of Communications, Industrial and
Commercial Bank of China, China
Construction Bank and China
Merchants Bank*

Copy (via email and ECF) to:

Robert L. Weigel, Esq. (counsel for plaintiffs)
Gibson, Dunn & Crutcher LLP
200 Park Avenue,
New York, NY 10166-0193
Tel: (212) 351-3845
RWeigel@gibsondunn.com