UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

NIKE, INC. and CONVERSE, INC.,

        Plaintiffs,

    - against -

MARIA WU d/b/a
WWW.SHOECAPSXYZ.COM, et al.,

        Defendants.

------------------------------------------------------------ X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 8/20/15

**ORDER**

13-cv-8012 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      Since November 2013, Nike, Inc. and Converse, Inc. ("plaintiffs") have asserted federal and state trademark claims against defendants, who have not responded to this action. On December 3, 2013, this Court entered a preliminary injunction against defendants, which provided, *inter alia*, for a pre-judgment asset freeze of defendants' United States and overseas bank accounts.[1] On June 29, 2015, in light of defendants' continued failure to appear in this action, plaintiffs filed a Motion for Default Judgment and Proposed Default Judgment.[2] In this

---

[1]     *See* Preliminary Injunction at 9 [Dkt. No. 14].

[2]     *See* Motion for Default Judgment and Text of Proposed Order [Dkt. No. 37].

motion, plaintiffs ask this Court to continue the global freeze of defendants' assets in order to preserve plaintiffs' right to an equitable accounting of defendants' counterfeiting profits.[3]

On July 17, 2015 and August 4, 2015, non-parties Bank of China, Agricultural Bank of China, Bank of Communications, Industrial, and Commercial Bank of China, China Construction Bank, and China Merchants Bank ("the Banks") submitted letters objecting to paragraphs 9 and 10 of the Proposed Default Judgment, which concern the freezing of defendants' overseas accounts.[4] Plaintiffs submitted a response to the Banks' letter on July 24, 2015.[5] At the Court's request, plaintiffs and the Banks submitted supplemental submissions on August 14, 2015.[6]

The Banks raise three related objections to the asset freeze provisions of the Proposed Default Judgment, none of which are ripe given that the Proposed Default Judgment is directed entirely at defendants and seeks no enforcement against the non-party Banks. *First*, the Banks argue that the asset freeze cannot

---

[3] *See id.* ¶¶ 9-10.

[4] *See* 7/17/15 Letter from the Banks to the Court [Dkt. No. 41]; 8/4/15 Letter from the Banks to the Court [Dkt. No. 43].

[5] *See* 7/24/15 Letter from Plaintiffs to the Court [Dkt. No. 42].

[6] *See* Memorandum of Law in Support of Motion for Default Judgment [Dkt. No. 46]; Supplemental Submission of Non-Parties [Dkt. No. 47].

issue because the Court lacks personal jurisdiction over them. This argument is irrelevant because at this stage, the Court needs only "personal jurisdiction over the defendants, not the Bank[s]."[7]

*Second*, the Banks contend that comity concerns should prevent the Court from freezing defendants' overseas assets. Although the Proposed Default Judgment would order the Banks to comply with an asset freeze, because this judgment is not directed against the Banks, it would be premature for the Court to undertake a hypothetical comity analysis at this time.[8] It is, of course, possible that defendants will comply with the Court's Order and make plaintiffs whole – in which case the Banks would never be required to take any action with respect to the asset freeze. If plaintiffs do eventually seek to compel the Banks to freeze those of defendants' overseas assets that are within their control, a comity analysis may then become appropriate.

---

[7] *Gucci Am. v. Bank of China*, 768 F.3d 122, 129 (2d Cir. 2014). *Accord NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 243 (2d Cir. 2013) ("[Q]uestions of personal jurisdiction . . . are premature [until the non-parties] . . . . are summoned to answer for assisting in a violation of the district court's injunctions.").

[8] *See Gucci*, 768 F.3d at 138 (comity analysis appropriate where court issued order compelling the Bank of China to comply with asset freeze injunction); *Tiffany (NJ) LLC v. Qi Andrew*, No. 10 Civ. 9741, 2015 WL 3701602 at *13 (declining at the default judgment stage "to address the issues raised by the Non-Party Banks regarding personal jurisdiction and comity as these questions are premature").

*Third*, the Banks suggest that a recent New York Court of Appeals decision, *Motorola Credit Corp. v. Standard Chartered Bank*, precludes this Court from issuing an asset freeze over overseas accounts.[9] *Motorola*, however, has no effect on the Court's ability to grant the Proposed Default Judgment. Addressing a "narrow question"[10] that arose after plaintiffs sought to enforce a restraining order against a non-party bank, *Motorola* held that New York's "separate entity rule precludes a judgment creditor from ordering a garnishee bank operating branches in New York to restrain a debtor's assets held in foreign branches of the bank."[11] Nothing in *Motorola* supports extending its holding to the issuance of a default judgment where no enforcement proceeding against any objecting Bank has been initiated.

For the foregoing reasons, the Banks' letter motion is DENIED. As no other objections to the Proposed Default Judgment have been raised, plaintiffs' separate Motion for Default Judgment [Dkt. No. 37] is GRANTED simultaneously with this Order.

---

[9] 24 N.Y.3d 149 (2014).

[10] *Id.* at 159 n.2.

[11] *Id.* at 158.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
August 20, 2015

- **Appearances** -

**For the Plaintiffs:**

Robert Weigel, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

**For the Non-Parties:**

Paul Carberry, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8507

Andrew Rhys Davies, Esq.
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 756-1151