# Exhibit B-13



| 2010年10月14日星期四 | 首页 | 法院概况 | 工作动态 | 法学园地 | 法官风采 | 审务公开 | 司法为民 | 法院管理 | 法律法规 | 井冈胜地 |

现在位置： 法学园地 -> 裁判文书

江西省井冈山市人民法院

民事判决书

(2008)井民初字第220号

原告李瑞华，男，1952年11月12日生，汉族，井冈山市政协干部，住江西省井冈山市茨坪五井路12栋。

委托代理人罗清梅，女，1953年5月21日生，汉族，井冈山市国土资源局干部，住江西省井冈山市茨坪五井路26号，系原告李瑞华的妻子。

委托代理人李浪，江西皆诚律师事务所律师。

被告中国农业银行井冈山市支行，住所地江西省井冈山市教育局大楼内。

法定代表人陈泉，中国农业银行井冈山市支行行长。

委托代理人彭凯，中国农业银行吉安市分行法律顾问。

第三人邹园，女，1962年8月26日生，汉族，井冈山市政协出纳，住江西省南昌市东湖区贤士湖住宅区30号楼1单元。

原告李瑞华与被告中国农业银行井冈山市支行、第三人邹园储蓄存款合同纠纷一案，本院受理后，依法组成合议庭，公开开庭进行了审理。原告委托代理人罗清梅、李浪，被告委托代理人彭凯和第三人邹园到庭参加了诉讼。本案现已审理终结。

原告诉称，2001年12月14日，我的工作单位井冈山市政协在被告的营业部为我开设了个人工资账户，账号为14-074101100055844。2004年底，我从单位内退后到外地工作，一直没有动用该存折。2007年，因需用钱，我用该存折到农业银行取款，才发现被告未经我同意，擅自改变了我工资存折的账号及密码，致使我无法从银行取出自己多年的工资存款。因被告拒绝恢复我的存折账号及密码，故诉至法院，请求判令被告立即停止侵权，恢复原活期存款存折账号及密码，向我赔礼道歉，赔偿我的工资损失40000元，并承担本案诉讼费。

被告辩称，原告的起诉是以侵权为由，而我单位没有任何侵权行为，为原告新增账户是依照井冈山市政协即原告工资发放单位的指令进行的。因此，原告取不到工资要求我单位赔偿在事实上和法律上都是没有理由的，请求法院驳回原告的诉讼请求。

第三人述称，我是在2005年4月14日为原告办理新增开户的，因为原告借了我的钱，并承诺如到期未归还借款就可以在其工资中扣除。我扣原告的工资是经其本人同意了的，并且到目前为止，原告尚欠我的钱未还清。因此，

井冈山法院网 Page 2 of 3

Case 1:13-cv-08012-CM-DCF Document 73-14 Filed 02/14/18 Page 3 of 8
Case 1:10-cv-09471-KMF-HBP Document 25-5 Filed 03/24/11 Page 3 of 8

请求法院驳回原告的诉讼请求。

  经审理查明，2001年12月14日，原告所在单位井冈山市政协为原告在被告处开设了代发工资个人账户，原告储蓄存款存折账户名为李瑞华，账号为14-074101100055844，支取方式为凭密。2005年4月14日，第三人以原告授权其到期未归还借款以工资扣除为由，凭其担任井冈山市政协出纳的便利条件，在被告处为原告新增开户，新增开户存折户名为李瑞华，初始账号为14-074101100152310，系统升级后的账号为14-074100460027385，支取方式为凭密。之后，原告的工资便一直发放在新增开户的活期储蓄存折上。该储蓄存折一直由第三人保管并支取了39684元，致使原告持账号尾数为55844的储蓄存折无法支取自己的工资。另查明，被告在应第三人要求办理原告新增开户时，未依照《储蓄管理条例》关于"存款自愿、取款自由、存款有息、为储户保密"的有关规定进行。因要求停止侵权及赔偿损失事宜与被告协商未果，原告遂诉至本院，请求判令被告立即停止侵权，恢复原活期存款存折账号及密码，向其赔礼道歉，赔偿工资损失40000元，并承担本案诉讼费。

