# Exhibit B-22

NOTIFICATION / PREUVES / ACCÈS À LA JUSTICE
SERVICE / EVIDENCE / ACCESS TO JUSTICE

Doc. info. No 2
Info. Doc. No 2

mai / May 2014



HAGUE CONFERENCE ON
PRIVATE INTERNATIONAL LAW
CONFÉRENCE DE LA HAYE
DE DROIT INTERNATIONAL PRIVÉ

**APERÇU DES RÉPONSES AU QUESTIONNAIRE DE NOVEMBRE 2013 PORTANT SUR
LA *CONVENTION DE LA HAYE DU 18 MARS 1970 SUR L'OBTENTION DES PREUVES À
L'ÉTRANGER EN MATIÈRE CIVILE OU COMMERCIALE*
(CONVENTION PREUVES)**

*établi par le Bureau Permanent*

\* \* \*

**SYNOPSIS OF RESPONSES TO THE QUESTIONNAIRE OF NOVEMBER 2013 RELATING TO
THE *HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN
CIVIL OR COMMERCIAL MATTERS*
(EVIDENCE CONVENTION)**

*drawn up by the Permanent Bureau*

(Version révisée en août 2014 /
revised version as per August 2014)

*Document d'information No 2 de mai 2014 à l'attention de la
Commission spéciale de mai 2014 sur le fonctionnement pratique
des Conventions de La Haye Notification, Preuves et Accès à la justice*

*Information Document No 2 of May 2014 for the attention of the
Special Commission of May 2014 on the practical operation
of the Hague Service, Evidence and Access to Justice Conventions*

Permanent Bureau | *Bureau Permanent*
6, Scheveningseweg   2517 KT The Hague | *La Haye*   The Netherlands | *Pays-Bas*
telephone | *téléphone*  +31 (70) 363 3303   fax | *télécopieur*  +31 (70) 360 4867
e-mail | *courriel*  secretariat@hcch.net    website | *site web*  http://www.hcch.net

**APERÇU DES RÉPONSES AU QUESTIONNAIRE DE NOVEMBRE 2013 PORTANT SUR LA *CONVENTION DE LA HAYE DU 18 MARS 1970 SUR L'OBTENTION DES PREUVES À L'ÉTRANGER EN MATIÈRE CIVILE OU COMMERCIALE* (CONVENTION PREUVES)**

*établi par le Bureau Permanent*

* * *

**SYNOPSIS OF RESPONSES TO THE QUESTIONNAIRE OF NOVEMBER 2013 RELATING TO THE *HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS* (EVIDENCE CONVENTION)**

*drawn up by the Permanent Bureau*

Ce document n'a pas été traduit. Afin de rendre les réponses facilement accessibles aux experts de la Commission spéciale, celles-ci ont uniquement été compilées telles qu'elles ont été reçues et dans la langue dans laquelle elles ont été reçues. Le Bureau Permanent a apporté quelques corrections mineures au texte à des fins de présentation. Les réponses des États peuvent être consultées dans leur intégralité et dans leur version originale sur l'Espace Preuves du site web de la Conférence de La Haye (à l'adresse < www.hcch.net >, sous la rubrique « Questionnaires & Réponses »), à l'exception de celles de certains États, qui ne figurent ni en ligne, ni dans le présent document. Ces États n'ont pas souhaité voir leur réponse publiée.

Dans ce document, les nombres entre crochets ('[#]') renvoient au nombre d'États concernés par une réponse donnée.

**Une première version de ce document a été établie et publiée sur le site de la Conférence de la Haye le 13 mai 2014. La version actuelle est une mise à jour au 5 août 2014.**

\* \* \*

This document has not been translated. It is a compilation of the responses as they were received to make the responses more readily accessible to experts to the Special Commission. Therefore the responses appear as they were received, in the language in which they were received. The Permanent Bureau has made some minor corrections to the text of responses for presentation purposes. The complete response of each State in its original form is available on the Evidence Section of the Hague Conference website < www.hcch.net > under "Questionnaires & Responses". Responses from States that objected to the publication of their response have not been made available online and are not reproduced in this document.

Throughout this document numbers contained in square brackets ('[#]') refer to the number of relevant responses.

**A first version of this document was prepared and published on the website of the Hague Conference on 13 May 2014. This current version is up to date as to 5 August 2014.**

**TABLE OF CONTENTS**

**RESPONDING STATES AND REGIONAL ECONOMIC INTEGRATION ORGANISATION (REIO):**.............................................................. **6**

**ÉTATS ET ORGANISATION REGIONALE D'INTEGRATION ECONOMIQUE (ORIE) AYANT REPONDU :** ........................................................ **8**

**PART I – QUESTIONS FOR NON-CONTRACTING STATES** ........................ **10**

    **A.**    **Reasons for not being a Contracting State** ............................... **10**

        (1)   Why is your State not a party to the Evidence Convention? ........ 10

    **B.**    **Studying the Evidence Convention** ............................................ **11**

        (2)   Is your State currently studying the Evidence Convention with a view to becoming a Contracting State, or does your State envisage studying it with a view to becoming a Contracting State? ................................................................. 11

    **C.**    **Topics for the agenda of the Special Commission meeting** ........ **12**

        (3)   Are there any specific topics or practical issues that your State would like to have addressed at the Special Commission meeting concerning the Evidence Convention? ........ 12

**PART II – QUESTIONS FOR CONTRACTING STATES** ................................. **13**

    **A.**    **"Evidence Section" of the HCCH Website** .................................. **13**

        (4)   Is the information contained in the practical information chart for your State complete and up-to-date? ................................. 13

        (5)   How useful is the information on the Evidence Section of the HCCH website? ...................................................................... 13

    **B1.**   **Statistics – *incoming* Letters of Request (Chapter I)** ............... **14**

        (6)   How many Letters of Request have been received annually by the Central Authority(ies) of your State? .................................. 14

        (7)   For Letters of Request received in 2012, please complete the following table ....................................................................... 18

    **B2.**   **Statistics – *outgoing* Letters of Request (Chapter I)** ................ **19**

        (8)   How many Letters of Request have been sent annually by the Central Authority(ies) of your State? ...................................... 19

        (9)   Is your State experiencing any problems with the timely execution of Letters of Request sent to other Contracting States? ................................................................................. 22

    **B3.**   **Statistics – use of consuls and commissioners (Chapter II)** ..... **24**

        (10)  Does your State have any data on the taking of evidence under Chapter II? ................................................................... 24

    **C.**    **General appreciation of the Evidence Convention** .................... **25**

        (11)  How does your State rate the general operation of the Convention? ....................................................................... 25

        (12)  Does your State consider there to be any positive or problematic aspects of the operation of the Convention? ........... 26

    **D.**    **Case law and reference work** ................................................... **28**

        (13)  Have any decisions on the interpretation or application of the Evidence Convention been rendered by the judicial authorities of your State since 2009? ...................................... 28

(14) Have any works on the Evidence Convention been recently published in your State that do not already appear on the Evidence Section of the HCCH website (under "bibliography")?......................................................................29

(15) Has your State received or sent any Letters of Request under the Evidence Convention by electronic means (*e.g.*, by fax or e-mail)?................................................................................30

(16) Since 2009, has your State received or sent any Letters of Request requiring or otherwise involving the use of a video-link in their execution? ............................................................32

(17) If your State has not excluded in whole the application of Chapter II, has a video-link been used in your State to take evidence abroad under Chapter II? ..........................................33

(18) Has your State received or sent Letters of Request that expressly requested information stored in digital form (*i.e.*, electronic evidence)?.............................................................34

**F.    Topics for the agenda of the Special Commission meeting........ 35**

(19) Are there any specific topics or practical issues that your State would like to have addressed at the Special Commission meeting concerning the Evidence Convention?........35

**Responding States and Regional Economic Integration Organisation (REIO):**

| States and REIO [53] | Non-Contracting States and REIO [11] |
|---|---|
| 1. Argentina | 1. Belgium |
| 2. Australia | 2. Canada |
| 3. Belgium | 3. El Salvador |
| 4. Bosnia and Herzegovina | 4. European Union[4] |
| 5. Brazil[1] | 5. Honduras[5] |
| 6. Bulgaria | 6. Japan |
| 7. Canada | 7. Malaysia |
| 8. China, People's Republic of | 8. New Zealand |
| 9. China, Hong Kong Special | 9. Panama[7] |
| Administrative Region[2] | 10. Paraguay[8] |
| 10. China, Macao Special | 11. Vietnam |
| Administrative Region[3] | **Contracting States [42]** |
| 11. Croatia | 1. Argentina |
| 12. Cyprus | 2. Australia |
| 13. Czech Republic | 3. Bosnia and Herzegovina |
| 14. Denmark | 4. Brazil[1] |
| 15. El Salvador | 5. Bulgaria |
| 16. Estonia | 6. China, People's Republic of |
| 17. European Union[4] | 7. China, Hong Kong Special |
| 18. Finland | Administrative Region[2] |
| 19. France | 8. China, Macao Special |
| 20. Germany | Administrative Region[3] |
| 21. Honduras[5] | 9. Croatia |
| 22. Hungary | 10. Cyprus |
| 23. Israel | 11. Czech Republic |
| 24. Japan | 12. Denmark |
| 25. Kuwait | 13. Estonia |
| 26. Latvia | 14. Finland |
| 27. Lithuania | 15. France |
| 28. Luxembourg | 16. Germany |
| 29. Malaysia | 17. Hungary |
| 30. Malta[6] | 18. Israel |
| 31. Mexico | 19. Kuwait |
| 32. Monaco | 20. Latvia |
| 33. Netherlands | 21. Lithuania |
| 34. New Zealand | 22. Luxembourg |
| 35. Norway | 23. Malta[6] |
| 36. Panama[7] | 24. Mexico |
| 37. Paraguay[8] | 25. Monaco |
| 38. Poland | 26. Netherlands |
| 39. Portugal | 27. Norway |
| 40. Romania | 28. Poland |
| 41. Russian Federation | 29. Portugal |
| 42. Serbia | 30. Romania |
| 43. Slovakia | 31. Russian Federation |
| 44. Slovenia | 32. Serbia |
| 45. Spain | 33. Slovakia |

