# EXHIBIT 102

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC and CONVERSE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Maria WU et al.<br><br>Defendants. | Case No. 13 Civ. 8012 (CM) |

**NON-PARTY INDUSTRIAL AND COMMERCIAL BANK OF CHINA LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA *DUCES TECUM***

Pursuant to rule 45 of the Federal Rules of Civil Procedure ("FRCP"), non-party Industrial and Commercial Bank of China Limited ("ICBC") hereby submits this response (the "Response") to Plaintiff Next Investment, LLC's subpoena *duces tecum* to ICBC, dated November 30, 2017 (the "Subpoena"), which was served on Industrial and Commercial Bank of China Limited, New York Branch ("ICBC-NY"). Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Subpoena.

## RESERVATION OF RIGHTS

This Response is made without waiving or intending to waive any confidence, privilege or immunity, and while preserving, *inter alia*: (i) all objections and/or questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose, with regard to documents produced in response to the requests in the Subpoena (the "Requests"), at any hearing or at trial; (ii) the right to object on any ground at any time to a demand for further

response to these or any other discovery requests; and (iii) the right at any time to revise or supplement this Response as necessary and appropriate.

## **GENERAL OBJECTIONS**

The following general objections apply to each Definition, Instruction and Request contained in the Requests and shall have the same force and effect as if fully set forth in response to each individual Request.

1. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they purport to impose obligations beyond those required by the FRCP and the laws of this jurisdiction, and to the extent that they seek documents beyond those permitted by the FRCP and the laws of this jurisdiction.

2. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they purport to impose obligations that would conflict with the laws of another foreign state, including the laws of the People's Republic of China.

3. ICBC objects to each Request on the ground and to the extent that compliance with the same would be unduly burdensome, impose undue hardship on ICBC, or would result in the expenditure of unnecessary time and resources.

4. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they seek documents and information that are not within ICBC's possession, custody, and control.

5. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that the Requests call for the production of documents and information by parties that are not subject to the jurisdiction of this Court. ICBC is not subject to general personal jurisdiction in New York (see Daimler v. Bauman, 134 S. Ct. 746 (2014); Gucci Am.,

Inc. v. Weixing Li, 768 F.3d 122 (2d Cir. 2014)).  Furthermore, plaintiff has not established a sufficient basis for the exertion of specific personal jurisdiction over ICBC.

6. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they purport to require ICBC to conduct anything beyond a reasonable and diligent search for readily accessible files, including electronically stored information, from readily accessible sources where responsive documents reasonably would be expected to be found.  ICBC further objects to the extent that the Requests purport to require it to search for and produce documents that are not centrally maintained.

7. ICBC may seek reimbursement for reasonable expenses associated with the production of any requested documents, to the extent permitted under FRCP 45 and the laws of this jurisdiction.

8. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they are overbroad, unduly burdensome, vague, cumulative, duplicative, confusing, ambiguous, and/or intended to harass.  ICBC further objects to each Request to the extent that it does not define a term used therein and where the lack of such a definition has rendered the Request vague, ambiguous, uncertain or difficult to understand.

9. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they call for the production of documents that relate to matters not relevant to plaintiff's efforts to enforce the Final Judgment in the above-captioned proceeding and are not reasonably calculated to lead to the discovery of admissible evidence.

10. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, common interest privilege, attorney work product doctrine, or any other applicable

privilege, protection or immunity from disclosure, including under foreign law ("**Privileged Information**").  ICBC will not disclose any Privileged Information in response to any Request. By providing this Response to the Requests, ICBC does not waive or intend to waive its attorney-client privilege or any other applicable privilege, doctrine or immunity protecting Privileged Information from disclosure.  Accordingly, any inadvertent disclosure of any Privileged Information by ICBC shall not constitute a waiver of any such privilege, immunity or protection from disclosure.

11. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they call for the production of information or documents that relate to or contain proprietary or confidential, personal, private or sensitive business information, trade secrets, competitively sensitive information or private consumer financial information belonging to ICBC or to the extent that ICBC is prohibited from disclosing such documents or information pursuant to contract or applicable law.

12. ICBC objects to each Request and to each Definition and Instruction in the Requests to the extent that they seek information that is already in Plaintiff's possession, custody or control, including because it was already produced in the above-captioned proceeding by other parties, that is otherwise in the public domain, or that can be obtained from another source that is equally available to Plaintiff, more convenient, or less burdensome.

13. Nothing in this Response shall be construed as an admission by ICBC concerning the admissibility or relevance of any topic or document referenced in the Requests, nor an admission by ICBC that any document(s) or information responsive to any Request exist(s) or an admission by ICBC of the truth or accuracy of any characterization or assertion contained in the Requests.

