# EXHIBIT 125

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert Weigel
Direct: +1 212.351.3845
Fax: +1 212.351.5236
RWeigel@gibsondunn.com

November 30, 2017

VIA FIRST CLASS AND ELECTRONIC MAIL

Richard De Palma
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Richard.DePalma@thompsonhine.com

Re:   Nike, Inc. and Converse Inc. v. Wu et al., No. 2013 Civ. 8012 (S.D.N.Y.)

Dear Mr. De Palma:

I am writing to follow-up to the letter we sent to you on October 26, 2017 in response to the email we received from you on behalf of Bank of China ("BOC"), dated October 20, 2017.

Since we have not heard back from you since our last correspondence, and the deadline to produce documents under the Final Order, entered into by Judge McMahon on October 20, 2017 (the "Final Order"), has long passed, I write to confirm that BOC intends to comply with the discovery provisions in the Final Order and search and produce "all documents and records in [your] possession, custody or control, whether located in the U.S. or abroad, relating to any financial accounts . . . held by, associated with, or utilized [by] the Judgment Debtors, their officers, directors, agents, employees, representatives, successor or assigns, and all persons acting in concert or participation with any of them." Final Order ¶ 9. As such, please confirm that BOC has searched its records, both domestic and abroad, for any and all information related to the use of New York-based correspondent accounts as they relate to the bank accounts and wire transactions we have previously identified.

As set forth in my October 26 letter, BOC is required, under the law of this Circuit, to search all of its records, both domestic and abroad, for the information requested. *See Gucci America, Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 96 (S.D.N.Y. 2015) (compelling the production of records despite fact that the information Plaintiffs "seeks is physically located in China, not New York" as "the separate entity rule [does] not bar[] enforcement [of a subpoena]; rather, only personal jurisdiction" is necessary). For the reasons set forth in Judge Sullivan's opinion in the *Weixing Li* case, we are confident that a Court would once again find it has personal jurisdiction over BOC and compel BOC to produce the required documents.

GIBSON DUNN

November 30, 2017
Page 2

Please let us know if you will accept service of the attached subpoena on behalf of BOC respectfully, by Wednesday, December 6th. If you will not accept service we will simply serve in the ordinary course.

If you would like to further discuss any of these issues, we would be amenable to a meet and confer.

Sincerely,

Robert Weigel