# EXHIBIT 127

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NIKE, INC. AND CONVERSE INC.,

          Plaintiffs,

v.

WU, et al.,

          Defendants.

---------------------------------------------------------------x

Case No: 2013 Civ. 8012 (SAS)

**BANK OF CHINA LTD., NEW YORK BRANCH'S
RESPONSES AND OBJECTIONS TO REQUESTS BY PLAINTIFFS TO
PRODUCE DOCUMENTS AND INFORMATION**

Pursuant to the Federal Rules of Civil Procedure and this Court's Order dated October 10, 2017 (the "Order"), Bank of China Ltd., New York Branch ("BOCNY"), hereby sets forth its responses and objections to Plaintiffs' Requests for Documents and Information ("Requests") allegedly based upon the Order of this Court, as follows:

Bank Of China makes these Responses and Objections without waiving any rights, arguments, positions or defenses, including but not limited to lack of personal jurisdiction. Bank Of China also reserves the right to revise, supplement, or correct these Responses and Objections, and also reserves its right to apply for any costs, including all applicable attorneys' fees, incurred in responding to and complying with the Requests.

Without waiver of any of the objections set forth herein, Bank Of China is prepared to meet and confer with Plaintiff's counsel concerning Plaintiff's requests and Bank Of China's objections.

## GENERAL OBJECTIONS

1. Bank Of China objects to the Requests on the grounds that Bank of China Limited is not subject to the jurisdiction of this Court.

2. Bank Of China objects to the Requests to the extent they seek to compel the production of documents or information located outside of the United States. To the extent Plaintiff wishes to obtain such documents or information, it must proceed through the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Convention)." See *Tiffany (NJ) LLC, et al. v Forbe, et al.*, No. 11 Civ. 4976 (NRB) (2012 WL 1918866) (S.D.N.Y. May 23, 2012).

3. Bank Of China objects to each Request to the extent they seek information not within the possession, custody or control of Bank Of China.

4. Bank Of China objects to the Requests to the extent that they are vague and ambiguous.

5. Bank Of China objects to the Requests to the extent such Requests seek to impose burdens on Bank Of China beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.

6. Bank Of China objects to the Requests, including the Definitions and Instructions and each specific Request therein, to the extent they are unduly burdensome upon Bank Of China, and to the extent any obligation is imposed upon Bank Of China to search for and produce non-privileged documents and information located within the United States, Petitioner must pay the reasonable costs of search and production consistent with the schedule contained in 12 CFR 219.3 (See http://ecfr.gpoaccess.gov/cgi/t/text/text-idx?c=ecfr&sid=fdf20850c426d594ded3363eec3ebe4e&rgn=div8&view=text&node=12:2.0.1.1.

20.1.8.3&idno=12).

7.  Bank Of China objects to the Requests to the extent they may call for the location, restoration, or search of electronically stored information (including but not limited to electronic communications, computer files and/or data, or similar information) because any such request is unduly burdensome, costly and time-consuming to a third party.

8.  Bank Of China objects to the Requests to the extent they purport to require the preservation, search, and/or production of electronically stored information that is not stored on Bank Of China's active systems, but is stored on systems, backup tapes and other media that are no longer part of its normal business operations. Because of the cost associated with searching, preserving and accessing these data sources, Bank Of China, a non-party, will not preserve and/or search the above-described electronically stored information sources in response to the Requests.

9.  Bank Of China objects to the Requests, including each specific Request therein, to the extent that it seeks the production of documents or information protected from discovery by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, the right to privacy, or any other applicable privilege, protection or immunity, and the inadvertent production of any information or document shall not constitute a waiver in whole or in part of any privilege, doctrine, or objection.

10. Bank Of China objects to the Requests, including each specific Request therein, to the extent it seeks documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil

laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

11.  Bank Of China objects to the Requests, including each specific Request therein, to the extent that it seeks the production of confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents, the probative value of which is outweighed by the interest of Bank Of China or of any employee, client or customer of Bank Of China in preserving the confidentiality thereof.

12.  Bank Of China objects to the Requests, including each specific Request therein, to the extent that it calls for the production of documents that are or information that is publicly available or could be sought from the parties to the above-captioned matters or other sources that are more convenient and appropriate, and less burdensome and expensive.

13.  Bank Of China objects to the Requests and to the service of the Order to the extent Plaintiffs purport to assert a right to freeze assets outside the United States, because the Order cannot freeze assets located outside the United States, particularly within the People's Republic of China.

## RESPONSES AND SPECIFIC OBJECTIONS

Bank Of China incorporates each of the foregoing General Objections into its Specific Objections to each Request. No Specific Objection is intended to waive any General Objection.

**REQUEST:** [A]ll documents and records relating to:

a.  the Additional Websites and any other websites registered by Judgment Debtors, including the identities of the individuals or entities that registered and operated the Additional Websites;

b.  the manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling of Counterfeit Products by Judgment Debtors, their

officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them;

c. the identities of any and all credit card processing agencies, merchant acquiring banks, or other financial institutions responsible for processing credit card, debit card, or other forms of financial transactions for the Additional Websites;

d. the identities and addresses of Judgment Debtors, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, including without limitation, identifying information associated with the Additional Websites;

e. payments made to or by Judgment Debtors in exchange for goods or services provided by or to Judgment Debtors, including information sufficient to identify the recipient and beneficiary of such payment;

f. identifying information, including full account numbers;

g. account opening documents, including account applications, signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business;

h. all deposits and withdrawals and any supporting documentation, including deposit slips, withdrawal slips, cancelled checks (both sides), and periodic account statements;

i. all wire transfers into the financial accounts, including documents sufficient to identify the source of transferred funds, such as documents reflecting the name of bank or entity from which the funds originated, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred; and

j. all wire transfers out of the financial accounts, including documents sufficient to identify the destination of the transferred funds, such as documents reflecting the name of the beneficiary of such transfer, the identity of the beneficiary's bank, and the beneficiary's full account number.

**RESPONSE:**

Bank Of China restates and incorporates herein by reference the General Objections set forth above. Specifically, and without waiving any of the foregoing General Objections, Bank Of China also objects to the Requests on the ground that Bank Of China Limited is not subject to

the general or specific personal jurisdiction of the Court. In addition, Bank Of China further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information. Bank Of China further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous and capable of multiple interpretations, and is overbroad and unduly burdensome. Bank Of China further objects to the Requests on the grounds that they are unduly burdensome. Bank Of China objects to each of the Requests as unnecessarily overly broad and unduly burdensome, and seeking to impose burdens on Bank Of China beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules. In addition, further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, Bank Of China states that it has made a diligent search of its U.S. data and information systems ("BOCUSA Systems") containing information for Bank of China New York Branch, New York Chinatown/Queens Branch, Chicago Branch and Los Angeles Branch (collectively as "BOCUSA"), and based upon said search:

(i) Bank of China has no accounts in the United States implicated by the Order or the Requests.

- 7 -

    (ii)  Bank of China will produce responsive, non-privileged documents in the care, custody, or control of BOCUSA, if any, at a mutually agreeable time, place and manner.

Dated: New York, New York.           THOMPSON HINE LLP
       October 20, 2017

                                         Richard De Palma
                                         335 Madison Avenue, 12th Floor
                                         New York, New York 10017
                                         Telephone: 212 908-3969
                                         Facsimile: 212 344-6101
                                         email: richard.depalma@thompsonhine.com

                                         Attorneys for Bank Of China Limited,
                                                  New York Branch