# EXHIBIT 128

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

NIKE, INC. AND CONVERSE INC.,

        Plaintiffs,

v.

WU, et al.,

        Defendants.

-------------------------------------------------------------x

Case No: 2013 Civ. 8012 (CM)

## NON-PARTY BANK OF CHINA LIMITED, NEW YORK BRANCH'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, non-party Bank of China Ltd., New York Branch ("BOCNY"), hereby sets forth its responses and objections to Plaintiffs' Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action dated December 7, 2017 (the "Subpoena"), as follows:

BOCNY makes these Responses and Objections without waiving any rights, arguments, positions or defenses, including but not limited to lack of personal jurisdiction over Bank of China Limited.  BOCNY also reserves the right to revise, supplement, or correct these Responses and Objections, and also reserves its right to apply for any costs, including all applicable attorneys' fees, incurred in responding to and complying with the Subpoena.

Without waiver of any of the objections set forth herein, BOCNY is prepared to meet and confer with Plaintiffs' counsel concerning Plaintiffs' requests and BOCNY's objections.

## GENERAL OBJECTIONS

1.     BOCNY objects to the Subpoena on the grounds that Bank of China Limited is not subject to the jurisdiction of this Court.

2.     BOCNY objects to the Subpoena and each request contained therein ("Request(s)") to the extent they seek to compel the production of documents or information located outside of the United States.  To the extent Plaintiff wishes to obtain such documents or information, it must proceed through the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Convention)."  See *Tiffany (NJ) LLC, et al. v Forbe, et al.*, No. 11 Civ. 4976 (NRB) (2012 WL 1918866) (S.D.N.Y. May 23, 2012).

3.     BOCNY objects to each Request to the extent they seek information not within the possession, custody or control of BOCNY.

4.     BOCNY objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, on the ground that they lacks any reasonable definition of the information being sought, are vague, ambiguous and capable of multiple interpretations. Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon identified Chinese language Characters, which BOCNY's system cannot do.

5.     BOCNY objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, on the ground that they lacks any reasonable definition of the information being sought, are vague, ambiguous and capable of multiple interpretations. Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in

and/or identifiable through BOCNY's computer systems based upon identified email addresses/website addresses, which BOCNY's system cannot do.

6.     BOCNY objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, on the ground that they lacks any reasonable definition of the information being sought, are vague, ambiguous and capable of multiple interpretations. Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY unable to determine or verify any matches.

7.     BOCNY objects to the Subpoena, including each specific Request therein, to the extent that it seeks to impose on BOCNY searches based upon search term words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action.

8.     BOCNY objects to the Requests to the extent such Requests are overbroad and unduly burdensome and thereby seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.

9.     BOCNY objects to the Subpoena, including the Definitions and Instructions and each specific Request therein, to the extent they are unduly burdensome upon BOCNY, and to the extent any obligation is imposed upon BOCNY to search for and produce non-privileged documents and information located within the United States, Plaintiffs must pay the reasonable costs of search and production consistent with the schedule contained in 12 CFR 219.3  (See

http://ecfr.gpoaccess.gov/cgi/t/text/text-idx?c=ecfr&sid=fdf20850c426d594ded3363eec3ebe4e&rgn=div8&view=text&node=12:2.0.1.1.20.1.8.3&idno=12).

10.     BOCNY objects to the Requests to the extent they may call for the location, restoration, or search of electronically stored information (including but not limited to electronic communications, computer files and/or data, or similar information) because any such request is unduly burdensome, costly and time-consuming to a third party.

11.     BOCNY objects to the Requests to the extent they purport to require the preservation, search, and/or production of electronically stored information that is not stored on BOCNY's active systems, but is stored on systems, backup tapes and other media that are no longer part of its normal business operations.  Because of the cost associated with searching, preserving and accessing these data sources, BOCNY, a non-party, will not preserve and/or search the above-described electronically stored information sources in response to the Requests.

12.     BOCNY objects to the Subpoena, including each specific Request therein, to the extent that it seeks the production of documents or information protected from discovery by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, the right to privacy, or any other applicable privilege, protection or immunity, and the inadvertent production of any information or document shall not constitute a waiver in whole or in part of any privilege, doctrine, or objection.

