# Exhibit 9

# 中华人民共和国
# 湖北省武汉市中级人民法院
# 民 事 裁 定 书

（2015）鄂武汉中民商外初字第 00026 号

申请人：刘利，女，汉族，1979 年 6 月 15 日出生，住湖南省岳阳市岳阳楼区湖滨农垦集团公司一分场宿舍 90 号。

委托诉讼代理人：陈观林，湖南金球律师事务所律师。

被申请人：陶莉，女，汉族，1986 年 11 月 6 日出生，住湖北省武汉市江汉区唐家墩路 15 号武汉菱角湖万达广场 B.C 区 7 栋 4 层 A 室。

委托诉讼代理人：陈航，湖北山河律师事务律师。

被申请人：童武，男，汉族，1977 年 9 月 12 日出生，住湖北省武汉市江汉区唐家墩路 15 号武汉菱角湖万达广场 B.C 区 7 栋 4 层 A 室。

委托诉讼代理人：陈航，湖北山河律师事务律师。

申请人刘利与被申请人陶莉、童武申请承认和执行外国法院民事判决一案，本院于 2015 年 10 月 19 日受理后，依法组成合议庭，于 2015 年 12 月 25 日、2016 年 3 月 15 日组织听证会对该申请进行了审查。申请人刘利和其委托诉讼代理人陈观林，被申请人陶莉、童武的共同委托诉讼代理人陈航到庭参加听证会。本案现已审查终结。

申请人刘利申请称：申请人与被申请人于 2013 年 09

年 22 日签订股权转让协议，被申请人以 150000 美元的价格将其在美国 JIAJIAMANAGEMENTINC50%股权转让给申请人。在申请人依约支付 125000 美元后，被申请人携款潜逃。申请人在当地报警未果后依法向美国加利福尼亚州洛杉矶县高等法院提起诉讼，该院于 2015 年 7 月 24 日作出第 EC062608 号判决，判令被申请人返还申请人 125000 美元及审判前（2013 年 9 月 25 日至 2015 年 5 月 25 日）利息 20818 美元和审判成本 1674 美元，总共 147492 美元。该判决已经生效，被申请人未按判决履行。被申请人现居住在湖北省武汉市江汉区唐家墩路 15 号武汉菱角湖万达广场 B.C 区 7 栋 4 层 A 室并有可供执行的财产。美国法院作出的 EC062608 号判决不违反我国法律的基本原则和国家主权、安全、社会利益，为维护申请人的合法权益，特请求裁定：1、承认美国加利福尼亚州洛杉矶县高等法院第 EC062608 号判决在中华人民共和国境内具有法律效力；2、依美国加利福尼亚州洛杉矶县高等法院第 EC062608 号判决内容强制被申请人给付申请人 125000 美元及审判前（2013 年 9 月 25 日至 2015 年 5 月 25 日）利息 20818 美元和审判成本 1674 美元，总共 147492 美元，计人民币 940040.26 元（以 2015 年 9 月 12 日汇率）和 2015 年 5 月 25 日至执行终结前的逾期利息；3、由被申请人承担本案执行费用。

被申请人陶莉和童武陈述意见称，1、美国加利福尼亚

州洛杉矶县高等法院第 EC062608 号判决在中华人民共和国境内不具有法律效力，被申请人在美国法院诉讼时并未接到参加诉讼的通知；2、申请人与被申请人所签订的《股权转让协议》真实、合法、有效，被申请人不应当向申请人返还股权转让价款。为此，请求驳回申请人的申请。

经审查认定：被申请人陶莉与申请人刘利于 2013 年 9 月 22 日在美国签订《股权转让协议》一份，约定陶莉将其持有的在美国加利福尼亚州注册登记的 JIAJIAMANAGEMENTINC50%股权转让给刘利。刘利先后在 2013 年 9 月 22 日、9 月 25 日向被申请人付款 12.5 万美元。被申请人童武系被申请人陶莉的丈夫，申请人刘利提交的童武银行账户信息显示其银行账户在 2013 年 9 月 14 日至 10 月 16 日期间有 12.5 万美元的进账。后申请人刘利以两被申请人利用虚假股权转让事由获取其 12.5 万美元钱款为由，在 2014 年 7 月 17 日向美国加利福尼亚州洛杉矶县高等法院提起诉讼，案件编号 EC062608。2014 年 10 月 7 日，美国 Rolan 送达公司就被申请人陶莉、童武在美国境内的个人信息、联系地址等出具调查报告。申请人刘利在美国的委托律师按调查报告所载两被申请人地址邮寄送达诉讼资料未果。2015 年 1 月 8 日，美国加利福尼亚州洛杉矶县高等法院法官 WilliamD.Stewart 作出公告命令，决定该案相关传票、通知通过在《圣盖博谷论坛》

