# EXHIBIT 7

**CONFIDENTIAL**                                                                               ALLEN & OVERY

BY EMAIL AND HAND DELIVERY

Robert L. Weigel, Esq.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, New York 10166
rweigel@gibsondunn.com

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel         212 610 6300
Fax         212 610 6399
Direct line 212 756 1151
andrew.rhys.davies@allenovery.com

Our ref          0033039-0000046 NY:15588587.4

December 5, 2012

Re:   **Tiffany (NJ) LLC, et al. v. Bruce Forbse, et al.,
      No. 2011 Civ. 4976 (NRB)**

Dear Mr. Weigel:

We write on behalf of non-party Bank of China ("BOC," or the "Bank").

Pursuant to the Court's Order dated November 14, 2012, we enclose a CD containing documents bearing production numbers BOC-TIFFANY0000001 through and including BOC-TIFFANY0000184. BOC believes that, through this production, it has fully complied with the preliminary injunction (the "PI") and the Court's subsequent orders, although it reserves the right to supplement its production to the extent that may be appropriate.

As we have previously articulated, BOC cannot locate accounts in China using accountholder names only. Thus, in seeking to comply with the PI's requirement to produce documents "concerning the assets and financial transactions of Defendants or any other entities acting in concert or participation with Defendants," BOC is producing documents pertaining to the BOC account identified in the PI (the "0354 account") and documents pertaining to other accounts and financial transactions of the accountholder of the 0354 account, which BOC was able to locate after a reasonable search.

As BOC has previously explained, the Bank's records do not reflect credit card transactions by tiffanyoutletstore.com, the website that may have gained unauthorized access to the Bank's payment systems earlier this year. Without prejudice to the Bank's argument that it does not control documents in the possession of the primary credit card merchant (www.beijing.com.cn), and that it should not be required to seek documents from the primary merchant, BOC has asked the primary merchant to provide to the Bank documents concerning the secondary merchant (www.tradeonmall.com) or

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practise in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Athens, Bangkok, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Sydney, Tokyo, Warsaw and Washington, D.C.

**CONFIDENTIAL**

concerning tiffanyoutletstore.com. The primary merchant responded that it has no documents concerning tiffanyoutletstore.com, but has provided to the Bank certain documents concerning www.tradeonmall.com that are included in the enclosed production, with Bates numbers BOC-TIFFANY0000138 through BOC-TIFFANY0000147. The primary merchant also informed the Bank that www.tradeonmall.com received funds in respect of credit card transactions into the following account:

Name: 黄金顺
Account number: ████████████2516
Opening Bank: 中国工商银行莆田东门支行

BOC intends to fully pursue its appeal from the Court's Orders. BOC thus reserves all rights with respect to this production and its appeal. Moreover, BOC's efforts to comply with the Court's Orders should by no means be taken as a concession that any of the accounts reflected in the production are, in fact, subject to the PI, or that the PI fairly and appropriately put the Bank on notice that such accounts were subject to its requirements. BOC also reserves all rights and by no means waives any objections with respect to future productions in this action or any other action. As you know, BOC faces liability under Chinese law with both its Chinese regulators and customers for producing these documents. Therefore, BOC reserves the right to seek recovery from plaintiffs for any fines, penalties or other losses that BOC incurs in China as a result of this production.

Finally, as discussed with your colleague Anne Coyle earlier this evening, these documents are being produced on a confidential basis, on terms that you and your client will not use or disseminate them until an appropriate confidentiality order is put in place. We provided you a draft confidentiality stipulation and proposed order earlier today, and we look forward to receiving your comments. As agreed with Ms. Coyle, if we are unable to reach agreement on the terms of a stipulation and proposed order by December 14, 2012, we will submit the issue to the Court.

Please let us know if you have any questions concerning any of the foregoing.

Sincerely,

*Andrew Rhys Davies*

**Andrew Rhys Davies**

Enclosure