IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC and CONVERSE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> Maria WU et al. <br><br> Defendants. | Case No. 13 Civ. 8012 |

**Declaration of Li Zeng**
**Bank of China**

I, Li Zeng, declare as follows:

1. I currently hold the position of Assistant Manager at Bank of China ("BOC"), which is a nonparty to this proceeding. I work for the Internal Control, Legal and Compliance Department of the Head Office. I have knowledge of the matters described in this declaration.

2. I submit this declaration in support of BOC and the other Nonparty Banks' objection to Magistrate Judge Freeman's September 11, 2018 Memorandum and Order on the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order and Plaintiff-Assignee, Next Investments, LLC (Assignee's), Cross-motion to Compel.

3. BOC has operated as a financial institution in China and around the world for almost 100 years. It values its own brand and reputation and has no interest in assisting counterfeiters of luxury goods who are seeking to infringe upon the trademarks of renowned brands such as Nike and Converse (corporations with whom the bank generally seeks to do business).

4. In the declaration submitted by BOC in support of the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order, dated April 27, 2018, BOC explained that

it could not disclose documents and information relating to Judgment Debtor accounts located in China in response to Assignee's subpoena, or restrain these accounts, because such disclosure or restraint without authorization by the Chinese government would violate China's banking laws. China's Commercial Bank Law and banking regulations, as codified by the People's Bank of China and the China Banking Insurance Regulatory Commission, require such disclosure or restraint to be directed by a Chinese judicial department or a competent governmental organ as identified in the applicable laws and regulations.

5. I submit this declaration to explain that BOC has undertaken certain internal control measures, nonetheless, to address the problems relating to counterfeiting identified by Assignee in its subpoena and in its other submissions to this Court. BOC has undertaken these measures in a manner consistent with Chinese law. Such measures include:

a. Heightening the risk designation for the Judgment Debtor deposit account holders identified in Attachment B to the subpoenas, so that these customers cannot apply for new personal loans or credit cards and cross-border transactions involving them will be intercepted (unless approved on a case-by-case basis).

b. Placing the Judgment Debtor deposit account holders identified in Attachment B to the subpoena issued to BOC on the bank's "watch list." As a result of this "watch list" designation, the identified Judgment Debtors cannot establish new customer relationship at the bank and cross-border transactions involving the Judgment Debtors will be intercepted (unless approved on a case-by-case basis).

c. BOC has also added these Judgment Debtors to the BOC's real time monitoring list. Once any transactions involving these identified Judgment Debtors are initiated, reports of suspicious cases will be generated automatically for further examination.

6.  BOC is willing to cooperate with the Assignee to take additional measures to combat further acts of counterfeiting by the Judgment Debtors, so long as these measures comply with Chinese law. Such measures include the production of documents and information relating to the Judgment Debtors pursuant to an application submitted under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, should the Court permit discovery through this means.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __10__ day of October, 2018, Beijing, China.

_____曾力  Li Zeng_____
Li Zeng