IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC and CONVERSE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Maria WU et al.<br><br>Defendants. | Case No. 13 Civ. 8012 |

**Declaration of Fu Qingqing**
**China Construction Bank**

I, Fu Qingqing, declare as follows:

1. I am the Business Manager in the Legal Department of China Construction Bank ("CCB"), which is a non-party to this proceeding. The CCB Legal Department is responsible for ensuring CCB's legal compliance with applicable laws in the People's Republic of China and managing CCB's legal proceedings. I have knowledge of the matters described in this declaration.

2. I submit this declaration in support of CCB and the other Nonparty Banks' objection to Magistrate Judge Freeman's September 11, 2018 Memorandum and Order on the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order and Plaintiff-Assignee, Next Investments, LLC's ("Assignee"), Cross-motion to Compel.

3. In my declaration in support of the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order, dated February 6, 2018, I explained that CCB could not disclose documents and information relating to Judgment Debtor accounts located in China in response to Assignee's subpoena, or restrain these accounts, because such disclosure or restraint

without authorization by the Chinese government would violate China's banking laws. China's Commercial Bank Law and banking regulations, as codified by the People's Bank of China and the China Banking and Insurance Regulatory Commission, require such disclosure or restraint to be directed by a Chinese judicial department or a competent governmental organ as identified in the applicable laws and regulations. Additionally, the unauthorized restraint and disclosure of customer account information would violate the bank's customer agreements.

4. I submit this declaration to explain that CCB has undertaken certain measures, nonetheless, to address the problems relating to counterfeiting identified by Assignee in its subpoena and in its other submissions to this Court. CCB has undertaken these measures in a manner consistent with Chinese law.

5. Based on the subpoena and court order, CCB has identified all the owners of the accounts listed in Attachment B to the subpoena issued to CCB, and placed all of the Judgment Debtors identified on the bank's "black-list." As a result of this "black-list" designation, the Judgment Debtor account holders cannot open new customer accounts at the bank or request additional financial services, such as applying for credit card or loan services.

6. CCB is willing to cooperate with Assignee to take additional measures to combat further acts of counterfeiting by these Judgment Debtors, so long as these measures comply with Chinese law. Such measures include the production of documents and information relating to the Judgment Debtors pursuant to an application submitted under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, should the Court permit discovery through this means.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of October, 2018, Beijing, China.

_____
Fu Qingqing