IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC and CONVERSE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> Maria WU et al. <br><br> Defendants. | Case No. 13 Civ. 8012 |

**Declaration of Songliang Zhou**
**China Merchants Bank**

I, Songliang Zhou, declare as follows:

1. I am Deputy General Manager of the Head Office Legal and Compliance Department at China Merchants Bank ("CMB"), which is a non-party to this proceeding. I am responsible for ensuring CMB's compliance with applicable laws in the People's Republic of China. I have knowledge of the matters described in this declaration.

2. I submit this declaration in support of CMB and the other Nonparty Banks' objection to Magistrate Judge Freeman's September 11, 2018 Memorandum and Order on the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order and Plaintiff-Assignee, Next Investments, LLC's ("Assignee"), Cross-motion to Compel.

3. In my declaration in support of the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order, dated February 12, 2018, I explained that CMB could not disclose documents and information relating to Judgment Debtor accounts located in China in response to Assignee's subpoena, or restrain these accounts, because such disclosure or restraint without authorization by the Chinese government would violate China's banking laws. China's

Commercial Bank Law and banking regulations, as codified by the People's Bank of China and the China Banking and Insurance Regulatory Commission (known as "China Banking Regulatory Commission"), require such disclosure or restraint to be directed by a Chinese judicial department or a competent governmental organ as identified in the applicable laws and regulations. Additionally, the unauthorized restraint and disclosure of customer account information would violate the bank's customer agreements.

4. I submit this declaration to explain that CMB has undertaken certain measures, nonetheless, to address the problems relating to counterfeiting identified by Assignee in its subpoena and in its other submissions to this Court. CMB has undertaken these measures in a manner consistent with Chinese law.

5. CMB has placed risky customer accounts associated with the Judgment Debtors, as identified in Attachment B to the subpoena issued to CMB, on the "black-list" in the bank's Anti-Money Laundering system. As a result of this "black-list" designation, Judgment Debtors will be prevented from opening new accounts at CMB.

6. CMB is willing to cooperate with Assignee to take additional measures to combat further acts of counterfeiting by these Judgment Debtors, so long as these measures comply with Chinese law. Such measures include the production of documents and information relating to the Judgment Debtors pursuant to an application submitted under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, should the Court permit discovery through this means.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _9_ day of October, 2018, Shenzhen, China.

_____

Songliang Zhou