IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC and CONVERSE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> Maria WU et al. <br><br> Defendants. | Case No. 13 Civ. 8012 |

**Declaration of Zhou Bo**
**Industrial and Commercial Bank of China Limited**

I, Zhou Bo, declare as follows:

1. I am a Legal Counsel from the Legal Department at Industrial and Commercial Bank of China Limited ("ICBC"), which is a nonparty to this proceeding. I am responsible for managing ICBC's oveaseas legal risk. To the best of my knowledge, the descriptions and facts contained in this declaration are true and genuine.

2. I submit this declaration in support of ICBC and the other Nonparty Banks' objection to Magistrate Judge Freeman's September 11, 2018 Memorandum and Order on the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order and Plaintiff-Assignee, Next Investments, LLC's ("Assignee"), Cross-motion to Compel.

3. In Mr. Dong Jianjun's declaration in support of the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order, dated February 9, 2018, he explained that ICBC could not disclose documents and information relating to Judgment Debtor accounts located in China in response to Assignee's subpoena, or restrain these accounts, because such disclosure or restraint without authorization by the Chinese government would violate China's

banking laws. China's Commercial Bank Law and banking regulations, as codified by the People's Bank of China and the China Banking Regulatory Commission, require such disclosure or restraint to be directed by a Chinese judicial department or a competent governmental organ as identified in the applicable laws and regulations. Additionally, the unauthorized restraint and disclosure of customer account information would violate the bank's customer agreements.

4.  I submit this declaration to explain that ICBC has undertaken certain measures, nonetheless, to address the problems relating to counterfeiting identified by Assignee in its subpoena and in its other submissions to this Court. ICBC has undertaken these measures in a manner consistent with Chinese law.

5.  ICBC has placed risky customer accounts associated with the Judgment Debtors, as identified in Attachment B to the subpoena issued to ICBC, on the bank's "watch-list." As a result of this "watch-list" designation, ICBC has discontinued certain financial services to these Judgment Debtors in a manner consistent with Chinese law.

6.  ICBC is willing to cooperate with Assignee to take additional measures to combat further acts of counterfeiting by these Judgment Debtors, so long as these measures comply with Chinese law. Such measures include the production of documents and information relating to the Judgment Debtors pursuant to an application submitted under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, should the Court permit discovery through this means.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of October, 2018, Beijing, China.

2

_____

Zhou Bo

3