IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC and CONVERSE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> Maria WU et al. <br><br> Defendants. | Case No. 13 Civ. 8012 |

**Declaration of
Bank of Communications Limited**

I, Zheng Sun, declare as follows:

1. I am a compliance officer of the Legal Compliance Department at Bank of Communications, Head Office ("BOCOM"), which is a nonparty to this proceeding. I am responsible for ensuring BOCOM's compliance with applicable laws in the People's Republic of China. To the best of my knowledge, the descriptions and facts contained in this declaration are true and genuine.

2. I submit this declaration in support of BOCOM and the other Nonparty Banks' objection to Magistrate Judge Freeman's September 11, 2018 Memorandum and Order on the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order and Plaintiff-Assignee, Next Investments, LLC's ("Assignee"), Cross-motion to Compel.

3. In BOCOM's declaration in support of the Nonparty Banks' Motion to Quash the Subpoenas and Modify the Final Order, dated January 27, 2018, BOCOM explained that disclosing documents and information relating to Judgment Debtor accounts located in China in response to Assignee's subpoena, or restraining these accounts, without authorization by the

Chinese government, would violate China's banking laws. China's Commercial Bank Law and banking regulations require such disclosure or restraint to be directed by a Chinese judicial department or a competent governmental organ as identified in the applicable laws and regulations. Additionally, the unauthorized restraint and disclosure of customer account information would violate the bank's customer agreements.

4. I submit this declaration to explain that BOCOM has undertaken certain measures, nonetheless, to address the problems relating to counterfeiting identified by Assignee in its subpoena and in its other submissions to this Court. BOCOM has undertaken these measures in a manner consistent with Chinese law.

5. Upon receipt of the subpoena, BOCOM has reviewed its international acquiring business records and identified transaction information pertaining to fourteen of the eighteen merchants identified in attachment B of the subpoena issued to BOCOM. BOCOM has placed these merchant names on the bank's "black-list" and has terminated financial services to these merchants.

6. Additionally, BOCOM is closely monitoring the one deposit account that Assignee identified in the subpoena issue to BOCOM, and will not provide additional services to the holder of this account.

7. BOCOM is willing to cooperate with Assignee to take additional measures to combat further acts of counterfeiting by these Judgment Debtors, so long as these measures comply with Chinese law. Such measures include the production of documents and information relating to the Judgment Debtors pursuant to an application submitted under the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, which is a

permissible channel for discovery under the Civil Procedure Law of the People's Republic of China.

8. Alternatively, we note that Assignee may bring an action to enforce the judgment directly in China. If Assignee were to begin such proceedings, the Bank would be permitted to provide documents and information pertaining to the Judgment Debtors pursuant to the direction of the Chinese Court.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of October, 2018, Shanghai, China.

_____
Zheng Sun