WHITE & CASE

December 10, 2018

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

VIA ECF

The Hon. Debra Freeman
Chief Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  Nike v. Wu, Case No. 13 Civ. 8012 (CM) (DF)

Dear Magistrate Judge Freeman:

We represent five non-party Chinese banks in the above-referenced action.[1]  On November 19, 2018, Judge McMahon upheld this Court's decision to deny the Banks' motion to quash post-judgment discovery subpoenas issued by Plaintiff-Assignee, Next Investments, LLC ("Next") and ordered the Banks to comply with the subpoenas by December 17, 2018.  ECF No. 174.

The Banks intend to comply with the subpoenas and the November 19 order.[2]  As the Banks have previously explained, the Banks' unauthorized production of documents pursuant to a U.S. court order would violate Chinese banking laws, which prohibit the disclosure of customer account information without approval from a competent Chinese authority.  In an effort to address this issue while complying with the subpoenas, the Banks have coordinated with China's Ministry of Justice to approve the production and to assist with the transmission of the documents to the U.S.

The Ministry of Justice has contacted the U.S. Department of Justice to coordinate the delivery of documents to Next.  The Department of Justice has agreed to take receipt of the Banks' documents from the Ministry of Justice and transmit them to the Court, so long as the Court approves of the Department of Justice's offer of judicial assistance in this matter.  Other than facilitating the transmission of documents between the Banks and Next, the Ministry of Justice and the Department of Justice will have no other involvement in the collection, review, or production of documents in connection with the subpoenas.

---

[1] Bank of China, Bank of Communications, China Construction Bank, China Merchants Bank, and Industrial and Commercial Bank of China Limited (collectively, the "Banks").

[2] The Banks' ability to produce is contingent on the entry of a protective order to govern the confidentiality of the documents produced in response to the subpoenas.  The Banks are providing to Next today a proposed protective order and expect to be able to submit a stipulated protective order to the Court for approval before the end of the week.

**WHITE & CASE**

Cooperation between the Ministry of Justice and the Department of Justice has been instrumental in making this proposed solution possible. The Department of Justice has requested that the Ministry of Justice ask the Banks to seek this Court's approval to accept the documents from the Ministry of Justice and then transmit them to the Court. The Banks respectfully request that the Court, by So Ordering this letter, approve the Department of Justice to take receipt of the Banks' documents and deliver them to the Court, for the benefit of Next. (The documents will be produced in electronic form on a hard drive, not in hard copy.) The Banks have conferred with Next today regarding this proposal, but Next has not taken a positon on the request.

If the Court approves of this method of production, the Banks expect to be able to make a substantial initial production during the week of December 17, with subsequent productions to follow shortly thereafter. We acknowledge that Judge McMahon's order called for the production of documents by December 17. Compliance with the subpoenas, however, has required a massive undertaking by Bank personnel in China and White & Case to collect responsive documents and prepare them for production. Nearly all of this work has had to occur in China in order to comply with Chinese data privacy laws. Even though the Banks and their counsel have been working expeditiously to meet Judge McMahon's deadline, the Banks anticipate that they will need a few additional days to transmit their initial production to the Court and a relatively short period of time thereafter to complete their productions.

We are available for a conference if the Court would like to discuss these issues further.

Respectfully submitted,

*/s/ David G. Hille*
David G. Hille

cc: All counsel of record (via ECF)

SO ORDERED this ____ day of December 2018, approving the receipt by the United States Department of Justice of the Banks' document productions in response to Next's subpoenas and the transmission of those documents by the Department of Justice to this Court.

_____
Debra Freeman
United States Magistrate Judge

2

AMERICAS 97300477