**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert Weigel
Direct: +1 212.351.3845
Fax: +1 212.351.5236
RWeigel@gibsondunn.com

December 21, 2018

<u>VIA ECF AND HAND DELIVERY</u>

The Honorable Debra C. Freeman
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, New York 10007-1312

Re:   <u>Nike, Inc. and Converse Inc. v. Maria Wu, et al., No. 13 Civ. 8012 (CM) (DCF)</u>

Dear Judge Freeman:

We write to bring the Banks' continued contempt to this Court's attention and in response to the Banks' letter filed on December 20, 2018 (ECF No. 186) once again asking this Court to approve its version of a Stipulation and Proposed Protective Order (the "Proposed Protective Order").

Incredibly, it has been five days and the Banks continue to ignore their failure to meet this Court's December 17, 2018 production deadline set forth by Judge McMahon and reaffirmed by Your Honor. On December 10, 2018 the Banks sought this Court's endorsement of a complicated new delivery mechanism to produce documents to Next and to extend the deadline set by Judge McMahon. *See* ECF Nos. 179 & 182. Next did not take a position as to how the Banks deliver the documents, just that they be delivered to Next by the deadline. ECF No. 180. The Court expressly held that the Banks could deliver the subpoenaed documents by "any reasonable means" but that the documents had to be delivered to Next by the deadline set by Judge McMahon. ECF No. 181. They have not done so.

We were contacted by a representative from the Central Authority Office for The Hague Evidence Convention at the U.S. Department of Justice (the "Central Authority Office") seeking our permission to bypass this Court's involvement in the delivery of the documents to Next. Next agreed—but we still have not received any documents. The Central Authority Office has informed us that it was given tracking information by the Chinese Ministry of Justice which indicates that two packages were sent and that only one of the two packages has been delivered somewhere to the U.S. government in Washington D.C. It is now the Friday before the Christmas holiday and the Central Authority Office cannot locate either package. Next has not received a single document in response to the Subpoenas and has no idea what is even in the packages that were supposedly sent. This Court made it plain that the "Rube Goldberg" delivery method announced by the Banks was not an excuse to ignore the plain language of Judge McMahon's order. Next respectfully requests that this Court

**GIBSON DUNN**

The Honorable Debra C. Freeman
December 21, 2018
Page 2

schedule a conference at its convenience to discuss the Banks' contempt and the most efficient way for Next to seek an order from this Court certifying the facts to Judge McMahon and requiring the Banks to show cause why they should not be held in contempt.

As for the Proposed Protective Order, despite the Banks' assertion otherwise, it is highly relevant to the terms of the Proposed Protective Order that the Banks appear to have violated the asset freeze by allowing the counterfeiters to freely move their assets. Next must be able to subpoena additional third party financial institutions without restriction and provide those institutions with original documentation in order to follow the counterfeiters' money and enforce the Judgment. It would be contrary to the spirit of the Federal Rules if Next was unable to use its full subpoena power to seek "discovery from any person" including additional financial institutions who may very well refuse to enter into a binding undertaking. Fed. R. Civ. P. 69. Accordingly, Next respectfully requests that this Court approve its version of the Proposed Protective Order whereby Next agrees (1) to limit its dissemination of any documents containing confidential information to third party institutions it reasonably believes to have information related to the enforcement of the Judgment and (2) to request that those institutions sign on to the terms of the Proposed Protective Order. *See* ECF No. 184-7. Given the fact that the Banks' production of documents is in no way contingent upon the entry of a protective order, Next's proposed terms go above and beyond what is required.

Respectfully,

*/s/ Robert Weigel*

cc: All counsel of record (via ECF)