Case 1:13-cv-08012-CM-DCF Document 184-6 Filed 12/17/18 Page 2 of 14

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 12/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC. and CONVERSE INC.,

Plaintiffs,

– against –

MARIA WU d/b/a WWW.SHOECAPSXYZ.COM, *et al.*,

Defendants.

13-cv-08012 (CM) (DF)

**STIPULATION AND* ~~[PROPOSED]~~ PROTECTIVE ORDER**

WHEREAS, Next Investments, LLC ("Assignee") and non-parties Agricultural Bank of China, Bank of China, Bank of Communications, China Construction Bank, China Merchants Bank, and Industrial and Commercial Bank of China, (collectively, the "Banks") through their undersigned counsel, hereby stipulate as follows with respect to the production of valuable, sensitive, trade secret and otherwise confidential information in connection with the above-captioned action (the "Action").

1. Applicability. This Stipulation and Protective Order shall apply to all information and materials disclosed during the course of the Action, before or after execution of this Stipulation and Protective Order, by any party or by any of the non-party Banks.

2. Definitions. The terms defined in this Section 2 shall, throughout this Stipulation and Protective Order, have the meanings provided. Defined terms may be used in the singular or the plural.

(a) "Producing Party" means the party or non-party being asked to produce or asserting a confidential interest in information designated by that party or person as confidential (as defined in section 2(c)).

* The Court notes that the Assignee and the Banks, as defined herein, have stipulated to all provisions of this order, except ¶¶ 4(vi) and 4(viii), and the Court has therefore dictated the content of those provisions.

(b) "Receiving Party" means the party receiving or requesting production of information that is confidential.

(c) Information that is "Confidential" means information, whether or not embodied in any physical medium, used by the Producing Party, in or pertaining to, its trade or business that the Producing Party believes in good faith is not generally known to the Receiving Party and/or others in the Producing Party's trade or business that the Producing Party would normally not reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, including, but not limited to, materials reflecting, referring to, or evidencing proprietary trade secrets, business plans and forecasts, financial plans and forecasts, operational plans and forecasts, and all sensitive commercial, financial, or personal information (whether pertaining to the Producing Party or to a third party).

(d) "Produced Material" means any document or other information provided to a Receiving Party by a Producing Party in connection with the Action including, but not limited to, any document or other information provided in response to any subpoena, request or other discovery device propounded on the Producing Party in connection with the Action.

(e) "Litigation Material" means all pleadings, motions, affidavits, exhibits, and related papers submitted to the Court in this Action that describe or reference the Produced Material.

3. Method of Designation. Any party or non-party may designate as "Confidential"

all or any portion of any Produced Material or Litigation Material as follows:

(a) Subject to section 7 below, any document or other tangible Produced Material or Litigation Material which is marked as "Confidential" shall hereby be designated and treated as "Confidential" pursuant to the terms of this Stipulation and Protective Order.

(b) Subject to section 7 below, any document or other tangible Produced Material or Litigation Material which is not marked "Confidential," but later is determined by the Producing Party to be "Confidential" and the Producing Party informs the Receiving Party in writing, including but not limited to by letter or by electronic mail, of such "Confidential" designation, shall be hereby designated and treated as "Confidential" pursuant to the terms of this Stipulation and Protective Order.

(c) Subject to section 7 below, by oral or verbal designation by the Producing Party during the course of an examination before trial or deposition, while on the record.

4. Treatment of "Confidential" Information.

(a) "Confidential" information shall not be disclosed, revealed, or made available, in whole or in part, to any person except:

(i.) the Court, Court personnel, as well as any court reporters retained in connection with the Action;

(ii.) the Receiving Party's counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the Action;

(iii.) the parties, and those directors, officers, employees and agents ("Representatives") of the parties who have a need to know in connection with the Action;

(iv.) experts or consultants retained by the parties or their counsel to assist the parties or their counsel in connection with the Action and who have executed Exhibit A, which is attached to this Stipulation and Protective Order;

(v.) outside photocopying, graphic production services, translators, litigation support services, or investigators employed by the parties or their counsel to assist in the Action who have executed Exhibit A, which is attached to this Stipulation and Protective Order provided that, subject to section 12 below, all documents are returned to counsel for the party furnishing them after completion of those services;

(vi.) any bank, savings and loan association, credit card company, credit card processing agency, or other financial institution which maintains or maintained accounts on behalf of any of the Judgment Debtors in this Action or who the Receiving Party reasonably believes may possess information related to the enforcement of the judgment in this Action and who have executed Exhibit A, which is attached hereto, in connection with the enforcement of any judgment in this Action; and

(vii.) upon the written agreement of the party or non-party who produced or disclosed the "Confidential" information, any other person who has executed Exhibit A, which is attached to this Order.