  上述事实，有尾数分别为55844、27385的储蓄存款存折及2005年4月财政统发工资情况表、李瑞华14-074101100152310账号2005年4月14日至2008年所有支出明细清单等证据证明，足以认定。

  本院认为，原告李瑞华作为井冈山市政协干部，在其单位为其在被告处办理代发工资储蓄存折时起就与被告形成了储蓄存款合同关系，各方当事人应当按照储蓄管理的有关规定加以执行。根据中国人民银行发布的《储蓄管理条例》规定，被告作为储蓄银行负有为储户保密并提供安全保障的责任，这种责任既包括支取存款，也包括变更账号及密码。换句话说，未经原告本人同意，其他任何人包括开户银行对其存折账号及密码均无权擅自变更，除法律、法规另有规定外，储蓄银行不能代任何单位和个人查询、冻结、划拨存款。在本案中，被告未经原告本人同意，仅根据第三人的要求为原告开设了新的存款账户，实质上变更了原告原有存款账户及密码，其行为违反了条例的有关规定，侵犯了原告的合法权益，原告提出判令被告停止侵权、恢复存折账号及密码，赔偿被支取工资的诉讼请求合法有据，本院予以支持。鉴于本案事出有因等具体情况，对原告提出要求被告赔礼道歉的诉讼请求，本院不予支持，被告及第三人以其他方式承担责任。第三人提出原告拖欠其借款并已授权其从工资中扣除借款的辩驳意见，虽然合乎情理，但与储蓄条例的有关规定相违背，第三人提出的借款问题根据其本人意见，另行提起诉讼。据此，依照《中华人民共和国合同法》第一百零七条、《储蓄管理条例》第五条、第三十二条等有关规定，判决如下：

一、限第三人邹园于本判决生效后三日内将其为原告办理的账号为14-074100460027385的储蓄存折（工资发放存折）及密码交付给原告李瑞华。

二、限第三人邹园于本判决生效后三个月内将其从原告李瑞华储蓄存折中支取的工资款39684元返还给原告李瑞华，被告中国农业银行井冈山市支行负连带赔偿责任。

  案件受理费800元，被告中国农业银行井冈山市支行负担400元，第三人邹园负担400元。

如不服本判决，可在判决书送达之日起十五日内，向本院递交上诉状，并按对方当事人的人数提出副本，上诉于江西省吉安市中级人民法院。

本判决书发生法律效力后，当事人必须履行。一方拒绝履行的，对方当事人可以向本院申请执行。申请执行的期间为二年，从本判决规定履行期间的最后一日起计算。被执行人未按本判决规定的期间履行给付金钱义务的，应加倍支付迟延期间的债务利息。

审　判　长　　郭　泽　庆

审　判　员　　贺　香　庭

人民陪审员　　周　日　复

二〇〇八年十一月月十日

书　记　员　　肖　　玮

法律链接：

井冈山法院网　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3 of 3

Case 1:13-cv-08012-CM-DCF   Document 73-14   Filed 02/14/18   Page 4 of 8
Case 1:10-cv-09471-KMF-HBP   Document 25-9   Filed 03/24/11   Page 4 of 8

《中华人民共和国合同法》

　　第一百零七条　　当事人一方不履行合同义务或者履行合同义务不符合约定的，应当承担继续履行、采取补救措施或者赔偿损失等违约责任。

《储蓄管理条例》

　　第五条　　国家保护个人合法储蓄存款的所有权及其他合法权益，鼓励个人参加储蓄。

　　储蓄机构办理储蓄业务，必须遵循"存款自愿，取款自由，存款有息，为储户保密"的原则。

　　第三十二条　　储蓄机构及其工作人员对储户的储蓄情况负有保密责任。

　　储蓄机构不代任何单位和个人查询、冻结或者划拨储蓄存款，国家法律、行政法规另有规定的除外。

民意沟通信箱：jxjgsfy_mygt@chinacourt.org
版权所有，未经协议授权，禁止下载使用或建立镜像
Copyright © 2002-2010 by ChinaCourt.org All rights reserved.
Reproduction in whole or in part without permission is prohibited