[1] At the time of submitting its response, Brazil was a non-Contracting State, however it has since become a Contracting State to the Convention.
[2] Henceforth China (Hong Kong SAR).
[3] Henceforth China (Macao SAR).
[4] The European Commission presented a co-ordinated response (of all 28 of its Member States), from which the suggestions have been incorporated into question No 19.
[5] A response was received from Honduras, however this State objected to all of its response being published on the Hague Conference website.
[6] Malta is awaiting European Union authorisation (by means of a Council Decision) to accede to the Convention.
[7] A response was received from Panama, however this State objected to all of its response being published on the Hague Conference website.
[8] A response was received from Paraguay, however this State objected to all of its response being published on the Hague Conference website.

| | |
|---|---|
| 46.  Sri Lanka | 34. Slovenia |
| 47.  Sweden | 35. Spain |
| 48.  Switzerland | 36. Sri Lanka |
| 49.  Turkey[9] | 37. Sweden |
| 50.  Ukraine | 38. Switzerland |
| 51.  United Kingdom | 39. Turkey[9] |
| 52.  United States of America | 40. Ukraine |
| 53.  Vietnam | 41. United Kingdom |
| | 42. United States of America |

[9] A response was received from Turkey, however this State objected to all of its response being published on the Hague Conference website.

**États et Organisation régionale d'intégration économique (ORIE) ayant répondu :**

| États et ORIE [53] | États non contractants et ORIE [11] |
|---|---|
| 1. Allemagne | 1. Belgique |
| 2. Argentine | 2. Canada |
| 3. Australie | 3. El Salvador |
| 4. Belgique | 4. Honduras[13] |
| 5. Bosnie et Herzégovine | 5. Japon |
| 6. Brésil[10] | 6. Malaisie |
| 7. Bulgarie | 7. Nouvelle-Zélande |
| 8. Canada | 8. Panama[15] |
| 9. Chine, République populaire de | 9. Paraguay[16] |
| 10. Chine, Région administrative spéciale de Hong Kong[11] | 10. Union européenne[18] |
| 11. Chine, Région administrative spéciale de Macao[12] | 11. Viet Nam |

| | États contractants [42] |
|---|---|
| | 1. Allemagne |
| 12. Chypre | 2. Argentine |
| 13. Croatie | 3. Australie |
| 14. Danemark | 4. Bosnie et Herzégovine |
| 15. El Salvador | 5. Bulgarie |
| 16. Espagne | 6. Brésil[10] |
| 17. Estonie | 7. Chine, République populaire de |
| 18. États-Unis d'Amérique | 8. Chine, Région administrative spéciale de Hong Kong[11] |
| 19. Finlande | 9. Chine, Région administrative spéciale de Macao[12] |
| 20. France | 10. Chypre |
| 21. Honduras[13] | 11. Croatie |
| 22. Hongrie | 12. Danemark |
| 23. Israël | 13. Espagne |
| 24. Japon | 14. Estonie |
| 25. Koweït | 15. États-Unis d'Amérique |
| 26. Lettonie | 16. Finlande |
| 27. Lituanie | 17. France |
| 28. Luxembourg | 18. Hongrie |
| 29. Malaisie | 19. Israël |
| 30. Malte[14] | 20. Koweït |
| 31. Mexique | 21. Lettonie |
| 32. Monaco | 22. Lituanie |
| 33. Norvège | 23. Luxembourg |
| 34. Nouvelle-Zélande | 24. Malte[14] |
| 35. Panama[15] | 25. Mexique |
| 36. Paraguay[16] | 26. Monaco |
| 37. Pays-Bas | 27. Norvège |
| 38. Pologne | 28. Pays-Bas |
| 39. Portugal | 29. Pologne |
| 40. République tchèque | 30. Portugal |
| 41. Roumanie | 31. République tchèque |
| 42. Royaume-Uni | 32. Roumanie |
| 43. Russie, Fédération de | 33. Royaume-Uni |
| 44. Serbie | |
| 45. Slovaquie | |

---

[10] Au moment où cette réponse est soumise, le Brésil n'était pas un État contractant à la Convention. Il l'est devenu entre-temps.

[11] Ci-après China (Hong Kong SAR).

[12] Ci-après China (Macao SAR).

[13] Le Honduras a fait parvenir une réponse, mais a refusé qu'elle soit publiée en intégralité sur le site de la Conférence de La Haye.

[14] Malte attend l'autorisation de l'Union européenne (sous la forme d'une décision du Conseil) afin d'adhérer à la Convention.

[15] Le Panama a fait parvenir une réponse, mais a refusé qu'elle soit publiée en intégralité sur le site de la Conférence de La Haye.

[16] Le Paraguay a fait parvenir une réponse, mais a refusé qu'elle soit publiée en intégralité sur le site de la Conférence de La Haye.

| | |
|---|---|
| 46. Slovénie | 34. Russie, Fédération de |
| 47. Sri Lanka | 35. Serbie |
| 48. Suède | 36. Slovaquie |
| 49. Suisse | 37. Slovénie |
| 50. Turquie[17] | 38. Sri Lanka |
| 51. Ukraine | 39. Suède |
| 52. Union européenne[18] | 40. Suisse |
| 53. Viet Nam | 41. Turquie[17] |
| | 42. Ukraine |

---

[17] La Turquie a fait parvenir une réponse, mais a refusé qu'elle soit publiée en intégralité sur le site de la Conférence de La Haye.

[18] La Commission européenne a fait parvenir une réponse coordonnée (pour ses 28 États membres), dont les suggestions sont intégrées à la question No 19.

| Questions & Replies | States |
|---|---|
| **PART I – Questions for non-Contracting States** | |
| **A.  Reasons for not being a Contracting State** | |
| **(1)  Why is your State not a party to the Evidence Convention?** | |
| **The authorities of your State do not see any added value in the Convention (*e.g.,* compared to regimes established under other judicial co-operation treaties) – please specify:** | [1]<br>Japan. |
| Japan: Consular Convention between Japan and the United States of America, Consular Convention between Japan and the United Kingdom of Great Britain and Northern Ireland, and other agreements or arrangements concerning judicial assistance between Japan and countries listed below; Swiss Confederation, Kingdom of Spain, Kingdom of Denmark, Republic of Italy, Democratic Socialist of Sri Lanka, Federal Republic of Brazil, India, Republic of Germany, Islamic Republic of Pakistan, Syrian Arab Republic, Islamic Republic of Iran, State of Kuwait, Kingdom of Thailand and Republic of Iraq. | |
| **The number of cases in your State requiring evidence to be taken abroad has so far been limited and has not required your State to participate in a global regime.** | [0] |
| **There are legal obstacles in the internal legal system of your State that prevent it from joining the Convention – please specify:** | [1]<br>Canada. |
| Canada: The Convention does not include clauses with respect to multi-unit states. Such clauses would allow Canada to extend the application of the Convention only to the provinces and territories that implement the Convention. Without such clauses, the Convention would have to be implemented in all Canadian provinces and territories, which is difficult to achieve. / *La Convention n'inclut pas de clauses pour État à plusieurs unités. De telles clauses permettraient au Canada d'étendre l'application de la Convention seulement aux provinces et territoires qui mettre en œuvre la Convention. Sans ces clauses, la Convention devrait être mise en œuvre par tous les provinces et territoires canadiens, ce qui est plus difficile.* | |
| **There are specific issues arising out of the Convention which dissuade your State from joining the Convention – please explain:** | [0] |
| **Your State does not have the means or resources to properly implement the Convention.** | [0] |
| **Joining the Convention has so far not been studied in detail (see also question 2).** | [2]<br>Malaysia, Vietnam. |
| **Other – please explain:** | [4] |

| | Belgium, Brazil, El Salvador, New Zealand. |
|---|---|

**Belgium:** L'adhésion de la Belgique à cette Convention a été envisagée et une série de travaux préparatoires avaient été réalisés à cette fin. La possibilité pour un État membre de l'Union européenne d'encore devenir Partie à cette Convention est maintenant liée à la question de l'exercice des compétences externes de l'Union.

**Brazil:** None of the above. Please refer to the answer to question (2), below.

**El Salvador:** In El Salvador, the necessary consultations have been sent to the correspondent institutions in order to determine if it is possible or not to become a State Party of this Convention.

**New Zealand:** At the time of the 2008 questionnaire work was underway on the remaining domestic steps toward becoming a party to the Hague Evidence Convention. This work was deferred due to competing priorities, a focus on bilateral arrangements with Australia and resource constraints.