14. ICBC's failure to object to the Requests on any particular ground(s) shall not be construed as a waiver of its right to object on that ground or any additional ground(s) at any time hereafter.

15. ICBC responds to the Requests pursuant to, subject to, and without waiving the General Objections, which are hereby incorporated into each of the individual responses and objections, and therefore need not be specifically repeated in such response or objection. No specific response or objection to any individual Request is a waiver of any of the General Objections, nor does any specific objection to a particular Request in any way limit the application of the General Objections to that particular Request.

16. ICBC hereby reserves the right to supplement and/or amend this Response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. ICBC objects to the Definition No. 1 of "Accounts" as overbroad and unduly burdensome to the extent that the bank accounts identified as belonging to the Judgment Debtors as set forth in Exhibit 3 to the Judgment, Attachment 4 to the Order, and Attachment B to the Subpoena are not maintained at ICBC-NY and therefore not accessible to personnel at ICBC-NY.

2. ICBC objects to Definition No. 5 of "Communication" as overbroad and unduly burdensome to the extent that this definition purports to impose obligations beyond those required by Rule 26.3(c)(1) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the FRCP.

3. ICBC objects to Definition No. 7 of "Document" or "Documents" as overbroad and unduly burdensome to the extent that this definition purports to impose obligations beyond those required by Rule 26.3(c)(1) of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York and FRCP 34(a)(1)(A).

4. ICBC objects to Definition No. 9 of "Judgment Debtors" as overbroad and unduly burdensome to the extent that the term purports to encompass all "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates" of the judgment debtor. ICBC cannot identify all individuals and entities associated with the judgment debtor.

5. ICBC objects to Instruction No. 2 as overbroad and unduly burdensome in that it purports to require ICBC to produce documents in its possession, custody, or control, or in the possession, custody, or control of its "principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf."

6. ICBC objects to Instruction No. 8 as overbroad and unduly burdensome to the extent that the time period for which plaintiff requests account information extends beyond the time period for which ICBC is required to maintain account records under the applicable laws and regulations.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1: All documents and internal or external communications concerning Judgment Debtors or Judgment Debtors' accounts, including, without limitation, all letters, emails, phone messages and notes of discussions with Judgment Debtors or any representative or purported representative of Judgment Debtors, and credit checks or investigations performed on Judgment Debtors or their principals.**

See General Objections and Objections to Definitions and Instructions. ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC also objects to this Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information belonging to all 636 Judgment Debtors identified in Attachment F to the Subpoena. Plaintiff has provided no

evidence to show that all of the Judgment Debtors identified in Attachment F to the Subpoena maintain accounts at ICBC.  Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information.  Additionally, many of the Judgment Debtor names are common Chinese names and without additional identifying information, ICBC faces the risk of disclosing confidential customer information relating to non-Judgment Debtor customers.  For the foregoing reasons, ICBC will not produce documents in response to this Request.

**REQUEST NO. 2: Any and all documents containing contact information associated with each of Judgment Debtors' accounts, including but not limited to names, authorized signatures, mailing and e-mail addresses, and telephone and facsimile numbers.**

See General Objections and Objections to Definitions and Instructions.  ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC also objects to this Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information belonging to all 636 Judgment Debtors identified in Attachment F to the Subpoena.  Plaintiff has provided no evidence to show that all of the Judgment Debtors identified in Attachment F to the Subpoena maintain accounts at ICBC.  Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information.  Additionally, many of the Judgment Debtor names are common Chinese names and without additional identifying information, ICBC faces the risk of disclosing confidential customer information relating to non-Judgment Debtor customers.  For the foregoing reasons, ICBC will not produce documents in response to this Request.

**REQUEST NO. 3: Any and all documents relating to and any and all credit card transactions processed in connection with purchases from Judgment Debtors or Judgment**

**Debtors' websites, as set forth in Attachment E, which reflects the complete list of websites identified in the Judgment and the Order.**

See General Objections and Objections to Definitions and Instructions. ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC further objects to this Request as overly broad and unduly burdensome to the extent that the Request requires ICBC search for, collect, and produce documents and information pertaining to credit card transactions connected with all 2361 website addresses identified in Attachment E to the Subpoena. Plaintiff has provided no documents or evidence to show that the all of the websites identified in Attachment E to the Subpoena are websites for which ICBC has processed credit card transactions in connection with the sale of counterfeit goods. Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information. For the foregoing reasons, ICBC will not produce documents in response to this Request.