13.     BOCNY objects to the Subpoena, including each specific Request therein, to the extent it seeks documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, (ii) domestic or foreign bank confidentiality laws, data

protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

14.     BOCNY objects to the Subpoena, including each specific Request therein, to the extent that it seeks the production of confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents, the probative value of which is outweighed by the interest of BOCNY or of any employee, client or customer of BOCNY in preserving the confidentiality thereof.

15.     BOCNY objects to the Subpoena, including each specific Request therein, to the extent that it calls for the production of documents that are or information that is publicly available or could be sought from the parties to the above-captioned matters or other sources that are more convenient and appropriate, and less burdensome and expensive.

16.     BOCNY objects to the Subpoena and to the service of the Court's Order to the extent Plaintiffs purport to assert a right to freeze assets outside the United States, because the Order cannot freeze assets located outside the United States, particularly within the People's Republic of China.

17.     BOCNY's Responses and Objections to the Subpoena are based on a reasonable investigation by BOCNY and reflect BOCNY's current understanding with respect to the Requests.  BOCNY's Responses and Objections are set forth herein without prejudice to its right to assert additional objections or supplemental responses should BOCNY discover additional information or grounds for objections.  BOCNY reserves the right to supplement or amend these responses at any time.

<u>**RESPONSES AND SPECIFIC OBJECTIONS**</u>

BOCNY incorporates each of the foregoing General Objections into its Specific Objections to each Request.  No Specific Objection is intended to waive any General Objection.

**REQUEST:**

1.      All documents and internal or external communications concerning Judgment Debtors or Judgment Debtors' accounts, including, without limitation, all letters, emails, phone messages and notes of discussions with Judgment Debtors or any representative or purported representative of Judgment Debtors, and credit checks or investigations performed on Judgment Debtors or their principals.

<u>**RESPONSE:**</u>

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.   Specifically,  the  Subpoena  and  its  Definitions,  Instructions  and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

(i)      Chinese language Characters, which BOCNY's system cannot do;

(ii)     email addresses/website addresses, which BOCNY's system cannot do;

(iii)    Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese

characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

(iv)    generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.  In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that it has made a diligent search of its U.S. data and information systems ("BOCUSA Systems") containing information for Bank of China Limited, New York Branch, New York Chinatown/Queens Branch, Chicago Branch and Los Angeles Branch (collectively as "BOCUSA"), and based upon said search:

(i)  BOCUSA has no accounts in the United States implicated by the Order, the Subpoena

or the Requests; and

(ii)    BOCUSA, in its capacity as intermediary bank, has identified responsive wire transfer records, and BOCNY will produce such responsive, non-privileged documents in the care, custody, or control of BOCUSA at a mutually agreeable time, place and manner.

**REQUEST:**

2.    Any and all documents containing contact information associated with each of Judgment Debtors' accounts, including but not limited to names, authorized signatures, mailing and e-mail addresses, and telephone and facsimile numbers.

**<u>RESPONSE:</u>**

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.   Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

(i)      Chinese language Characters, which BOCNY's system cannot do;

(ii)     email addresses/website addresses, which BOCNY's system cannot do;

(iii)    Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese

characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

(iv)    generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.  In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that it has made a diligent search of its U.S. BOCUSA Systems and based upon said search:

(i)  BOCUSA has no accounts in the United States implicated by the Order, the Subpoena or the Requests.

**REQUEST:**

3.      Any and all documents relating to any and all credit card transactions processed in connection with purchases from Judgment Debtors or Judgment Debtors' websites, as set forth in Attachment E, which reflects the complete list of websites identified in the Judgment and the Order.

**RESPONSE:**

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.    Specifically,  the  Subpoena  and  its  Definitions,  Instructions  and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

(i)      Chinese language Characters, which BOCNY's system cannot do;

(ii)      email addresses/website addresses, which BOCNY's system cannot do;

(iii)      Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

(iv)      generic names and words that are too vague or common to elicit responses which

- 10 -

were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.  In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that it has made a diligent search of its U.S. BOCUSA Systems and based upon said search:

(i)  BOCUSA has identified no documents or information responsive to this Request.

**REQUEST:**

4.      Any and all documents concerning any other accounts at BOC held by the owners of the accounts listed in Attachment B.