（SANGABRIELVALLEYTRIBUNE）上刊登公告方式送达。该送达公告随后于 2015 年 1 月 15 日、1 月 22 日、1 月 29 日和 2 月 5 日连续四次在《圣盖博谷论坛》上刊登。2015 年 7 月 24 日，加利福尼亚州洛杉矶县高等法院法官 WilliamD.Stewart 作出缺席判决，该法庭认为两被申请人已按程序收到传票，而未出庭回应申请人之起诉，构成缺席。因此，法庭就本案所涉事项判决被申请人陶莉和童武连带偿还申请人刘利 12.5 万美元并承担判决前利息 20818 美元（自 2013 年 9 月 25 日至 2015 年 5 月 25 日，按日息 34.24 美元计算），且应支付费用 1674 美元，判决金额共计 147492 美元。申请人刘利在美国的委托律师在判决当日就上述判决办理了判决登记通知手续。申请人提交的《首例中国法院判决在美国得到承认与执行案》（载《中国法律期刊》2010 年 1 月）报道记载，湖北省高级人民法院作出的湖北葛洲坝三联实业股份有限公司、湖北平湖旅游船有限公司诉美国罗宾逊直升机有限公司产品侵权纠纷案民事判决，已获美国法院承认与执行。

本院认为：

本案系申请承认和执行外国法院判决纠纷案件。《中华人民共和国民事诉讼法》第二百八十一条规定，外国法院作出的发生法律效力的判决、裁定，需要中华人民共和国人民法院承认和执行的，可以由当事人直接向中华人民共

和国有管辖权的中级人民法院申请承认和执行，也可以由外国法院依照该国与中华人民共和国缔结或者参加的国际条约的规定，或者按照互惠原则，请求人民法院承认和执行。第二百八十二条规定，人民法院对申请或者请求承认和执行的外国法院作出的发生法律效力的判决、裁定，依照中华人民共和国缔结或者参加的国际条约，或者按照互惠原则进行审查后，认为不违反中华人民共和国法律的基本原则或者国家主权、安全、社会公共利益的，裁定承认其效力，需要执行的，发出执行令，依照本法的有关规定执行。违反中华人民共和国法律的基本原则或者国家主权、安全、社会公共利益的，不予承认和执行。本案中，被申请人陶莉、童武在湖北省武汉市内拥有房产，本院作为被申请人财产所在地和经常居住地法院，对本案依法享有管辖权。

　　申请人刘利在向本院递交申请承认和执行申请书时，已向本院提交经证明无误的美国加利福尼亚州洛杉矶县高等法院作出的编号 EC062608 判决副本及中文译本，符合申请承认和执行外国法院判决的形式要件。因美国同我国之间并未缔结也未共同参加相互承认和执行民事判决的国际条约，申请人的申请应否予以支持应依据互惠关系原则进行审查。经审查，申请人提交的证据已证实美国有承认和执行我国法院民事判决的先例存在，可以认定双方之间存

在相互承认和执行民事判决的互惠关系。同时，上述美国加利福尼亚州洛杉矶县高等法院判决系对申请人与被申请人之间有关股权转让的合同关系作出，承认该民事判决并不违反我国法律的基本原则或者国家主权、安全、社会公共利益。对两被申请人辩称的未接到美国法院参加诉讼通知的辩称理由，经审查，上述判决中已明确记载该案判决系缺席判决，且申请人已向本院提交了对被申请人进行调查、法院准许公告送达命令、报纸刊登的送达公告等证明文件，可以确定美国加利福尼亚州洛杉矶县高等法院已对两被申请人进行了合法传唤，对两被申请人的该项辩称理由不予支持。对两被申请人主张的有关《股权转让协议》真实、合法、有效，不应当向申请人返还股权转让价款的辩称主张，因本案属于司法协助案件，并不涉及对双方实体权利义务关系的审查，在相关美国法院已就此作出判决的情况下，对被申请人的该项辩称主张本院亦不予以支持。因此，对申请人提出承认和执行美国法院判决的请求，本院予以支持。对申请人主张的 2015 年 5 月 25 日美国法院判决日至执行终结前的逾期利息，不属于申请承认和执行外国法院判决的范畴，本案中不予支持。