(viii.) Notwithstanding the forgoing Paragraph 4(a)(vi.), it will not be a violation of this Stipulation and Protective Order for Plaintiffs' counsel to provide to the entities identified in Paragraph 4(a)(vi.) account numbers and/or transaction dates and amounts, provided that Plaintiffs have made reasonable efforts to secure an executed Exhibit A from such entities.

and any other information that the Receiving Party reasonably believes is necessary to trace the assets of the Judgment Debtors in this Action or to enforce the Judgment,



(b) The original certification signed by persons referenced or identified in Paragraphs 4(a)(i.)-(vii.) above shall be retained by the parties' counsel of record as a permanent record, and counsel of record shall, upon request, provide the other parties' counsel with copies of all such sworn statements.

(c) Notwithstanding Paragraphs 4(a)(i.)-(viii.) above, all Produced Material and Litigation Material designated as "Confidential" can be filed on the public docket in this Action or any related action to enforce any judgment entered in this Action so long as such filing of Confidential Information is redacted in accordance with Federal Rule of Civil Procedure 5.2.

5. Maintenance of "Confidential" Information. All Produced Material and Litigation Material designated as "Confidential" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Section 4(a)(i.)-(vii.) of this Stipulation and Protective Order as persons properly having access thereto.

6. Unauthorized Disclosure. In the event that Produced Material or Litigation Material designated as "Confidential" is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Stipulation and Protective Order, or if a person so authorized breaches any of his or her obligations under this Stipulation and Protective Order, counsel for the party involved shall, promptly upon becoming aware of such unauthorized

disclosure or breach, give notice of such unauthorized disclosure or breach to counsel for the Producing Party, including a full description of all pertinent facts relating to the unauthorized disclosure or breach. Without prejudice to other rights and remedies of the Producing Party, counsel for the party making the unauthorized disclosure shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

7. Limitations on Application of Order.

(a) The term "Confidential Information" shall not include, and this Stipulated Protective Order shall not be construed to prevent any person from making use of or disclosing any information that:

(i.) was lawfully in his/her possession (other than as an employee of the Producing Party) prior to its disclosure hereunder in connection with the Action;

(ii.) appears in any published material available to the Producing Party's trade or business, other than by a breach of this Stipulation and Protective Order;

(iii.) was, is, or becomes publicly available other than as a result of violation of this Stipulation and Protective Order by the party asserting this exception; or

(iv.) is independently developed without regard to information disclosed hereunder in connection with the Action.

8. Disclosure to Recipient or Author. Nothing herein shall prevent any party from presenting "Confidential" information to the original signatory, author, recipient, or addressee of the "Confidential" information.

9. Objections to Confidential Treatment. A party may object to the designation of any Produced Material or Litigation Material as "Confidential" at any time. If any party objects to the designation of any Produced Material or Litigation Material as "Confidential," the party shall state the objection with particularity by letter to counsel for the Producing Party. In the event that the parties are unable to resolve any dispute concerning treatment of "Confidential" information, the Receiving Party shall be required to seek an order from the Court to request that such information not be treated as "Confidential" pursuant to this Stipulation and Protective Order. In connection with any such motion, the burden of establishing that Produced Material or Litigation Material shall not continue to be treated as "Confidential" shall be on the Receiving Party. Pending determination of such motion, any information previously designated as "Confidential" shall continue to be treated in accordance with that designation.

10. Non-Waiver of Objections to Admissibility. This Stipulation and Protective Order shall not be construed as a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Stipulation and Protective Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground other than its status as confidential information.

11. Subpoena by Third Parties.

(a) Produced Material and Litigation Material designated as "Confidential" shall be used by the Receiving Party only in connection with this Action, including in any proceedings brought to enforce a judgment entered in this Action.

(b) Nothing herein shall prevent any Receiving Party from producing "Confidential" information in response to a lawful subpoena or other compulsory process from a

non-party to this Stipulation and Protective Order seeking production or other disclosure of "Confidential" information, provided that any Receiving Party receiving any such subpoena or other compulsory process shall, as soon as reasonably practical, give notice by telephone and facsimile to counsel for the Producing Party, identifying the material sought and enclosing a copy of the subpoena or other compulsory process, so as to afford the Producing Party a reasonable opportunity to seek a protective order regarding same.

(c) Subject to section 7 above, "Confidential" information produced pursuant to subpoena or other compulsory process shall continue to be treated as "Confidential" pursuant to this Stipulated Protective Order.