People's Court of Jinggangshan City, Jiangxi Province
Civil Arbitration Certificate
(2008) *JingMinChuZIDi220Hao*

  Claimant: LI, Ruihua, male, born November 12, 1952, Han ethnicity, cadre of the Political Consultative Committee of Jinggangshan City, resides in Building 12 *Cipingwujing* Road, Jinggangshan City, Jiangxi Province.

  Entrusted Representative: LUO, Qingmei, female, born May 21, 1953, Han ethnicity, Resource Department of Jinggangshan City, resides at No. 26 *Cipingwujing* Rd., Jinggangshan City, Jiangxi Province, wife of the claimant.

  Entrusted Representative: LI, Liang, attorney of Jiangxi Xiecheng Law Firm.

  Defendant: The Jinggangshan City Branch of the Agricultural Bank of China, located within the Ministry of Education building.

  Legal Representative: CHEN, Quan, president of the Jinggangshan City Branch of the Agricultural Bank of China.

  Entrusted Representative: GU, Kai, legal consultant of the Ji'an City Branch of the Agricultural Bank of China.

  Third Party: ZOU, Yuan, female, born August 26, 1962, Han ethnicity, cashier of the Political Consultative Committee of Jinggangshan City, Resides in Unit 1, Building 30, Xianshihu Residence, Donghu District, Nanchang City, Jiangxi Province.

  Upon filing a savings account dispute between the claimant LI, Ruihua, the defendant Jinggangshan City Branch of the Agricultural Bank of China, and the third party, ZOU, Yuan, this court formed a collegiate bench and opened a public hearing. The entrusted representatives of the plaintiff, LUO, Qingmei and LI, Liang, the entrusted representative of the defendant, GU, Kai and the third party, ZOU, Yuan were present in court for the legal proceedings. At present, the heading of this case has come to a close.

  Statement of the Plaintiff: On December 14, 2001, my work unit, the Political Consultative Committee of Jinggangshan City, opened an individual pay account on my behalf at the office of the defendant, account number 14-074101100055844. At the end of 2004, I resigned from my position to work somewhere else and didn't access the deposit book at all. In 2007, because I needed money, I took the deposit book to Agricultural Bank of China to withdraw money and discovered that the defendant took it upon himself to change the account number and password of my account without my consent, giving me no way to withdraw the years of salary savings from the bank. Because the defendant refused to return my account number and password, I brought them to court, and request that they be

---

**CERTIFICATE OF ACCURACY**

STATE OF NEW YORK )
         )SS:
COUNTY OF NEW YORK )

William Bettinelli, being duly sworn, deposes and says:
I am fluent in both the English and Chinese languages. I am competent to translate from Chinese to English. I have made the above translation from a copy of the original document in the Chinese language, and hereby certify that the same is a true and complete translation to the best of my knowledge, ability, and belief.

William Bettinelli
Trustforte Language Services

Sworn before me this
19th day of October, 2010

Notary Public

MOHAMMED MUJUMDER
Notary Public, State of New York
No. 03-4962808
Qualified in Bronx County
Commission Expires Feb. 26, 2014

obligated by the court to immediately cease violating my rights, recover the original savings account and password, formally apologize to me, reimburse the losses of my 40,000 Yuan savings, and cover the cost of the legal proceedings of this case.

Statement of the Defendant: The claimant is citing the violation of rights as the basis of his case, but my work unit has not exhibited any tortious conduct. Setting up a new account was done in accordance with the Political Consultative Committee of Jinggangshan City, in other words, under the orders of the unit issuing the defendant's salary. As such, the plaintiff's request for reimbursement from my work unit because he could not obtain his salary lacks any basis in reality or the law, and we request that the court refuse the plea of the claimant in this case.