## B. Studying the Evidence Convention

**(2)   Is your State currently studying the Evidence Convention with a view to becoming a Contracting State, or does your State envisage studying it with a view to becoming a Contracting State?**

| | |
|---|---|
| **Yes** | [5] Brazil, El Salvador, Malaysia, New Zealand, Vietnam. |

**Brazil:** The Convention has already been approved by Congress by request of the Ministries of Foreign Affairs and of Justice (Central Authority). The Treaty was sent back to the Government for measures related to the act of ratification and for the expedition of the Presidential Decree.

**El Salvador:** For each international instrument, different time schedules are handled.

**Malaysia:** Still considering the possibility of becoming a party to the Evidence Convention.

**New Zealand:** The legislation necessary for New Zealand to become a party to the Evidence Convention is in place and, as noted above, some further work on the remaining domestic steps was completed in 2008.  However this work was deferred and, at present, New Zealand has no timeline for joining the Convention. Officials intend to seek government approval to resume this work when other priorities allow.

**Vietnam:** The Evidence Convention has been studied by the Supreme People's Court but the timeline for joining the Convention has not been decided yet.

| | |
|---|---|
| **No** | [3] Belgium, Canada, Japan. |

## C. Topics for the agenda of the Special Commission meeting

**(3)** Are there any specific topics or practical issues that your State would like to have addressed at the Special Commission meeting concerning the Evidence Convention?

| | |
|---|---|
| **Yes** | [0] |
| **No** | [8]<br>Belgium, Brazil, Canada, El Salvador, Japan, Malaysia, New Zealand, Vietnam. |

13

## PART II – Questions for Contracting States

### A.   "Evidence Section" of the HCCH Website

**(4)   Is the information contained in the practical information chart for your State complete and up-to-date?**

| | |
|---|---|
| **Yes** | [12]<br>Argentina, China (Hong Kong SAR), Estonia, Lithuania, Monaco, Netherlands, Romania, Russian Federation, Serbia, Sri Lanka, Ukraine, United Kingdom. |
| **No** | [26]<br>Australia, Bulgaria, China, Croatia, Cyprus, Czech Republic, Denmark, Finland, France, Germany, Hungary, Israel, Kuwait, Latvia, Lithuania, Luxembourg, Mexico, Norway, Poland, Portugal, Slovakia, Slovenia, Spain, Sweden, Switzerland, United States of America. |
| **There is no practical information chart** | [2]<br>Bosnia and Herzegovina, China (Macao SAR). |

**(5)   How useful is the information on the Evidence Section of the HCCH website?**

| | |
|---|---|
| **Very Useful** | [18]<br>Argentina, Bulgaria, China, China (Hong Kong SAR), China (Macao SAR), Croatia, Czech Republic, Finland, Kuwait, |

14

| | |
|---|---|
| Useful | Norway, Poland, Portugal, Romania, Serbia, Slovakia, Spain, Sweden, United States of America. [21] |
| | Australia, Bosnia and Herzegovina, Cyprus, Denmark, Estonia, France, Germany, Hungary, Israel, Latvia, Lithuania, Luxembourg, Mexico, Monaco, Netherlands, Russian Federation, Slovenia, Sri Lanka, Switzerland, Ukraine, United Kingdom. [0] |
| Not useful | [0] |
| | Argentina, Germany. [2] |

**Comments/suggestions:**

<u>Germany</u>: Further translation into German.

<u>Argentina</u>: Considering that the execution of letters of request may be refused when the evidence required does not fall within the functions of the judiciary, pursuant article 12, it could be useful if such information can be obtained from the "Practical Information Chart" of each State.

### B1.   Statistics – *incoming* Letters of Request (Chapter I)

**(6)   How many Letters of Request have been received annually by the Central Authority(ies) of your State?**

| **2009** | **2010** | **2011** | **2012** | **2013** | **Total** | |
|---|---|---|---|---|---|---|
| 44* | 39* | 46* | 62* | 59* | 250* | Australia |
| - | - | - | - | 12* | 12* | Bosnia and Herzegovina |
| 4 | 1 | - | 2 | 1 | 8 | Bulgaria |
| 27 | 33 | 365 | 42 | 58 | 525 | China |
| 6 | 4 | 12 | 14 | 15 | 51 | China (Hong Kong SAR) |
| 3 | 5 | 7 | 6 | 2 | 23 | China (Macao SAR) |
| 2 | 2 | 9 | 5 | 1 | 19 | Cyprus |
| 6 | 1 | 7 | 2 | 2 | 18 | Czech Republic |
| 977* | 928* | 1013* | 1470* | 1588* | 5976* | Denmark |
| 0 | 2 | 2 | 3 | 1 | 8 | Estonia |

| Country | | | | | | |
|---|---|---|---|---|---|---|
| Finland | 7 | 14 | 16 | 10 | 20 | 67 |
| France | 154 | 168 | 155 | 135 | 104 | 716 |
| Germany | - | - | - | - | - | 860* |
| Hungary | 2 | 11 | 3 | 1 | 2 | 19 |
| Israel | 86 | 85 | 81 | 68 | 119 | 439 |
| Kuwait | 3 | 1 | 1 | 3 | 2 | 10 |
| Latvia | 0 | 3 | 0 | 0 | 1 | 4 |
| Luxembourg | 3 | 3 | 1 | 4 | 7 | 18 |
| Mexico | - | 12 | 9 | 11 | 17 | 49 |
| Monaco | 2 | 4 | 7 | 3 | 6 | 22 |
| Netherlands | 146 | 137 | 163 | 185 | 201 | 832 |
| Norway | 450* | 550* | 820* | 690* | 670* | 3180* |
| Poland | - | - | 94 | 120 | 139 | 353 |
| Portugal | 15 | 8 | 9 | 19 | 11 | 62 |
| Romania | 10 | 7 | 3 | 6 | 3 | 29 |
| Russian Federation | 7 | 10 | 8 | 11 | 15 | 51 |
| Serbia | - | - | - | 27 | 35 | 62 |
| Slovenia | 4 | - | 2 | - | 1 | 7 |
| Spain | 64 | 113 | 83 | 93 | 56 | 409 |
| Sri Lanka | 3 | 3 | 3 | 3 | 3 | 15 |
| Switzerland | - | - | 800* | 700* | 750* | 2250* |
| Ukraine | 31 | 34 | 27 | 26 | 19 | 137 |
| United Kingdom | 216 | 222 | 189 | 222 | 172 | 1021 |
| United States of America | Total: 477, Re. Conv: 423 | Total: 573, Re. Conv: 529 | Total: 536, Re. Conv: 476 | Total: 559, Re. Conv: 454 | Total: 524, Re. Conv: 472 | Total: 2669, Re. Conv: 2354 |
| TOTAL | 2 695* | 2 929* | 4 411* | 4 397* | 4 564* | 19 856* |
| [27] | | | | | | |

Australia, Bosnia and Herzegovina, China, China (Hong Kong SAR), Czech Republic, Denmark, Estonia, Finland, France, Germany, Hungary, Israel, Kuwait, Latvia, Lithuania, Mexico, Monaco, Norway, Portugal, Serbia, Slovenia, Spain, Sri

*indicates approximate figures only*

**Additional Comments / Letters of Request received from:**

**Australia:** Australia gets the most requests for the taking of evidence from Poland, Portugal and the USA.

**Bosnia and Herzegovina:** Data is not entirely precise because of currently used database.

**China:** Most requests received from the USA.

**China (Hong Kong SAR):** Most requests received from the USA in 2010, 2012 and 2013, and from both the USA and Argentina in 2009 and 2011.

**Czech Republic:** Most requests in each year from the following States: 2013: USA, Ukraine; 2012: Denmark, USA; 2011: Liechtenstein (all related to one case); 2010 & 2009: Switzerland.

16

Lanka, Switzerland, Ukraine, United Kingdom, United States of America.

Denmark: The Danish Ministry of Justice is not in possession of exact statistical information about received requests for service. The numbers mentioned above are the amount of cases registered in the ministry's archives concerning both the Service Convention, the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters and Council Regulation 1348/2000. Also, please note that there might be several requests of service in each case. Furthermore, the Ministry of Justice is not in possession of statistical information on the execution of requests for the taking of evidence, see point 7.

Estonia: Most requests from Belarus and USA.

Finland: Most requests from Russia and Turkey.

France: Les États à l'origine de la majorité des commissions rogatoires sont la Turquie (82 en 2013, 106 en 2012, 121 en 2011, 132 en 2010 et 110 en 2009) et les États-Unis (5 en 2013, 14 en 2012, 11 en 2011, 16 en 2010 et 31 en 2009).

Germany: *Preliminary remark to questions 6 to 8:* In Germany, no official statistics are kept on the frequency and content of requests for mutual assistance pursuant to the Evidence Convention or on the time required to process them. The judicial departments of the Länder, which appoint the Central Authorities for their area of responsibility, have an informal overview, but are only able to provide limited information on content-related aspects of Letters of Request and the time required to process them. The following information is based on their records. It is only of limited informative value. In 2011, most requests were received from Turkey (669 requests).

Hungary: Most requests from Switzerland.

Israel: Most requests from Poland, United States of America.