**REQUEST NO. 4: Any and all documents concerning any other accounts at ABC held by the owners of the accounts listed in Attachment B.**

See General Objections and Objections to Definitions and Instructions. ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

Subject to and without waiver of the foregoing objections, ICBC states that pursuant to the agreement reached between ICBC and plaintiff's counsel during their December 13, 2017 meet and confer teleconference, ICBC-NY has searched its New York branch records for documents and information relating to the bank accounts identified in Attachment B to the

Subpoena and located no documents or information relating to these accounts or records of wire transfers directed to these accounts.  ICBC-NY searched its records from January 1, 2011 to the present.

**REQUEST NO. 5: All documents associated with any open or closed checking, savings, money market accounts, or any other accounts, and certificates of deposit held in the name of any of the Judgment Debtors, including but not limited to any deposits or accounts of the names listed in Attachment F, which reflects the complete list of names and aliases identified in the Judgment and the Order and the email addresses listed in Attachment G, which reflects the complete list of email addresses identified in the Judgment and Order, including but not limited to:**

> a. **Account opening documents, including signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business.**
> b. **Bank statements or account statements.**
> c. **Cancelled checks (both sides).**
> d. **Deposit tickets and deposited items (both sides of items, including ATM and direct deposits).**
> e. **Withdrawal slips or receipts.**
> f. **ATM withdrawals and point of sale debits.**
> g. **Credit and debit memos.**
> h. **Telephonic transfer slips.**
> i. **Wire transfer records.**
> j. **Any and all other documentation no specifically requested that relates to the deposit, withdrawal, or transfer or funds into, out of, or between any of Judgment Debtors' accounts.**

See General Objections and Objections to Definitions and Instructions.  ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC also objects to this Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information belonging to all 636 Judgment Debtors identified in Attachment F to the Subpoena.  Plaintiff has provided no evidence to show that all of the Judgment Debtors identified in Attachment F to the Subpoena maintain accounts at ICBC.  Accordingly, compliance with the Request would not only be

onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information.  Additionally, many of the Judgment Debtor names are common Chinese names and without additional identifying information, ICBC faces the risk of disclosing confidential customer information relating to non-Judgment Debtor customers.

ICBC further objects to the Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information pertaining to all 778 email addresses listed in Attachment G to the Subpoena.  Plaintiff has provided no documents or evidence to show that all of these email addresses are connected to Judgment Debtors who maintained accounts at ICBC.  Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information.  For the foregoing reasons, ICBC will not produce documents in response to this Request.

**Request No. 6: All documents concerning any open or closed loans or mortgage relating to any of the Judgment Debtors, including but not limited to:**

    a.    **Loan applications.**

    b.    **Loan ledger sheets.**

    c.    **Copies of loan disbursement documents.**

    d.    **Copies of loan repayment documents.**

    e.    **Loan correspondence files.**

    f.    **Credit reports and ratings.**

    g.    **Copies of notes or other instruments reflecting the obligation to pay.**

    h.    **Copies of any documents reflecting security for any bank loans.**

    i.    **Copies of annual interest paid statements.**

    j.    **Copies of loan amortization statements.**

    k.    **Any other supporting documentation not specifically requested, including but not limited to financial statements, Federal or State tax returns,**

>    **schedules of assets and liabilities along with applicable bank verifications, and loan officer notes.**

See General Objections and Objections to Definitions and Instructions.  ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC also objects to this Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information belonging to all 636 Judgment Debtors identified in Attachment F to the Subpoena.  Plaintiff has provided no evidence to show that all of the Judgment Debtors identified in Attachment F to the Subpoena maintain accounts at ICBC.  Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information.  Additionally, many of the Judgment Debtor names are common Chinese names and without additional identifying information, ICBC faces the risk of disclosing confidential customer information relating to non-Judgment Debtor customers.  For the foregoing reasons, ICBC will not produce documents in response to this Request.

**Request No. 7: All documents relating to any cashier's, bank, or traveler's checks and money orders purchased by any of the Judgment Debtors, including but not limited to:**
>    a.   **Any documents used to purchase checks or money orders.**
>    b.   **Any documents reflecting negotiation of the checks and/or money orders.**
>    c.   **Applications for any negotiable instruments.**
>    d.   **Any other supporting documentation not specifically requested.**

See General Objections and Objections to Definitions and Instructions.  ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC also objects to this Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information belonging to all 636 Judgment Debtors identified in Attachment F to the Subpoena.  Plaintiff has provided no

evidence to show that all of the Judgment Debtors identified in Attachment F to the Subpoena maintain accounts at ICBC. Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information. Additionally, many of the Judgment Debtor names are common Chinese names and without additional identifying information, ICBC faces the risk of disclosing confidential customer information relating to non-Judgment Debtor customers. For the foregoing reasons, ICBC will not produce documents in response to this Request.