<u>**RESPONSE:**</u>

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or

specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.  Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

    (i)     Chinese language Characters, which BOCNY's system cannot do;

    (ii)    email addresses/website addresses, which BOCNY's system cannot do;

    (iii)   Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

    (iv)   generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.  In addition, BOCNY further

objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that it has made a diligent search of its U.S. BOCUSA Systems and based upon said search:

(i)   BOCUSA has no accounts in the United States implicated by the Order, the Subpoena or the Requests.

**REQUEST:**

5.     All documents associated with any open or closed checking, savings, money market accounts, or any other accounts, and certificates of deposit held in the name of any of the Judgment Debtors, including but not limited to any deposits or accounts of the names listed in Attachment F, which reflects the complete list of names and aliases identified in the Judgment and the Order and the email addresses listed in Attachment G, which reflects the complete list of email addresses identified in the Judgment and the Order, including but not limited to:

a.     Account opening documents, including signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business.

b.     Bank statements or account statements.

c.     Cancelled checks (both sides).

d.     Deposit tickets and deposited items (both sides of items, including ATM and direct deposits).

e.     Withdrawal slips or receipts.

      f.     ATM withdrawals and point of sale debits.

      g.     Credit and debit memos.

      h.     Telephonic transfer slips.

      i.     Wire transfer records.

      j.     Any and all other documentation not specifically requested that relates to the deposit, withdrawal, or transfer of funds into, out of, or between any of Judgment Debtors' accounts.

**RESPONSE:**

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.  Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

      (i)     Chinese language Characters, which BOCNY's system cannot do;

      (ii)     email addresses/website addresses, which BOCNY's system cannot do;

      (iii)     Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding

Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

(iv)    generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.  In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that it has made a diligent search of its U.S. BOCUSA Systems and based upon said search:

(i)    BOCUSA has no accounts in the United States implicated by the Order, the Subpoena or the Requests; and

(ii)    BOCUSA, in its capacity as intermediary bank, has identified responsive wire transfer records, and BOCNY will produce such responsive, non-privileged documents in the

care, custody, or control of BOCUSA at a mutually agreeable time, place and manner.

**REQUEST:**

6.      All documents concerning any open or closed loans or mortgages relating to any of the Judgment Debtors, including but not limited to:

a.      Loan applications.

b.      Loan ledger sheets.

c.      Copies of loan disbursement documents.

d.      Copies of loan repayment documents.

e.      Loan correspondence files.

f.      Credit reports and ratings.

g.      Copies of notes or other instruments reflecting the obligation to pay.

h.      Copies of any documents reflecting security for any bank loans.

i.      Copies of annual interest paid statements.

j.      Copies of loan amortization statements.

k.      Any other supporting documentation not specifically requested, including but not limited to financial statements, Federal or State tax returns, schedules of assets and liabilities along with applicable bank verifications, and loan officer notes.

**RESPONSE:**

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable

definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.    Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

(i)      Chinese language Characters, which BOCNY's system cannot do;

(ii)     email addresses/website addresses, which BOCNY's system cannot do;

(iii)    Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

(iv)     generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.   In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data

protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that it has made a diligent search of its U.S. BOCUSA Systems and based upon said search:

(i)  BOCUSA has identified no documents or information responsive to this Request.

**REQUEST:**

7.      All documents relating to any cashier's, bank, or traveler's checks and money orders purchased by any of the Judgment Debtors, including but not limited to:

a.      Any documents used to purchase checks or money orders.

b.      Any documents reflecting negotiation of the checks and/or money orders.

c.      Applications for any negotiable instruments.

d.      Any other supporting documentation not specifically requested.

**<u>RESPONSE:</u>**

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.    Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents

- 18 -

and information contained in and/or identifiable through BOCNY's computer systems based upon:

    (i)      Chinese language Characters, which BOCNY's system cannot do;

    (ii)     email addresses/website addresses, which BOCNY's system cannot do;

    (iii)    Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

    (iv)    generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.  In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General

Objection, BOCNY states that it has made a diligent search of its U.S. BOCUSA Systems and based upon said search:

 (i)  BOCUSA has identified no documents or information responsive to this Request.