经合议庭评议，依照《中华人民共和国民事诉讼法》第一百五十四条第一款第（十一）项、第二百八十一条、第二百八十二条，《最高人民法院关于适用〈中华人民共和

国民事诉讼法〉的解释》第五百四十三条第一款、第五百四十六条第一款的规定，裁定如下：

一、承认并执行美国加利福尼亚州洛杉矶县高等法院第 EC062608 号判决；

二、驳回申请人刘利的其他请求。

本案申请费人民币 100 元，由被申请人陶莉、童武负担。

审判长　　赵千喜

审判员　　余　杰

审判员　　熊艳红

二〇一七年六月三十日

书记员　　徐　蕾

People's Republic of China

Hubei Wuhan Intermediate People's Court

# Civil Ruling

(2015) E'WuhanZhongMinShangWaiChuZi No. 00026

**Claimant:** Liu Li, female, Han nationality, was born on June 15, 1979, and is domiciled at Dormitory No. 90 of Lakeside Farming Group Company, Yueyanglou District, Yueyang City, Hunan Province, PR China.

Represented by: Attorney Chen Guanlin, Hunan Jinqiu Law Firm.

**Respondent:** Tao Li, female, Han nationality, was born on November 6, 1986, and is domiciled at Room A, 4th Floor, Building #7, Block B.C, Wuhan Lingjiao Lake Wanda Plaza, No. 15 Tangjiadun Road, Jianghan District, Wuhan, Hubei Province, PR China.

Represented by: Attorney Chen Hang, Hubei Shanhe Lawyers.

**Respondent:** Tong Wu, male, Han nationality, was born on September 12, 1977, and is domiciled at Room A, 4th Floor, Building#7, Block B.C, Wuhan Lingjiao Lake Wanda Plaza,, No.15 Tangjiadun Road, Jianghan District, Wuhan, Hubei Province, PR China.

Represented by: Attorney Chen Hang, Hubei Shanhe Lawyers.

The Claimant Liu Li files to this Court for recognition and enforcement of a civil judgment by a foreign court against Tao Li and Tong Wu ("**Application**"), which was entertained by this Court on October 19, 2015. A collegiate panel formed legitimately thereafter conducted two hearings respectively on December 25, 2015 and March 15, 2016 to review the Application. The Claimant Liu Li and her attorney Chen Guanlin, the Respondents Tao Li and Tong Wu's jointly entrusted attorney Chen Hang attended the hearings. The review has now been completed and closured.

The Claimant Liu Li alleged that, on September 22, 2013, the Claimant and the Respondents entered into an Equity Transfer Agreement under which the Respondents shall transfer 50% of their equity interest in the US JIAJIAMANAGEEMENT INC to the Claimant for US$150,000. After the Claimant paid US$125,000 pursuant to the agreement, the Respondents absconded with the money. The Claimant reported to local police and received no response, thus lodged a lawsuit with the Superior Court of California, County of Los Angeles, USA. The court made a judgment numbered EC062608 on July 24, 2015, ordering the Respondents to pay the Claimant a total amount of US$147,492 consisting of a refund of US$125,000, relevant pre-trial interest of US$20,818 (calculated as from September 25, 2013 to May 25, 2015) and the trial costs of US$1,674. The judgment has come into effect and the Respondents have not fulfilled the judgment. The Respondents are currently living in Room A, 4th Floor, Building #7, Block B.C, Wuhan Lingjiao Lake Wanda Plaza , No. 15 Tangjiadun

Road, Jianghan District, Wuhan City, Hubei Province and possess enforceable assets. The judgment No. EC062608 by the US Court does not violate the basic principles of PRC laws, sovereignty, security and social interests of PRC. In order to safeguard its lawful rights and interests, the Claimant specifically requests this Court to rule that:

1. the judgment No. EC062608 by the Superior Court of California, County of Los Angeles, USA shall be recognized as legally effective and enforceable within the territory of the People's Republic of China;

2. according to the judgment No. EC062608 by the Superior Court of California, County of Los Angeles, USA, the Respondents shall be compelled to pay the Claimant a total amount of US$147,492 (RMB940,040.26 in equivalence as calculated as per the exchange rate on September 12, 2015) consisting of a refund of US$125,000, relevant pre-trial interest of US$20,818 (calculated as from September 25, 2013 to May 25, 2015) and the trial costs of US$1,674, plus the overdue interest for the period as from May 25, 2015 to the closure of the enforcement of this case; and

3. the Respondents shall bear the enforcement costs for this case.