12. Conclusion of Litigation.

(a) Upon the later of (i) January 1, 2020 or (ii) thirty (30) days after the conclusion of all good faith post-judgment enforcement efforts to enforce any judgment entered in this Action that are pending as of January 1, 2020, the original and all copies of each document and thing produced to a Receiving Party, or given to any other person pursuant to this Stipulation and Protective Order, designated, in whole or in part, as "Confidential" shall, at the election of the Producing Party, (i) be returned to counsel for the Producing Party or (ii) destroyed, unless the Receiving Party is under a legal or regulatory obligation to retain such documents as set forth in Section 11. This Section 12(a) includes all copies of "Confidential" information and documents containing "Confidential" information made by the Receiving Party or other persons to whom the Receiving Party disclosed "Confidential" information. Plaintiffs will respond to reasonable inquiries from the Producing Party concerning the status of any post-judgment enforcement proceedings of any judgment entered in this Action.

(b) Counsel may retain their work product, such as pleadings, notes, correspondence and memoranda, that contains or refers to "Confidential" information, provided that all such "Confidential" information shall remain subject to this Stipulation and Protective Order and shall not be disclosed to any person except as permitted by this Stipulation and Protective Order.

(c) Notwithstanding the foregoing, the Receiving Party may retain such copies of the "Confidential" information (including "Confidential" information stored on electronic, magnetic or similar media) in accordance with policies and procedures implemented in order to comply with legal and regulatory requirements and other legal and compliance purposes.

13. Reservation of Rights.

(a) Nothing in this Stipulation and Protective Order shall prevent any Producing Party from disclosing its own "Confidential" information to any person it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Stipulation and Protective Order.

(b) Nothing in this Stipulation and Protective Order shall constitute:

(i.) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Court;

(ii.) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action; or

(iii.) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

   (c) Evidence of the existence or non-existence of a designation under this Stipulation and Protective Order shall not be admissible for any purpose.

14. Inadvertent Production of Privileged Material. It is the intent of the parties to assert and preserve all their rights with regards to any information falling within the attorney-client or any other applicable privilege or entitled to work product protection. If privileged or protected material is inadvertently disclosed, such disclosure shall not be deemed a waiver of the privilege or protection and shall in no way prejudice the assertion of the privilege or protection. If a Receiving Party is notified in writing by a Producing Party that Produced Material was inadvertently produced containing privileged or protected information, the Receiving Party shall, at the earliest possible moment but in no event later than within forty-eight (48) hours of the written notice, return that Produced Material to the Producing Party, together with all copies or reproductions thereof. The Receiving Party shall also either return to the Producing Party or destroy (at the option of the Producing Party) any privileged or protected work product material derived from the inadvertently produced material. The return of claimed privileged or protected material shall not in any way waive the Receiving Party's right to challenge the claim of privilege or protection, but such challenge shall not divulge the contents of the material.

15. Amendment or Modification of Order. The provisions of this Stipulation and Protective Order may be modified at any time by a signed written stipulation of Assignee and the non-party Banks.

16. Execution in Counterparts. This Stipulation and Protective Order may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

Dated: New York, New York
December 14, 2018

Respectfully submitted:

By: /s/ Robert L. Weigel

Robert L. Weigel
Howard S. Hogan
Lauren M.L. Nagin
Alexandra L. Grossbaum
Gibson, Dunn, & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Email: RWeigel@gibsondunn.com
HHogan@gibsondunn.com
LNagin@gibsondunn.com
AGrossbaum@gibsondunn.com

*Attorneys for Plaintiff-Assignee Next Investments LLC*

By: /s/ David G. Hille

David G. Hille
Paul B. Carberry
Jacqueline L. Chung
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
DHille@whitecase.com
PCarberry@whitecase.com
Jacqueline.Chung@whitecase.com

*Attorneys for Bank of China, Bank of Communications, China Construction Bank, China Merchants Bank, Industrial and Commercial Bank of China Limited*

SCHULTE ROTH & ZABEL LLP

By: /s/ Adam S. Hoffinger
Adam S. Hoffinger
901 Fifteenth Street, NW, Suite 800
Washington, DC 20005
(202) 729-7470
Adam.Hoffinger@srz.com
*Attorney for Agricultural Bank of China*

**SO ORDERED**

Dated: December 27, 2018
New York, New York

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM**

**ADDENDUM THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER**

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

**EXHIBIT A**

I, ________________________ [print or type name], being of full age, hereby certify and acknowledge that I have received and read a copy of the Stipulation and Protective Order entered in the action pending in the United States District Court for the Southern District of New York captioned *NIKE, Inc., and CONVERSE INC.* v. *Maria Wu d/b/a WWW.SHOECAPSXYZ.COM, et al.,* Civil Action No. 13-cv-08012 (CM) (DF), and I understand the limitations it imposes on the use and disclosure of information designated as “Confidential.” I further understand that the unauthorized use or disclosure of any “Confidential” information may constitute contempt of Court and I hereby consent to the personal jurisdiction of the U.S. District Court Southern District of New York in connection with the use or disclosure of “Confidential” information. I agree to be bound by all of the terms of such Stipulation and Protective Order. To further effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court Southern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___________________________

__________________________
Signature

__________________________
Address