Statement of the Third Party: I arranged a new account for the claimant on April 14, 2005 because the claimant borrowed money from me and promised that if he had not returned the money by the time he promised I could begin to withdraw from his salary. The withdrawals I conducted from the plaintiff's salary were done with his consent, and at present the claimant is still indebted to me. As such, I request that the court refuse the claimant's claims.

Upon hearing this case it has been verified that on December 14, 2001, the work unit of the claimant, Political Consultative Committee of Jinggangshan City, established an individual payroll account for the claimant at the defendant's branch, the name on the deposit book of the account was LI, Ruihua, the account number was 14-074101100055844 and withdrawals required a password. On April 14, 2005, the third party, on the basis of being entitled by the claimant to make withdrawals from the claimant's salary if his debt had not been repaid on time, facilitated by her position as cashier for the Political Consultative Committee of Jinggangshan City, added an account for the claimant at the branch of the defendant. The new name of the new account was LI, Ruihua, the account number 14-074101100152310, after the system was upgraded it became 14-074100460027385 and withdrawal required a password. Afterward, the salary of the claimant was completely distributed into the current deposit book of the new account. This account book was exclusively maintained by the third party and 39,684 Yuan was withdrawn, leading the claimant to have no way to access his salary through the account he held with the account number ending in 55844. It has also been verified that at the time of handling the request of the third party to create a new account for the claimant, the defendant did so without following the stipulations of the Regulations on the Administration of Savings regarding "willingness to deposit, freedom to withdraw, payment of interests to bank saving deposits, and depositor confidentiality." Since the claimant's consultation with the defendant in which the request was made that they desist from infringement and reimburse his losses was unsuccessful, the claimant brought the case to this court, and requested that the defendant be obligated to immediately desist infringement, reestablish the original account and password, formally apologize, reimburse the 40,000 Yuan salary, and take responsibility for the hearing fee of this case.

CERTIFICATE OF ACCURACY

STATE OF NEW YORK )
                  )SS:
COUNTY OF NEW YORK )

William Bettinelli, being duly sworn, deposes and says:
I am fluent in both the English and Chinese languages. I am competent to translate from Chinese to English. I have made the above translation from a copy of the original document in the Chinese language, and hereby certify that the same is a true and complete translation to the best of my knowledge, ability, and belief.

William Bettinelli
Trustforte Language Services

Sworn before me this
19th day of October, 2010

Notary Public

MOHAMMED MUJUMDER MSS LLB
Notary Public, State of New York
No. 03-4962808
Qualified in Bronx County
Commission Expires Feb. 26, 2014

The deposit books for the accounts with account numbers ending in 55844, 27385, the salary issuance report issued by the Ministry of Finance in April 1005, and the statements from April 14, 2005 to 2008 for LI, Ruihua's account, account number 14-074101100152310, comprise sufficient evidence to verify the facts stated above.

It is the opinion of this court that the claimant LI, Ruihua and the defendant established a savings contract relationship at the time when the work unit of the claimant opened an account for the him as a cadre of the Political Consultative Committee at the defendant's branch, so each party should act in accordance with the related Regulations on Administration of Savings. According to the stipulations of Regulations on Administration of Savings issued by the Bank of China, the defendant is obligated to protect the confidentiality of the depositor and guarantee safety, this obligation includes withdrawals, it also includes changing account numbers and passwords. In other words, without the approval of the claimant himself, other persons, including the account bank, have no right to alter the account number or password, except for cases in which the law or regulations provide for it. A savings bank cannot search, freeze, or cancel an account in the name of any other party. In this case, the defendant opened a new account for the claimant based on the request of a third party without receiving the approval of the claimant himself, in reality altering the account and password of the claimant's original savings account. This behavior is in violation of regulations and infringed on the legal rights of the claimant; therefore, this court supports the claim of the claimant to oblige the defendant to desist infringement, reestablish the original account and password, and reimburse the savings withdrawn. Based on the specific conditions of this case, this court does not support the condition of the claimant for the defendant to issue a formal apology; the defendant and third party can take responsibility how they see fit. The issue brought up by the third party that the claimant was in arrears and authorized her to withdraw money from his salary, although it is reasonable, violates the Regulations on Administration of Savings. The issue of debt brought forward by the third party can be handled in separate proceedings as she sees fit. As such, in accordance with Clause 107 of the Law on Contracts of the People's Republic of China, Clause 5 and 32 of the Regulations on Administration of Savings, the ruling of this court is as follows:

1. The third party ZOU, Yuan is required to hand over the password and account number of the new savings account established for the claimant, number 14-074100460027385 to the claimant LI, Ruihua within 3 days of this decision taking effect.
2. The third party ZOU, Yuan is required to return the 39,684 Yuan to the claimant LI, Ruihua within 3 months of this decision taking effect. The defendant, Jinggangshan City branch of the Agricultural Bank of China, is required to cooperate with the reimbursement.

---

CERTIFICATE OF ACCURACY

STATE OF NEW YORK )
                  )SS:
COUNTY OF NEW YORK )

William Bettinelli, being duly sworn, deposes and says:
I am fluent in both the English and Chinese languages. I am competent to translate from Chinese to English. I have made the above translation from a copy of the original document in the Chinese language, and hereby certify that the same is a true and complete translation to the best of my knowledge, ability, and belief.

William Bettinelli
Trustforte Language Services

Sworn before me this
19th day of October, 2010

Notary Public

MOHAMMED MUJUMDER MSS LLB
Notary Public, State of New York
No. 03-4962808
Qualified in Bronx County
Commission Expires Feb. 26, 2014

The hearing fee for this case is 800 Yuan, the defendant, Jinggangshan City Branch of the Agricultural Bank of China is required to pay 400 Yuan and the third party ZOU, Yuan is required to pay 400 Yuan.

If you do not accept this decision, you may submit a petition of appeal to this court as well as copies to all parties involved in this case and initiate legal proceedings in the Intermediate Court of Ji'an City, Jiangxi Province within 15 days of receiving the decision of this court.

After this decision takes legal effect, all parties involved must act accordingly. If one party refuses to act accordingly, the other party may apply to this court for implementation. The limit to apply for implementation is 2 years, calculated from the last day of the performance period determined by this decision. If the person subject to enforcement fails to pay the amount determined by this decision, then interest for the delay period shall be added to the total amount.

Presiding Judge: GUO, Zeqing
Judge: JIA, Xiangting
People's Assessor: ZHOU, Rifu
November 10, 2008
Secretary: XIAO, Wei

Legal Links:
Contract Law of the People's Republic of China
Clause 107   If one party does not implement their obligations or the obligations implemented do not accord with those agreed upon, said party shall take remedial measures or compensation of losses or other obligations of a contract violation.

Regulations of the Administration of Savings
Clause 5   The state protects individual legal rights and other rights and interests for ownership of their savings and encourages individuals to save.

Savings organizations must adhere to the principle of "willingness to deposit, freedom to withdraw, payment of interest to bank saving deposits, and depositor confidentiality"

Clause 32   Savings organizations and personnel have the responsibility to keep depositor information confidential.

Savings organizations may not search, freeze, or transfer savings for any organization or individual, unless provided for under national law or administrative regulations.

---

**CERTIFICATE OF ACCURACY**

STATE OF NEW YORK )
)SS:
COUNTY OF NEW YORK )

William Bettinelli, being duly sworn, deposes and says:
I am fluent in both the English and Chinese languages. I am competent to translate from Chinese to English. I have made the above translation from a copy of the original document in the Chinese language, and hereby certify that the same is a true and complete translation to the best of my knowledge, ability, and belief.

William Bettinelli
Trustforte Language Services

Sworn before me this
19th day of October, 2010

Notary Public

MOHAMMED MUJUMDER MSS LLB
Notary Public, State of New York
No. 03-4962808
Qualified in Bronx County
Commission Expires Feb. 26, 2014