Kuwait: Most requests United Kingdom, Spain and USA.

Latvia: Most requests from Argentina (2013) and USA (2013).

Lithuania: Approximately 3 letters of requests have been received during the period, from Norway and Ukraine.

Mexico: Most requests from USA.

Monaco: Les États à l'origine de la majorité des commissions rogatoires sont: 2009: Suisse, Autriche; 2010: Argentine, Allemagne, France, Suisse; 2011: Suisse, Argentine, France, Uruguay, Italie; 2012: Brésil, Suisse, Portugal; 2013: Bulgarie, Lettonie, Allemagne.

Norway: Please note that we do not have any official statistical information relating to letters of request pursuant to the Evidence Convention. The numbers above are only based on the Norwegian Ministry of Justice and Public Security's internal registration. The numbers include all rogatory letters in civil and commercial matters, both requests regarding service of documents and taking of evidence, and irrespective of the legal basis for the request (treaty based or not). Approximately 10 % are requests

17

for taking of evidence under the Evidence Convention. Requests from other Nordic states are not included, as they are forwarded directly between the competent judicial authorities in accordance with a Nordic treaty from 1974.

Portugal: Most requests were received from Switzerland for all years.

Russian Federation: Most requests received from Turkey.

Serbia: Most requests received from Germany.

Slovenia: In each year, the requests were from the following States: 2013: Turkey; 2011: Ukraine and Switzerland, 2009: USA, Israel, Argentina.

Spain: Most requests were received from Argentina.

Sri Lanka: The Government of Sri Lanka has also assisted other States under bilateral Mutual Legal Assistance Agreements.

Switzerland: Pas d'informations précises disponibles. L'organisation décentralisée ne permet pas des statistiques précises. Les États à l'origine de ces commissions sont: Allemagne, France, Italie. Autres États concernés: Pays-Bas, Espagne, Autriche, Portugal, Turquie, République Tchèque.

Ukraine: In each year, the following numbers of requests on taking evidence received: 2009: 11 from the Federal Republic of Germany, 8 from the Portuguese Republic; 2010: 16 from the Republic of Poland; 2011: 11 from the Federal Republic of Germany; 2012: 12 from the Federal Republic of Germany; 2013: 7 from the Federal Republic of Germany.

United Kingdom: Most requests received from Turkey, USA and Switzerland.

United States of America: States from which received most requests (for each year). 2009: Argentina, Poland, Germany, Turkey. 2010: Argentina, Turkey, Germany, Poland. 2011: Argentina, Turkey, Germany, Poland. 2012: Argentina, Poland, Turkey, Germany. 2013: Argentina, Poland and Turkey, Germany.

## Unknown / No Specific Data Available

Argentina: Since the 2009 SC Argentina has implemented a statistical system. Nevertheless, due to technical problems, we are not able for the moment to provide the requested information.

Poland: We are not able to provide relevant statistics for 2009 and 2010 because our electronic system contains only data stored since 2011. Most requests were received from USA, Ukraine and Israel.

Slovakia: Aucune donnée statistique n'est disponible.

Sweden: Please see Sweden's opening remark to the 2008 questionnaire: *"The Swedish legislation on the taking of evidence in civil or commercial matters is open in the sense that Swedish authorities can assist authorities from other states without their requests being based on conventions or agreements. Swedish authorities do not ask for declarations of reciprocity. Sweden is of the opinion that efforts should*

[5]
Argentina, Croatia, Poland, Slovakia, Sweden.

18

*be made for good cooperation no matter if the request has been made under a certain convention. Therefore Sweden has no statistics with regard to the number of requests sent or received under a specific convention. Since requests made to Sweden are executed by Swedish courts and not the Ministry of Justice, the Ministry does not have statistics on the measures requested by foreign authorities."*

**(7)  For Letters of Request received in 2012, please complete the following table**

| | Months | | | | | Un-executed | Pending |
|---|---|---|---|---|---|---|---|
| | ≤2 | 2-4 | 4-6 | 6-12 | >12 | | |
| Bulgaria | - | - | 1 | 1 | - | - | - |
| China | - | - | - | 14 | 4 | 13 | 11 |
| China (Hong Kong SAR) | 0 | 0 | 0 | 0 | 0 | 0 | 14 |
| China (Macao SAR) | - | 5 | - | - | 1 | - | - |
| Cyprus | 1 | 3 | 0 | 1 | 0 | 0 | 0 |
| Czech Republic | 1 | 1 | - | - | - | - | - |
| Estonia | - | 2 | - | - | - | - | 1 |
| Finland | 6 | - | - | 1 | 1 | - | - |
| France | 0 | 12 | 30 | 28 | 15 | 13 | 8 |
| Israel | - | - | 2 | 12 | 37 | 1 | 16 |
| Kuwait | - | - | 2 | - | - | 1 | - |
| Luxembourg | - | 2 | 2 | - | - | - | - |
| Mexico | - | 2 | 7 | 2 | 0 | 0 | 0 |
| Monaco | 2 | 1 | - | - | - | - | - |
| Netherlands | 127 | 36 | 18 | 3 | 0 | - | 63 |
| Portugal | 4 | 4 | 3 | 2 | - | - | 6 |
| Russian Federation | 0 | 10 | 3 | 5 | 1 | 7 | 25 |
| Serbia | - | - | 7 | 13 | - | - | 7 |
| Slovenia | 1 | 3 | 1 | 1 | - | - | - |
| Sri Lanka | - | - | 3 | - | - | - | - |
| Switzerland | 620 | 50 | 5 | 15 | 3 | 5 | 1 |
| United Kingdom | - | 222* | - | - | - | - | - |
| United States of America | 3 | 4 | 13 | 86 | 99 | 94 | 160* |
| **TOTAL** | **765*** | **357*** | **99*** | **184*** | **161*** | **134*** | **312*** |

19

*indicates approximate figures only*

**Additional Comments**

France: Les 13 rejets: 10 article 3 *i.e.* pas dans le champ de la convention, 1 article 4 *i.e.* pas de traduction, 1 article 5 *i.e.* pas d'original de la CRI et 1 article 9 *i.e.* difficultés pratiques devant juridictions françaises.

Germany: Majority of requests are executed within 3 months. Also see "preliminary remark" at question 6, above.

Spain: Executed in 12 months.

**Unknown / No Specific Data Available**

Poland: The Polish Central Authority does not gather such statistics.

[3]
France, Germany, Spain.

[14]
Argentina, Australia, Bosnia and Herzegovina, Croatia, Denmark, Hungary, Latvia, Lithuania, Norway, Poland, Romania, Slovakia, Sweden, Ukraine.

**B2.   Statistics – *outgoing* Letters of Request (Chapter I)**

**(8)   How many Letters of Request have been sent annually by the Central Authority(ies) of your State?**

| | 2009 | 2010 | 2011 | 2012 | 2013 | Total |
|---|---|---|---|---|---|---|
| Bosnia and Herzegovina | - | - | - | - | 15* | 15* |
| Bulgaria | 5 | 8 | 4 | 2 | 10 | 29 |
| China | 0 | 1 | 1 | 3 | 2 | 7 |
| China (Hong Kong SAR) | 1 | 1 | 0 | 2 | 2 | 6 |
| China (Macao SAR) | 9 | 11 | 14 | 28 | 15 | 77 |
| Cyprus | 0 | 0 | 0 | 0 | 0 | 0 |
| Czech Republic | 14 | 18 | 28 | 24 | 25 | 109 |
| Estonia | 0 | 1 | 0 | 1 | 8 | 10 |
| Finland | 1 | 0 | 2 | 4 | 2 | 9 |
| France | 5 | 9 | 8 | 7 | 6 | 35 |
| Germany | - | - | - | - | - | 400* |
| Hungary | 15 | 12 | 16 | 20 | 7 | 70 |
| Israel | 3 | 0 | 0 | 1 | 2 | 6 |
| Kuwait | - | 1 | - | - | - | 1 |
| Latvia | 5 | 3 | 5 | 6 | 6 | 25 |

20

| | | | | | | | [21] |
|---|---|---|---|---|---|---|---|
| Mexico | 18 | 31 | 44 | 52 | 61 | 206 | Bosnia and Herzegovina, China, China (Hong Kong SAR), China (Macao SAR), Czech Republic, Estonia, Finland, France, Germany, Hungary, Israel, Latvia, Mexico, Poland, Portugal, Serbia, Slovenia, Spain, Switzerland, Ukraine, United Kingdom. |
| Monaco | 0 | 0 | 0 | 0 | 0 | 0 | |
| Poland | 154 | 146 | 147 | 164 | 160 | 771 | |
| Portugal | 227 | 143 | 211 | 241 | 186 | 1008 | |
| Romania | 18 | 27 | 22 | 71 | 36 | 174 | |
| Serbia | - | - | - | 20 | 16 | 36 | |
| Slovenia | - | - | 1* | 2* | 2* | 5* | |
| Spain | 41 | 44 | 37 | 37 | 38 | 197 | |
| Switzerland | - | - | 160* | 160* | 160* | 480* | |
| Ukraine | 24 | 32 | 94 | 69 | 59 | 278 | |
| United Kingdom | 6 | 4 | 4 | 4 | 10 | 28 | |
| **TOTAL** | 546* | 492* | 798* | 916* | 828* | 3 982* | |

* indicates approximate figures only

**Additional Comments / Letters of Request received from:**

Bosnia and Herzegovina: Data is not entirely precise because of currently used database.