**Request No. 8: All wire transfer documents and files relating to any of the Judgment Debtors, including but not limited to:**

    a.    **Documents relating to requests for authorization to wire funds, including but not limited to, any wires to or from ABC Accounts.**
    b.    **Documents relating to Fedwire, SWIFT, or other documents reflecting the transfer of funds to, from, or on behalf of the Judgment Debtors or the owners of the ABC Accounts, which show the beneficiary of such transfer, destination bank, and account number.**
    c.    **Documents relating to any wire transfers to or from Judgment Debtors' Accounts effectuated through any of ABC clearing accounts maintained in the state of New York.**
    d.    **Documents reflecting the source of funds for a wire into any of Judgment Debtors' accounts, including but not limited to documents containing the name of the bank or entity originating the wire transfer, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred.**
    e.    **Documents reflecting the disposition of a wire transfer.**
    f.    **Notes, memoranda or other writings relating to the sending or receiving of wire transfers.**
    g.    **Any other supporting documentation not specifically requested.**

See General Objections and Objections to Definitions and Instructions. ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC also objects to this Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information belonging to all 636 Judgment Debtors identified in Attachment F to the Subpoena. Plaintiff has provided no

evidence to show that all of the Judgment Debtors identified in Attachment F to the Subpoena maintain accounts at ICBC.  Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information.  Additionally, many of the Judgment Debtor names are common Chinese names and without additional identifying information, ICBC faces the risk of disclosing confidential customer information relating to non-Judgment Debtor customers.

Subject to and without waiver of the foregoing objections, ICBC states that pursuant to the agreement reached between ICBC and plaintiff's counsel during their December 13, 2017 meet and confer teleconference, ICBC-NY has searched its branch records for documents and information pertaining to the bank accounts identified in Attachment B to the Subpoena, which are purportedly connected to the Judgment Debtors, and located no records of wire transfers directed to these accounts.  ICBC-NY searched its records from January 1, 2011 to the present. ICBC-NY has not produced information relating to correspondent accounts maintained in other financial institutions in New York because ICBC-NY does not have access to correspondent accounts maintained by other branches and affiliates of the bank outside ICBC-NY.

**Request No. 9:   All documents relating to any Currency Transaction Reports and Suspicious Activity Reports concerning any of the Judgment Debtors, including but not limited to:**

    **a.**    **Copies of Currency Transaction Reports, by individual or entity.**
    **b.**    **Copies of Suspicious Activity Reports filed on the entity and supporting documentation for these reports.**
    **c.**    **Any other supporting documentation not specifically requested.**

See General Objections and Objections to Definitions and Instructions.  ICBC objects to this Request because there exists no factual or legal basis for the Court's exercise of personal jurisdiction over ICBC.

ICBC also objects to this Request as overbroad and unduly burdensome to the extent that the Request requires ICBC to search for, collect, and produce information belonging to all 636 Judgment Debtors identified in Attachment F to the Subpoena. Plaintiff has provided no evidence to show that all of the Judgment Debtors identified in Attachment F to the Subpoena maintain accounts at ICBC. Accordingly, compliance with the Request would not only be onerous and unduly burdensome (if even possible) for ICBC, but is also not likely to lead to the discovery of responsive information. Additionally, many of the Judgment Debtor names are common Chinese names and without additional identifying information, ICBC faces the risk of disclosing confidential customer information relating to non-Judgment Debtor customers.

ICBC further objects to this Request as vague and ambiguous because the terms "Currency Transaction Reports" and "Suspicious Activity Reports" are undefined and plaintiff has provided no further explanation as to the types of documents that it means by this Request. For the foregoing reasons, ICBC will not produce documents in response to this Request.

Dated: January 17, 2018

By: */s/ Paul B. Carberry*
Paul B. Carberry
Jacqueline L. Chung
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: pcarberry@whitecase.com
jacqueline.chung@whitecase.com

*Attorneys for Industrial and Commercial Bank of China Limited*

## **CERTIFICATE OF SERVICE**

I, Jacqueline L. Chung, hereby certify that copies of the foregoing Non-party Industrial and Commercial Bank of China Limited's Responses and Objections to Plaintiff's Subpoena *Duces Tecum* were caused to be served on January 17, 2018 upon the following persons via email and first class mail.

Robert Weigel (rweigel@gibsondunn.com)
Howard S. Hogan (hhogan@gibsondunn.com)
Lauren M. L. Nagin (lnagin@gibsondunn.com)
Alexandra Leigh Grossbaum (agrossbaum@gibsondunn.com)
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193

*Attorneys for Plaintiff Next Investments, LLC*

*/s/ Jacqueline L. Chung*
Jacqueline L. Chung