**REQUEST:**

 8. All wire transfer documents and files relating to any of the Judgment Debtors, including but not limited to:

  a. Documents relating to requests for authorization to wire funds, including but not limited to, any wires to or from BOC Accounts.

  b. Documents relating to Fedwire, SWIFT, or other documents reflecting the transfer of funds to, from, or on behalf of the Judgment Debtors or the owners of the BOC Accounts, which show the beneficiary of such transfer, destination bank, and account number.

  c. Documents relating to any wire transfers to or from Judgment Debtors' Accounts effectuated through any of BOC clearing accounts maintained in the state of New York.

  d. Documents reflecting the source of funds for a wire into any of Judgment Debtors' accounts, including but not limited to documents containing the name of the bank or entity originating the wire transfer, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred.

  e. Documents reflecting the disposition of a wire transfer.

  f. Notes, memoranda or other writings relating to the sending or receiving of wire transfers.

  g. Any other supporting documentation not specifically requested.

**<u>RESPONSE:</u>**

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting

personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations. Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

(i)     Chinese language Characters, which BOCNY's system cannot do;

(ii)    email addresses/website addresses, which BOCNY's system cannot do;

(iii)   Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

(iv)    generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.  In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable

(i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that it has made a diligent search of its U.S. BOCUSA Systems and based upon said search:

(i)  BOCUSA has no accounts in the United States implicated by the Order, the Subpoena or the Requests; and

(ii)  BOCUSA, in its capacity as intermediary bank, has identified responsive wire transfer records, and BOCNY will produce such responsive, non-privileged documents in the care, custody, or control of BOCUSA at a mutually agreeable time, place and manner.

**REQUEST:**

9.      All documents relating to any Currency Transaction Reports and Suspicious Activity Reports concerning any of the Judgment Debtors, including but not limited to:

a.      Copies of Currency Transaction Reports, by individual or entity.

b.      Copies of Suspicious Activity Reports filed on the entity and any supporting documentation for these reports.

c.      Any other supporting documentation not specifically requested.

**<u>RESPONSE:</u>**

BOCNY restates and incorporates herein by reference the General Objections set forth above.  Specifically, and without waiving any of the foregoing General Objections, BOCNY also objects to the Requests on the ground that Bank Of China Limited is not subject to the general or specific personal jurisdiction of the Court.  In addition, BOCNY further objects to the Requests on the grounds that they seeks information containing, referring to, relating to and/or constituting

- 22 -

personal, confidential or proprietary information.

BOCNY further objects to the Requests on the ground that they lack any reasonable definition of the information being sought, is vague, ambiguous, and capable of multiple interpretations.   Specifically, the Subpoena and its Definitions, Instructions and attachments/exhibits seek to impose obligations upon BOCNY to make searches for documents and information contained in and/or identifiable through BOCNY's computer systems based upon:

    (i)    Chinese language Characters, which BOCNY's system cannot do;

    (ii)    email addresses/website addresses, which BOCNY's system cannot do;

    (iii)    Chinese "pinyin" (i.e., Chinese names provided as Romanized of Chinese characters), which are not standardized and have multiple possible corresponding Chinese characters, and therefore, without further identifying information, BOCNY is unable to determine or verify any matches; and

    (iv)    generic names and words that are too vague or common to elicit responses which were reasonably calculated to be related to the instant action or "defendants."

With respect to each of these items, BOCNY is willing to meet and confer to determine whether Plaintiffs possess sufficient additional information to permit a reasonably useful search based upon such pinyin and other generic words.

BOCNY further objects to the Requests on the grounds that they are overly broad and unduly burdensome, and seek to impose burdens on BOCNY beyond those permitted by the Federal Rules of Civil Procedure, and applicable Local Rules.   In addition, BOCNY further objects to the Requests to the extent they seek documents that are or information that is privileged or otherwise protected or prohibited from disclosure pursuant to applicable

- 23 -

(i) domestic or foreign banking privileges or bank regulatory laws and regulations, including but not limited to the Bank Secrecy Act (ii) domestic or foreign bank confidentiality laws, data protection laws, civil procedure laws, or similar laws, (iii) domestic or foreign criminal or civil laws (including privacy laws); or (iv) contractual or other private duties of confidentiality.

Subject to and without waiving the foregoing Specific Objections or any General Objection, BOCNY states that the information requested is or would be protected from disclosure by the Bank Secrecy Act, and other relevant laws.

Dated: New York, New York.          THOMPSON HINE LLP
       January 8, 2018

_____
Richard De Palma
335 Madison Avenue, 12th Floor
New York, New York 10017
Telephone: 212 908-3969
Facsimile:  212 344-6101
email:  richard.depalma@thompsonhine.com

Attorneys for Bank Of China Limited,
           New York Branch