Respondents Tao Li and Tong Wu argue that:

1. the judgment No. EC062608 by the Superior Court of California, County of Los Angeles, USA shall have no legal effect in the territory of the People's Republic of China and the Respondents was not served with the lawsuit in the US court;

2. the Equity Transfer Agreement between the Claimant and the Respondents is true, legal and valid, and the Respondents shall not be required to refund the equity transfer payment to the Claimant; and

on ground of the above, the Claimant's Application shall be dismissed.

Upon review, this Court finds that the Respondent Tao Li and the Claimant Liu Li entered into an Equity Transfer Agreement in the United States on September 22, 2013, agreeing that 50% of the equity interest as held by Tao Li in JIAJIAMANAGEMENT INC(registered in California, USA) shall be transferred to Liu Li. Liu Li paid US$125,000 to the Respondents on September 22 and September 25, 2013. Bank account information about the Respondent Tong Wu (husband of the Respondent Tao Li) as submitted by the Claimant Liu Li indicated an advance of US$125,000 received during the period from September 14 to October 16, 2013. Later, on July 17, 2014, the Claimant Liu Li filed a lawsuit (Case No. EC062608) with the Superior Court of California, County of Los Angeles, USA on the ground that the Respondent defrauded her of the payment of US$125,000 by the false equity transfer. On October 7, 2014, the US company, Rolan Service of Process Inc. issued a report on Respondents Tao Li and Tong Wu's personal information and address, etc. in the territory of US. The Respondent Liu Li's attorney in the United States served on the two Respondents by mailing to the address as indicated in the report and failed. On January 8, 2015, William D. Stewart, judge of the Superior Court of California, County of Los Angeles, USA issued an order by announcement deciding that the summons and notices related to the case be served

through announcement on the SAN GABRIEL VALLEY TRIBUNE. The service announcement was subsequently published four times consecutively on the "San Gabriel Forum" on January 15, January 22, January 29, and February 5, 2015. On July 24, 2015, Judge William D. Stewart of the Superior Court of California, County of Los Angeles, USA made a judgment in absentia. The court held that the two Respondents had received the summons served according to the procedure and did not appear in court to respond to the Claimant's claim, which constituted an absence. Therefore, the court ruled on the matters covered in the case that the Respondents Tao Li and Tong Wu shall pay jointly and severally the Claimant Liu Li a total amount of US$147,492 consisting of a refund of US$125,000, relevant pre-trial interest of US$20,818 (US$34.24 per day, aggregated as from September 25, 2013 to May 25, 2015) and the trial costs of US$1,674. Claimant Liu Li's attorney in the United States filed for the registration and notification of the above judgment on the date when it was made. As reported in "The First Case of China's Court Judgment Recognized and Enforced in the United States" (published on *Chinese Law Journal*, issue of January 2010) referred to by the Claimant, the civil judgment made by the Higher People's Court of Hubei Province in respect of the product infringement dispute in the case-Hubei Gezhouba Sanlian Industry Co., Ltd. and Hubei Pinghu Cruise Ship Co., Ltd. v. Robinson Helicopter Co., Ltd.(US company), has been recognized and enforced by the United States court.

This Court holds:

This case involves an application for recognition and enforcement of a judgment by foreign court. As provided for in Article 281 of the "Civil Procedure Law of the People's Republic of China", a legally effective judgment or ruling made by a foreign court may be entered into the intermediate people's court of the People's Republic of China with competent jurisdiction by the litigants thereof, or as may be requested with the people's court by the foreign court in accordance with the international treaties concluded or acceded to by that foreign country and the People's Republic of China, or based on the principle of reciprocity, for recognition and enforcement. Article 282 further stipulates that in connection with a legally effective judgment or ruling made by a foreign court and entered into the people's court for recognition and enforcement, such people's court may, after a review conducted in accordance with the international treaties concluded or acceded to by the People's Republic of China or based on the principle of reciprocity, rule pursuant to relevant provisions of this Law for recognition of the effectiveness of such foreign judgment or ruling and issue an order of enforcement (if requested) to enforce the same to the extent that it holds that the same not violate the basic principles of the laws of the People's Republic of China or the sovereignty, security, or public interests of the state, otherwise, rule against the same. As far as this case is concerned, the Respondents Tao Li and Tong Wu possess property in Wuhan City, Hubei Province, which qualifies this Court the court of jurisdiction in that it is the court of the place where the Respondents' property is located and the court of regular residence.