China: Most requests sent to the Republic of Korea.

China (Hong Kong SAR): In each year, most requests received from: 2009: Italy, 2010: Channel Islands, 2011: n/a, 2012: Channel Islands and Switzerland, 2013: Cayman Islands.

China (Macao SAR): Number of requests from the Procuratorate and Primary Court, per year: 2009: 3 (Procuratorate), 6 (Primary Court); 2010: 1 (Procuratorate), 10 (Primary Court), 2011: 3 (Procuratorate), 11 (Primary Court); 2012: 8 (Procuratorate), 20 (Primary Court), 2013: 2 (Procuratorate), 13 (Primary Court).

Czech Republic: There is no special rule for the Czech courts to keep records of cases where the Hague Convention was applied. In the Czech Republic there are 94 courts (district and regional) from which only 67 returned the questionnaires within the time specified, and only 25 of them provided us with the figures mentioned above. Figures quoted are therefore only indicative. Most frequently were outgoing Letters of Request sent each year to: Ukraine, Russian Federation, USA, Switzerland.

Estonia: Most requests sent to USA and Denmark.

Finland: Most requests sent to USA and Switzerland.

France: L'État de destination de la majorité des commissions rogatoires était les États-Unis (1 en 2013, 2 en 2012, 1 en 2010 et 1 en 2009), qui était le seul État où chaque année au moins une demande.

21

Germany: Majority of requests are executed within 3 months. Also see "preliminary remark" at question 6, above. In 2011, most requests were sent to Turkey (104 requests), closely followed by Switzerland (100 requests).

Hungary: Most requests sent to Switzerland and USA.

Israel: Most requests sent to Germany, United States, United Kingdom, Croatia and Switzerland.

Latvia: The most requests were sent to the following States in each year: 2013: Denmark, USA, Australia, Turkey, Norway; 2012: Norway, USA, Denmark, Iceland; 2011: Switzerland, USA, Israel; 2010: Norway; 2009: USA, Norway, Denmark.

Mexico: Most requests sent to the USA.

Poland: Most requests sent to the USA, Norway, Switzerland and Israel.

Portugal: Most requests sent to Switzerland for all years.

Serbia: Most requests sent to Germany.

Slovenia: Slovenian judicial authorities currently keep no separate evidence for the outgoing requests. The data on the outgoing requests are therefore only approximate. Most requests were sent to Argentina and Australia.

Spain: Most requests sent to Argentina.

Switzerland: Pas d'informations précises disponibles. L'organisation décentralisée ne permet pas des statistiques précises. Les États de destination de la majorité de ces commissions sont: Allemagne, Italie, France, États-Unis, Royaume-Uni, Pays-Bas, République Tchèque.

Ukraine: In each year, the following numbers of requests on taking evidence were sent: 2009: 6 to the Federal Republic of Germany, 5 to the State of Israel; 2010: 6 to the State of Israel, 5 to the Federal Republic of Germany; 2011: 35 to the Federal Republic of Germany, 9 to the State of Israel, 9 to the Italian Republic, 6 to the Republic of Poland; 2012: 27 to the Federal Republic of Germany, 8 to the Italian Republic, 6 to the State of Israel; 2013: 22 to the Federal Republic of Germany, 5 to the State of Israel, 4 to the Swiss Confederation.

United Kingdom: Most requests sent to Switzerland and the USA.

## Unknown / No Specific Data Available

Argentina: Since the 2009 SC Argentina has implemented a statistical system. Nevertheless, due to technical problems, we are not able for the moment to provide the requested information.

Australia: Complete statistics on this are unavailable centrally. Judicial authorities are authorised to send requests directly to the Central Authority of the requested State.

Bosnia and Herzegovina: Not entirely precise because of currently used database.

[14]
Argentina, Australia, Bosnia and Herzegovina, Croatia, Denmark, Lithuania, Luxembourg, Netherlands, Norway, Russian Federation,

| | |
|---|---|
| Denmark: The Danish Ministry of Justice and The Danish Court Administration are not in possession of statistical information about outgoing requests. | Slovakia, Sri Lanka, Sweden, United States of America. |
| Lithuania: Judicial authorities are authorised to send requests directly to the Central Authority of requested States. | |
| Luxembourg: Les commissions rogatoires ne transitent pas par le Parquet Général. | |
| Netherlands: District Court The Hague is not the Central Authority for outgoing letters of request. | |
| Norway: We do not have statistics regarding the number of requests sent by the forwarding authorities. | |
| Russian Federation: The Russian Federation has not appointed the Central Authority, Competent Authorities may send Letters of Request straight to the other State. | |
| Slovakia: Aucune donnée statistique n'est disponible. | |
| Sri Lanka: Not received under the HccH Convention. | |
| Sweden: Please see Sweden's opening remark to the 2008 questionnaire: *"The Swedish legislation on the taking of evidence in civil or commercial matters is open in the sense that Swedish authorities can assist authorities from other states without their requests being based on conventions or agreements. Swedish authorities do not ask for declarations of reciprocity. Sweden is of the opinion that efforts should be made for good cooperation no matter if the request has been made under a certain convention. Therefore Sweden has no statistics with regard to the number of requests sent or received under a specific convention. Since requests made to Sweden are executed by Swedish courts and not the Ministry of Justice, the Ministry does not have statistics on the measures requested by foreign authorities."* | |
| United States of America: The U.S. Government does not have information on the number of requests sent from the United States. | |
| **(9)   Is your State experiencing any problems with the timely execution of Letters of Request sent to other Contracting States?** | |
| **Yes** | |
| Argentina: In general terms there are no serious delays, but in some cases the requested States take too long to reply and execute rogatory letters sent from Argentina. We also note that not all the Central Authorities reply to the enquiries regarding the current status of rogatory letters pending of execution. In this respect, we believe that communication between Central Authorities should improve. | [11] Argentina, Czech Republic, Finland, France, Germany, Hungary, Poland, Portugal, Romania, Slovakia, Switzerland. |
| Czech Republic: Especially Letters of Request sent to the USA (very often after the request is sent no further information is provided). We are not sure what the obstacles are, so it is difficult to suggest any solutions. | |

| | No | Unknown |
|---|---|---|
| **Finland:** here have sometimes been long delays in the execution of the Letters of Request. It would be very useful for the requesting authority to receive information (acknowledgment of receipt/ updates) on the status of the proceedings, especially if the execution of the Letter of Request is taking time.<br><br>**France:** Lenteur d'exécution, mais peu de visibilité vu faible nombre de dossiers.<br><br>**Germany:** German courts have to accept that it takes some time to execute a letter of request. However, it is unsatisfactory if enquiries regarding the status of a request that has been pending for several months are not answered, especially as parties will enquire about this.<br><br>**Hungary:** Certain Contracting States do not respond at all. Usually accomplishment of requests takes more time than it would be reasonably necessary.<br><br>**Poland:** Taking of evidence abroad often takes a very long time. Delays occur in the execution of requests and in particular cases without reason.<br><br>**Portugal:** The time for execution of letters of request for the taking of evidence sent to USA and Venezuela is higher (more than a year) than those sent to the other Contracting States.<br><br>**Romania:** Délai de pièces trop long; il est nécessaire de recontacter L'Autorité centrale requise.<br><br>**Slovakia:** Nous continuons d'avoir des problèmes avec les commissions rogatoires envoyées aux États-Unis. Sans exécution et sans information sur l'état d'exécution.<br><br>**Switzerland:** L'exécution des demandes dure souvent beaucoup trop longtemps (jusqu'à 5 ans!). | [21]<br>Australia, Bulgaria, China, China (Hong Kong SAR), China (Macao SAR), Croatia, Cyprus, Estonia, Israel, Kuwait, Latvia, Luxembourg, Mexico, Monaco, Russian Federation, Serbia, Slovenia, Spain, Sri Lanka, Sweden, United Kingdom. | [6]<br>Denmark, Lithuania, Netherlands, Norway, Ukraine, United States of America. |

24

## B3.   Statistics – use of consuls and commissioners (Chapter II)

**(10) Does your State have any data on the taking of evidence under Chapter II?**

| Yes | | [11] |
|---|---|---|
| Incoming | Outgoing | |
| 3 | - | Australia |
| 63 | 4 | France |
| 0 | 16 | Germany |
| 0 | 1 | Hungary |
| 1 | 0 | Netherlands |
| - | 2109 | Poland |
| 0 | 14 | Portugal |
| 1 | - | Slovakia |
| 0 | 2 | Spain |
| 6/an* | 1/an* | Switzerland |
| - | 2013: 9; 2012: 34; 2011: 38; 2010: 51; 2009: 62 | United States of America |
| | | [9]<br>Australia, France, Germany, Poland, Portugal, Slovakia, Spain, Switzerland, United States of America. |

**Additional Comments**

**Australia:** 1 in 2011, 2 in 2012. Incoming requests concerning Art. 15 & 16 evidence taking by diplomatic officer. Australia has not received any requests under Art. 17 for the taking of evidence by Commissioners, however will consider requests under this provision on case-by-case basis. No data available on outgoing requests.