While filing the Application of recognition and enforcement to this Court, the Claimant Liu Li have already submitted a copy of the judgment No. EC062608 by the Superior Court of California, County of Los Angeles, USA and a certified Chinese translation thereof, which meet the pro forma requirements as with the recognition and enforcement of the judgment by a foreign court. Given that no international treaties for recognition and enforcement of civil

judgments have been concluded by and between the United States or acceded to jointly with PRC, whether or not to uphold the Claimant's application should be reviewed on the basis of the principle of reciprocity. After the review, this Court believes the evidence submitted by the Claimant has proved the existence of precedents for the recognition and enforcement by US court of civil judgments by PRC courts. It can be concluded that there is relationship of reciprocity between the two countries in respect of recognition and enforcement of civil judgments. Meanwhile, the above-mentioned judgment No. EC062608 by the Superior Court of California, County of Los Angeles, USA is made in respect of contractual relationship regarding the transfer of equity between the Claimant and the Respondents. Recognition of such civil judgment does not violate the basic principles of the laws or the sovereignty, security, and public interests of the state.  As for the argument the two Respondents made that they had not been properly served by the US court, according to the review by this Court, the abovementioned judgment states clearly that the case was judged in absentia, and the Claimant had already submitted to this Court such document evidence as the application for investigations upon the Respondents, orders of the court for permitting to serve by announcement and service announcements published in newspapers, etc., which is sufficient to determine that the Superior Court of California, County of Los Angeles, USA has  lawfully summoned the two Respondents. Hence, the foregoing arguments of the Respondents are not supported by this Court. The Respondents argue that they shall not be required to refund the equity transfer price to the Claimant in that the relevant Equity Transfer Agreement is true, legal and valid.  Given this is a case of judicial assistance not involving review of substantive rights and obligations and the relevant US court has already rendered a judgment in respect thereof, such claim of the Respondents in their argument is not supported by this Court.

Therefore, this Court upholds the Claimant's request to recognize and enforce the US court judgment, except for the overdue interest as claimed by the Claimant for the period as from the date of judgment made by the US court to May 25, 2015, which  does not fall within the scope of the application for recognition and enforcement of a foreign court judgment.

As approved by the collegiate bench, pursuant to Article 154.1. (XI), Article 281 and Article 282 of the *Civil Procedure Law of the People's Republic of China*, the first paragraph of Article 431 and the first paragraph of Article 466 of *Interpretation of the Supreme People's Court Regarding Application of the Civil Procedure Law of the People's Republic of China*, this Court rules as follows:

I. the judgment No. EC062608 by the Superior Court of California, County of Los Angeles, USA is hereby acknowledged and shall be entered into enforcement;

II. all the other claims by the Claimant Liu Li are dismissed.

The application fee of RMB 100 for this case shall be borne jointly by the Respondents Tao Li and Tong Wu.

Chief Justice Zhao Qianxi

Judge Yu Jie

Judge Xiong Yanhong

Clerk Xu Lei

Dated: 30 June 2017

**WISE TRANS**
**惠传法律.财经翻译**

Wisetrans Translating & Consulting Service Co., Ltd.
**Address:** 13 Hangkong Road
Wuhan City, Hubei Province
P.R.C.
**Mobile:** 139-7165-6390   **Fax:** 0086-27-88188933
**Email:** tra@wisetrans.com   **Web:** www.wisetrans.com

### Certification of Translation Accuracy

Document:

申请人刘利与被申请人陶莉、童武申请承认和执行外国法院民事判决一案民事裁定书.docx

Translation:

From Chinese to English

We, **Wisetrans Translating & Consulting Service Co., Ltd.**, a professional translation company located at 13 Hangkong Road, Wuhan City, Hubei Province, P.R.C., hereby certify that:

1. the above-referenced documents have been translated by one or more qualified professional translators; and

2. in our best judgment, the translated text truly reflects the content, meaning, and style of the original text and constitutes in every respect a correct and true translation of the original document.

(signature) _____   (date) April 24 2018 _____

安大卫
总经理