**France:** Affaires entrantes chaque année: 2009: 19; 2010: 3; 2011: 20; 2012: 9, 2013: 12. Affaires sortantes: 2011: 3; 2012: 1.

**Germany:** The zero incoming cases refers to involving German nationals.

**Poland:** The Polish Central Authority does not gather statistics for incoming requests. For outgoing requests, the number per year was as follows: 2009: 419; 2010: 439; 2011: 445; 2012: 423; 2013: 383.

**Portugal:** For outgoing requests, the number per year was as follows: 2009: 5; 2010: 3; 2011:4; 2012: 1; 2013: 1.

**Slovakia:** C'était une demande suisse dans l'affaire de paternité. Il s'agit de la prise de L'ADN.

**Spain:** Involving a Spanish Consul in Miami and a Spanish Consul in Argentina.

25

United States of America: This data is for consuls and not commissioners.

**No**

China (Macao SAR): We didn't receive any requests on the taking of evidence under Chapter II.

Luxembourg: Aucune demande regu.

Sri Lanka: To the best of our knowledge, there are no cases under the HccH Convention.

[7]
Bulgaria, China (Macao SAR), Finland, Israel, Luxembourg, Sri Lanka, United Kingdom.

**Unknown / No Specific Data Available / Not Applicable**

China: All articles reserved except for Article 15.

China (Hong Kong SAR): No information available.

Cyprus: In relation to incoming cases, we are not in a position to know. Regarding outgoing cases, no legal basis or procedure exists in our national legal system.

Denmark: The Danish Ministry of Justice is not in possession of statistical information about the taking of evidence under Chapter II.

Estonia: As Ministry of Justice of Estonia does not make copies from the incoming and outgoing requests, we have no data on the taking of evidence under Chapter II.

Norway: We do not have statistical information about the taking of evidence under Chapter II.

Sweden: Please see Sweden's opening remark to the 2008 questionnaire: "The Swedish legislation on the taking of evidence in civil or commercial matters is open in the sense that Swedish authorities can assist authorities from other states without their requests being based on conventions or agreements. Swedish authorities do not ask for declarations of reciprocity. Sweden is of the opinion that efforts should be made for good cooperation no matter if the request has been made under a certain convention. Therefore Sweden has no statistics with regard to the number of requests sent or received under a specific convention. Since requests made to Sweden are executed by Swedish courts and not the Ministry of Justice, the Ministry does not have statistics on the measures requested by foreign authorities."

[23]
Argentina, Bosnia and Herzegovina, Bulgaria, China, China (Hong Kong SAR), Croatia, Cyprus, Czech Republic, Denmark, Estonia, Kuwait, Latvia, Lithuania, Mexico, Monaco, Netherlands, Norway, Romania, Russian Federation, Serbia, Slovenia, Sweden, Ukraine.

**C.     General appreciation of the Evidence Convention**

**(11) How does your State rate the general operation of the Convention?**

| | |
|---|---|
| **Excellent** | [4]<br>Bulgaria, Croatia, Kuwait, Serbia. |
| **Good** | [27] |

26

| | |
|---|---|
| | Argentina, China, China (Hong Kong SAR), China (Macao SAR), Czech Republic, Estonia, Finland, France, Germany, Israel, Latvia, Lithuania, Luxembourg, Mexico, Monaco, Norway, Poland, Portugal, Romania, Russian Federation, Slovakia, Slovenia, Spain, Sri Lanka, Sweden, Ukraine, United States of America. |
| **Satisfactory** | [7]<br>Australia, Cyprus, Denmark, Hungary, Netherlands, Switzerland, United Kingdom. |
| **Unsatisfactory** | [0] |
| **Unknown** | [1]<br>Bosnia and Herzegovina. |

**(12) Does your State consider there to be any positive or problematic aspects of the operation of the Convention?**

**Yes**

Argentina: Argentina doesn't find significant problems when operating with the Convention. Nevertheless, considering that the execution of a letter of request may be refused when the evidence required does not fall within the functions of the judiciary, pursuant Art. 12, it could be useful if such information can be obtained from the "Practical Information Chart" of each State.

Australia: Requests for pre-trial discoveries are still received despite Australia making a declaration that it will not execute such requests. Insufficient questions or background of the case and/or parties are provided in the Requests: In some cases questions provided with the Letters of Request are very basic and the answers usually lead to more questions that could be asked of the witness. Not enough information in relation to the background of the case or one or both of the parties to the proceedings is provided.

[14]
Argentina, Australia, Czech Republic, Finland, France, Germany, Hungary, Luxembourg, Monaco, Romania, Spain, Switzerland, United Kingdom, United States of America.

27

Czech Republic: When it is not possible to execute a request, such information shall be sent as soon as possible to the requesting authority (it is even required under Art. 13 of Convention but not all Contracting States observe such requirement). When it is not possible to execute a request in a reasonable period of time, the requesting authority shall also be informed (especially if it asks about the state of execution of the request).

Finland: There have sometimes been long delays in the execution of the Letters of Request. It would be very useful for the requesting authority to receive information (acknowledgment of receipt/ updates) on the status of the proceedings, especially if the execution of the Letter of Request is taking time.

France: Des précisions sur les modalités d'intervention du commissaire désigné en application du Chapitre II.

Germany: It is unsatisfactory if enquiries regarding the status of a request that has been pending for several months are not answered.

Hungary: See answer to point (9).

Luxembourg: Il reste des problèmes concernant par ex. l'exécution des vidéoconférences.

Monaco: Obligation des États destinataires d'accuser réception des demandes et des relances d'information.

Romania: La définition de la commission rogatoire n'est pas claire pour tous les pays.

Spain: It's positive.

Switzerland:
- Délai de retour des pièces trop long.
- Le résumé de la procédure, qui doit être joint à la commission rogatoire, n'est souvent pas suffisamment détaillée pour permettre au juge d'apprécier la demande.
- Les demandes d'obtention des preuves (interrogation de témoins) présentées par quelques autorités étrangères conduisent parfois à des mesures d'exécution disproportionnées en Suisse. Il serait préférable d'essayer de procéder à de tels interrogatoires devant le juge d'origine.
- "Traductions" de tellement mauvaise qualité que les documents ne sont pas compréhensibles.

United Kingdom:
- US requests are sometimes not specific enough. We receive a lot of "fishing" requests that do not have specific questions or the scope of documents sought is too wide.
- Requests for documents that are publicly available should be considered by requesting states as they should be obtained without necessarily going through The Hague.
- Requests to research the address on a witness should not be sent as these are rejected as we deem this as being outside the scope of the convention.

| | | |
|---|---|---|
| United States of America: he U.S. Central Authority receives numerous requests that are not executable under the U.S. legal system (e.g., locate decedent's assets). The U.S. Central Authority has had difficulty obtaining clarifications of requests from Requesting Authorities. Also, the Central Authority receives many duplicate requests, and is concerned that Requesting Authorities neglect to withdraw requests that are no longer needed because the litigation has resolved or the evidence has otherwise been obtained. Most recently, the U.S. Central Authority has discovered transmission problems, i.e., problems with mail, both with incoming letters of request and outgoing returns evidence.<br>Separately, the U.S. Department of Justice has encountered problems with the interpretation of "civil or commercial," e.g., recently Swiss court held suit involving United States as party was not a "civil or commercial" matter and, consequently, rejected U.S. district court's letter of request. | | |
| | No | [20]<br>Bulgaria, China (Hong Kong SAR), China (Macao SAR), Croatia, Cyprus, Denmark, Estonia, Israel, Kuwait, Lithuania, Mexico, Poland, Portugal, Russian Federation, Serbia, Slovakia, Slovenia, Sri Lanka, Sweden, Ukraine. |
| | Unknown | [5]<br>Bosnia and Herzegovina, China, Latvia, Netherlands, Norway. |

**D.   Case law and reference work**

**(13) Have any decisions on the interpretation or application of the Evidence Convention been rendered by the judicial authorities of your State since 2009?**

*These jurisprudential developments will be taken into account in the updated Evidence Handbook.*

| | |
|---|---|
| Yes | [9]<br>Argentina, Australia, China, France, Germany, Luxembourg, Portugal, Switzerland, United States of America. |
| No | [16] |

29

|  | |
|---|---|
| **Unknown** | Bosnia and Herzegovina, China (Hong Kong SAR), Croatia, Cyprus, Estonia, Finland, Kuwait, Mexico, Monaco, Netherlands, Romania, Serbia, Slovakia, Spain, Ukraine, United Kingdom. |
| | [14] Bulgaria, China (Macao SAR), Czech Republic, Denmark, Hungary, Israel, Latvia, Lithuania, Norway, Poland, Russian Federation, Slovenia, Sri Lanka, Sweden. |

**(14) Have any works on the Evidence Convention been recently published in your State that do not already appear on the Evidence Section of the HCCH website (under "bibliography")?**

*These reference works will added to the "bibliography" section of the HCCH website and will also be taken into account in the updated Evidence Handbook.*

|  | |
|---|---|
| **Yes** | [6] Argentina, Finland, Germany, Portugal, Switzerland, United States of America. |
| **No** | [18] Bulgaria, China (Macao SAR), Croatia, Cyprus, Denmark, Estonia, France, Israel, Kuwait, Mexico, Monaco, Poland, Romania, Serbia, Slovakia, Slovenia, Sweden, United Kingdom. |
| **Unknown** | [15] Australia, Bosnia and Herzegovina, China, China (Hong Kong SAR), Czech Republic, Hungary, |

| | Latvia, Lithuania, Luxembourg, Netherlands, Norway, Russian Federation, Spain, Sri Lanka, Ukraine. |
|---|---|

## E.  Use of information technology

**(15) Has your State received or sent any Letters of Request under the Evidence Convention by electronic means (*e.g.,* by fax or e-mail)?**

| | |
|---|---|
| **Yes** | |
| **Finland:** In very few cases the Finnish Central Authority has received/sent Letters of Request by fax or by email (a pdf attachment), but the original documents have always followed by mail.<br><br>**Latvia:** No specific information available.<br><br>**United States of America:** The U.S. Central Authority has received two letters of request from Romania (one was sent electronically after inquiries revealed that the hard copy had not been received.) The U.S. Government does not have information concerning whether, or how many, electronic letters of request have been sent from the United States. | [3]<br>Finland, Latvia, United States of America. |
| **No** | |
| **Argentina:** Due to our internal law, Argentine Authorities do not send and do not receive any letters of request by electronic means. Rogatory letters coming from abroad have to be submitted to the judiciary signed in original. Only enquiries regarding the status of a letter of request can be sent or received by electronic means.<br><br>**Australia:** The State of New South Wales would be prepared to act upon Letters of Request received in electronic form.<br><br>**China (Hong Kong SAR):** No precedent cases in this regard.<br><br>**Croatia:** All the Letters of Request should be sent by post.<br><br>**Czech Republic:** Letters of Request sent by e-mail or fax are not accepted, because of the fact that the Request must be supplied with original signature and stamp of the requesting judicial authority. A Letter of Request sent by electronic means will be accepted only in the case that it will be provided with electronic signature, followed with qualified certificate of the electronic signature, which is recognised in the Czech Republic under the EC Directive no. 99/93 ES, or some international treaty, according to the | [33]<br>Argentina, Australia, Bosnia and Herzegovina, Bulgaria, China, China (Hong Kong SAR), Croatia, Cyprus, Czech Republic, Denmark, Estonia, France, Germany, Hungary, Israel, Kuwait, Lithuania, Luxembourg, Mexico, Monaco, Netherlands, Poland, Portugal, Romania, Russian Federation, Serbia, Slovakia, Slovenia, Spain, Sri Lanka, Switzerland, Ukraine, United Kingdom. |

law no. 227/2000 Coll., on electronic signature. We advise the Foreign Authority to contact the Ministry of Justice of the Czech Republic in advance and consult the technical possibilities of the competent court.

Estonia: There is nothing to prevent us from receiving requests by electronic means, but the original documents must follow by regular mail.

Germany: Only enquiries regarding the status of a request are sent by electronic means, as German law requires for "official" electronic communication the provision of an electronic signature.

Israel: Currently, there is no technological platform to process such Letters of Request while ensuring authenticity and security.

Mexico: It is not applicable under Mexican Law.

Monaco: Toutefois, dans la pratique, par télécopie ou par voie électronique, si il y a urgence, pour commencement d'exécution mais il convient que les originaux suivent.

Poland: Due to our domestic regulations, Polish authorities do not send and do not accept requests by electronic means.

Portugal: The requests received under electronic form do not waive the need for delivery of the original documents or the certified documents, in accordance with Portuguese domestic law.

Russian Federation: Questions of safety and validity of the Letters of Request from other countries.

Slovakia: La Slovaquie ne peut pas accepter, actuellement, les commissions rogatoires par voie électronique. Il manque un system de la vérification d'authenticité de la commission rogatoire.

Sri Lanka: We initiate the process on receipt of faxes/e-mails, but will execute the request only upon receipt of a formal request.

Switzerland: Certains cantons accepteraient une telle demande. Réception envisageable par l'intermédiaire d'une plate-forme électronique sécurisée. La plupart des cantons n'accepterait pas de telles demandes.

**Unknown**

China (Macao SAR): No information available.

Sweden: Sweden encourages the use of modern information technology, but no statistics are available. (Opening remark to the 2008 questionnaire: *"The Swedish legislation on the taking of evidence in civil or commercial matters is open in the sense that Swedish authorities can assist authorities from other states without their requests being based on conventions or agreements. Swedish authorities do not ask for declarations of reciprocity. Sweden is of the opinion that efforts should be made for good cooperation no matter if the request has been made under a certain convention. Therefore Sweden has no statistics with regard to the number of requests sent or received under a specific convention. Since requests made*

[3]
China (Macao SAR),
Norway, Sweden.

32

*to Sweden are executed by Swedish courts and not the Ministry of Justice, the Ministry does not have statistics on the measures requested by foreign authorities.")*

**(16) Since 2009, has your State received or sent any Letters of Request requiring or otherwise involving the use of a video-link in their execution?**

**Yes**

Australia: The State of Queensland received two requests from the USA for video-link evidence.   One request was finalised without a video-link and the other is currently pending and has not been finalised.   The State of Western Australia received one request from Sweden for video-link evidence.

China: Several requests from the USA enquired about the use of video-link.

Czech Republic: Once we inquired about the possibility of the use of a video-link in Australia. However, we were informed that the court equipment might be used only for national proceedings, for other purposes we were referred to private providers.

Kuwait: Taking of evidence by video call.

Latvia: No specific information available.

Luxembourg: Demandes reçues presqu'exclusivement du Portugal.

Norway: We do not have any detailed information about the requests received or outgoing requests.

Portugal: Portugal has sent some Letters of Request to Switzerland, USA, Venezuela and Norway, asking for information on the possibility of execution with the use of a video-link, however no execution actually happened, with the exception of the request to Norway.

Russian Federation: A request from Germany to obtain evidence from the witnesses.

Switzerland: Dans deux cantons: très rarement.

United Kingdom: Approximately 3 in total.

United States of America: The U.S. Central Authority has received requests from Germany, Israel, Spain, and Sweden to facilitate 'direct' testimony by video-link.  Those requests were rejected as the Convention provides that letters of request are to be executed by the requested state and not directly by a court in the requesting State.  We have received inquiries, but not requests, from Australia, Portugal, and Switzerland.  The U.S. Government does not have information concerning whether, or how many, letters of request involving the use of a video-link have been sent from the United States.

[14]
Australia, China, Czech Republic, Germany, Kuwait, Latvia, Luxembourg, Norway, Portugal, Russian Federation, Spain, Switzerland, United Kingdom, United States of America.

**No**

Finland: There have not been requests for taking of evidence via video-link under the Hague Evidence Convention (we have had some requests where video-conference has been used under the EU Regulation

[22]
Argentina, Bosnia and Herzegovina, Bulgaria,

| | |
|---|---|
| on Taking of Evidence). The Finnish courts have the technical capabilities for organizing a hearing via video-link. | China (Macao SAR), Croatia, Cyprus, Denmark, Estonia, Finland, France Hungary, Israel, Lithuania, Mexico, Monaco, Poland, Romania, Serbia, Slovakia, Slovenia, Sri Lanka, Ukraine. |
| <u>Unknown</u>
<u>Sweden</u>: Sweden encourages the use of modern information technology, but no statistics are available. (Opening remark to the 2008 questionnaire: *"The Swedish legislation on the taking of evidence in civil or commercial matters is open in the sense that Swedish authorities can assist authorities from other states without their requests being based on conventions or agreements. Swedish authorities do not ask for declarations of reciprocity. Sweden is of the opinion that efforts should be made for good cooperation no matter if the request has been made under a certain convention. Therefore Sweden has no statistics with regard to the number of requests sent or received under a specific convention. Since requests made to Sweden are executed by Swedish courts and not the Ministry of Justice, the Ministry does not have statistics on the measures requested by foreign authorities."*) | [3] China (Hong Kong SAR), Netherlands, Sweden. |
| **(17) If your State has not excluded in whole the application of Chapter II, has a video-link been used in your State to take evidence abroad under Chapter II?** | |
| **Yes**
<u>Australia</u>: The State of Western Australia received one such request where the resident of that State was able to give evidence directly to the Court in Sweden.

<u>Kuwait</u>: To address the competent court to issue a warrant to obtain evidence through a video call.

<u>Switzerland</u>: Interrogatoire d'un étranger dans l'ambassade de son pays d'origine en Suisse, en présence d'un commissionner. Interrogatoire (cross-examination) d'un étranger en Suisse en un lieu neutre, par les représentants des parties en tant que commissionner, les uns se trouvant sur place en Suisse au même endroit que le témoin, les autres par visioconférence à l'étranger. Interrogatoire par visioconférence d'une personne se trouvant en Suisse par un juge étranger lors d'une audience qui a lieu à l'étranger avec les avocats des parties se trouvant également à l'étranger. Aucun obstacle pour la Suisse. Une autorisation est nécessaire, qui sera soumise aux mêmes conditions que les cas «classiques» d'autorisation. Le fait que les parties ne se trouvent pas dans les mêmes locaux implique toutefois qu'une procédure d'identification soit prévue. | [3] Australia, Kuwait, Switzerland. |
| **No** | [25] |

| | |
|---|---|
| Israel: No data is available regarding requests under Chapter II.<br><br>Monaco: Ce mode de preuve n'est pas prévu par la législation monégasque. | Bosnia and Herzegovina, Bulgaria, China (Macao SAR), Croatia, Czech Republic, Denmark, Estonia, Finland, France, Hungary, Israel, Lithuania, Luxembourg, Mexico, Monaco, Netherlands, Poland, Portugal, Romania, Russian Federation, Serbia, Slovakia, Slovenia, Sri Lanka, United Kingdom. |

**Unknown / Not Applicable**

| | |
|---|---|
| China: All articles reserved except for Article 15.<br><br>Sweden: Sweden encourages the use of modern information technology, but no statistics are available. (Opening remark to the 2008 questionnaire: *"The Swedish legislation on the taking of evidence in civil or commercial matters is open in the sense that Swedish authorities can assist authorities from other states without their requests being based on conventions or agreements. Swedish authorities do not ask for declarations of reciprocity. Sweden is of the opinion that efforts should be made for good cooperation no matter if the request has been made under a certain convention. Therefore Sweden has no statistics with regard to the number of requests sent or received under a specific convention. Since requests made to Sweden are executed by Swedish courts and not the Ministry of Justice, the Ministry does not have statistics on the measures requested by foreign authorities."*) | [10]<br>Argentina, China, China (Hong Kong SAR), Cyprus, Germany, Latvia, Norway, Spain, Sweden, Ukraine. |

**(18) Has your State received or sent Letters of Request that expressly requested information stored in digital form (i.e., electronic evidence)?**

**Yes**

| | |
|---|---|
| Australia: We have received requests for documentary evidence to be provided in digital form. For *e.g.* a witness had to produce documentary evidence and x-rays were part of that evidence and they were put onto a disc and sent to the requesting overseas court.<br><br>Czech Republic: In one case the Court has asked for the evidence on the CD, due to the fact that there was a vast documentation regarding the car accident.<br><br>France: Surtout en application du Chapitre II (désignation commissaire).<br><br>Kuwait: A request was received for evidence and to hear testimony via video call. | [7]<br>Australia, Czech Republic, France, Kuwait, Netherlands, Spain, Switzerland. |

35

| | | |
|---|---|---|
| Netherlands: Unknown.<br>Switzerland: Dans de rares cas dans le cadre du chapitre II. | | [31]<br>Argentina, Bosnia and Herzegovina, Bulgaria, China (Hong Kong SAR), China (Macao SAR), Croatia, Cyprus, Denmark, Estonia, Finland, Germany, Hungary, Israel, Latvia, Lithuania, Luxembourg, Mexico, Monaco, Norway, Poland, Portugal, Romania, Russian Federation, Serbia, Slovakia, Slovenia, Sri Lanka, Ukraine, United Kingdom, United States of America. |
| **No**<br><br>Estonia: There are no obstacles.<br><br>Israel: No requests for digital form evidence have been received or sent to date. Any case arising in the future would need to be examined ad hoc, bearing in mind the availability of technological means as well as authenticity and security requirements.<br><br>Norway: We do not have any detailed information about the request received or outgoing requests. | | |
| **Unknown**<br><br>Sweden: Sweden encourages the use of modern information technology, but no statistics are available. (Opening remark to the 2008 questionnaire: *"The Swedish legislation on the taking of evidence in civil or commercial matters is open in the sense that Swedish authorities can assist authorities from other states without their requests being based on conventions or agreements. Swedish authorities do not ask for declarations of reciprocity. Sweden is of the opinion that efforts should be made for good cooperation no matter if the request has been made under a certain convention. Therefore Sweden has no statistics with regard to the number of requests sent or received under a specific convention. Since requests made to Sweden are executed by Swedish courts and not the Ministry of Justice, the Ministry does not have statistics on the measures requested by foreign authorities.")* | | [1]<br>Sweden. |
| **F.    Topics for the agenda of the Special Commission meeting** | | |
| **(19) Are there any specific topics or practical issues that your State would like to have addressed at the Special Commission meeting concerning the Evidence Convention?** | | |
| **Yes** | | [8] |

36

| | Australia, Czech Republic, European Union, France, Germany, Latvia, Slovakia, United States of America. |
| --- | --- |

Australia:

- *Notification requirements*: Australia would support the introduction of a requirement in the Convention obliging the State of Origin to promptly:
  i) notify the State of Execution if the evidence sought in the Request is no longer required, and
  ii) respond to correspondence from the State of Execution and requests for further information.
  Australia queries whether an amendment to article 14 is required to enable Australian authorities to recover costs associated with commencement of evidence taking should the State of Origin fail to notify that the proceedings have settled in time.

- *Video-links*: Provision of video-links in Australia is very costly and issues arise due to the time difference between Australia and the State of Origin. We would appreciate that any amendments to the Convention in relation to the provision of video-links in the execution of Requests would require a corresponding obligation for the State of Origin to pay associated costs.

- *Requests for DNA samples*: The Convention does not provide adequate safeguards with respect to the collection and testing of DNA samples from Australian citizens and residents. In Australia, there are stringent procedures pertaining to the collection and testing of DNA samples, which procedures may not be present in the State of Origin. Australia would support the introduction of a new article that pertains specifically to requests for DNA samples. Further, we consider that obligation to provide a DNA sample should be accompanied by a corresponding obligation on the State of Origin to allow confirmatory testing to occur within the State of Execution.

- *Express recognition of international video-conferencing*: Due to the significant growth in the availability and ease of cross-border video conferencing utilising programs such as Skype, Australia is receiving an increasing number of requests from Australian parties for the consensual taking of evidence via video-link from an overseas party. Currently, the number of these 'video conferencing' requests considerably outnumbers the number of formal evidence requests we receive through the Hague Evidence Convention process. To ensure that the Evidence Convention remains the most preeminent and relevant international tool for facilitating cross-border evidence taking, Australia encourages the Special Commission to consider the possibility of giving this form of evidence taking express recognition in the existing Convention. Australia also encourages the Special Commission to consider the issue of how to deal with cost-implications for judicial authorities in relation to video-conferencing.

- *Transmission of Letters of Request in electronic form*: Australia encourages the Special Commission to give consideration as to the possibility of using electronic methods for the transmission of Letters of Request between requesting authorities and central authorities. The utilisation of electronic methods of transmission for Letters of Request could significantly speed up the processing of evidence requests. The Special Commission's consideration would necessarily involve the potential development of procedures to ensure the authenticity of documents transmitted electronically. Consideration could also be given to allowing central authorities to commence the processing of a request received via electronic methods, as long as within a set time, the relevant central authority also receives a hard copy document from the requesting authority.

- *Comparative research relating to evidence rejections:* Australia would also very much welcome any comparative research into the circumstances under which evidence requests are rejected, and the reasons behind those rejections. Australia is aware of occasions where Evidence Convention requests have been unsuccessful due to their conflict with domestic law, in particular domestic privacy law. It would be useful to see trends or patterns in this area.

Czech Republic: See coordinated answer of the EU.

European Union:

- *The designation of Central Authorities:* The designation of a Central Authority is of vital importance for the smooth operation of all three Conventions. It should therefore be made clear to all acceding States that the Central Authority must be designated at the time of the deposit of the instrument of ratification or accession.

- *The prompt execution of requests:* It would seem useful to continue the discussions on recommendations regarding the prompt execution of requests under the Service and the Evidence Conventions.

- *Use of the Convention to obtain the address of a person:* It is suggested to exchange views on the willingness of the Contracting States to accept and process requests for information about the address of a person under the Convention. Information about such acceptance could be provided on the website of the Hague Conference.

- *Difficulties encountered as regards the execution of letters of request:* Some Member States have reported difficulties in certain Contracting States, among them the United States of America, as regards the execution of letters of request. It is suggested to address this practical issue with a view to finding solutions which will allow for the smooth operation of the Convention in all Contracting States.

France:
1. Intérêt à préciser les modalités d'intervention du Commissaire désigné en application du chapitre II.
2. Question de l'opportunité du recours à la Convention de la Haye de 1970 dans des situations où le juge du for pourrait obtenir la même preuve directement auprès d'une partie / Situations dans lesquelles la Convention sur l'obtention des preuves est utilisée alors qu'il semble que le juge du for souhaite authentifier un document, donc pourrait utiliser les conventions prévues à cet effet, et notamment la Convention Apostille de 1961.

Germany: The designation of Central Authorities only after the convention enters into force is too late. The designation ought to take place as early as possible.

Latvia: Aspects of the determination of the place of residence under the scope of the Convention.

Slovakia: Voir la réponse de la Commission européenne.

United States of America:
- Strongly encouraging the inclusion of e-mail addresses in Letters of Request.

38

| | | |
|---|---|---|
| - Using e-mail for communications between Central Authorities and between Central Authorities and Requesting Authorities.<br>- Avoiding multiple/duplicate submissions.<br>- Interpretation of "civil and commercial," where sovereign is a party to litigation. | **No** | [32]<br>Argentina, Bosnia and Herzegovina, Bulgaria, China, China (Hong Kong SAR), China (Macao SAR), Croatia, Cyprus, Denmark, Estonia, Finland, Hungary, Israel, Kuwait, Lithuania, Luxembourg, Mexico, Monaco, Netherlands, Norway, Poland, Portugal, Romania, Russian Federation, Serbia, Slovenia, Spain, Sri Lanka, Sweden, Switzerland, Ukraine, United Kingdom. |