**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Robert Weigel
Direct: +1 212.351.3845
Fax: +1 212.351.5236
RWeigel@gibsondunn.com

October 10, 2019

<u>VIA ECF</u>

The Honorable Colleen McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

Re:   *Nike Inc. and Converse Inc. v. Maria Wu, et al.*, 2013 Civ. 8012 (CM) (DCF)

Dear Judge McMahon:

This firm represents Next Investments, LLC ("Next") in the above-referenced action.  We write in opposition to the letter request filed on October 10, 2019 by newly retained co-counsel to Bank of China, Bank of Communications, China Construction Bank, China Merchants Bank, and Industrial and Commercial Bank of China Limited (collectively, the "Banks").  The Banks request yet another extension of the deadline to file papers in opposition to Next's cross-motion to hold the Banks in contempt and for a turnover (the "Contempt Motion," ECF No. 213).  In addition, nearly three years after Next filed its Assignment of Judgment (the "Assignment," *see* ECF No. 50), and after the extensive litigation over the Banks' motion to quash Next's subpoenas and Next cross-motion to compel production, the Banks now seek discovery into the economic terms of the long-filed Assignment.  The Banks' new counsel can point to no infirmity in the Assignment of the Judgment to Next.  There is none.  As this Court's prior Orders confirm, Next has the right to enforce the Judgment assigned to it.

The Banks' 11th hour request to conduct discovery into the economics of the deal between Nike, Converse, and Next is nothing more than an attempt to manufacture a new basis to contest this Court's priors Orders and distract the Court from the Banks' multiple failures to honor those Orders, which unambiguously froze the assets of Judgment Debtors who were long ago adjudicated as counterfeiters and compelled the production of the counterfeiters' account records.  The Assignment is valid pursuant to New York law and there is nothing in the economic relationship between Nike, Converse, and Next that in any way justifies the Banks' failure to comply with clear and unambiguous Orders of this Court.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

The Honorable Colleen McMahon
October 10, 2019
Page 2

**Request for Extension**

Your Honor has already granted two previous letter applications for an extension. First, the parties agreed on a briefing schedule and on July 3, 2019, Your Honor granted the Banks' request for an extension to file their opposition to the Contempt Motion to September 6, 2019 (ECF No. 214). This extension provided the Banks with seven weeks to respond to Next's motion. Next filed its Contempt Motion on July 19, 2019 and ten days later the Banks filed a letter requesting an additional eight week extension—beyond the six weeks already granted—which your Honor granted. Pursuant to this schedule, the Banks were given three and a half months—until October 30th—to respond to Next's Contempt Motion.

Now, after having Next's Contempt Motion for nearly three months, the Banks write to this Court for a *third time* to request an additional two week extension. The Banks' election to add still more lawyers to its team at this late date is no reason to further prolong the resolution of Next's Contempt Motion. Together with White & Case, the addition of at least five attorneys from Quinn Emanuel (*see* ECF Nos. 217-221) should provide ample manpower for the Banks to meet the October 30th deadline. White & Case remain counsel to the Banks and have served as counsel to the Banks in connection with this action for over five years. White & Case is well versed in the record and after assessing Next's Contempt Motion deemed October 30th to be sufficient time to reply. The record has not changed since White & Case raised the same arguments in support of their last request for additional time. *Compare* ECF No. 213 at 2 *with* ECF No. 222 at 2. The Banks have had Next's papers since mid-July, yet provide no explanation as to why they waited until now, less than three weeks before their opposition is due, to request this extension. There is simply no justification for additional time. The Banks should not be permitted to further delay the adjudication of their complete disregard for this Court's Orders. Three and a half months is more than enough time to prepare a response.

Next's evidence of the Banks' contempt comes almost entirely from the Banks' own documents, which they maintain for their customers in the ordinary course of business. The undisputed record shows that the Banks are no strangers to this case, having been served with the Court's Orders enjoining both the Banks and Judgment Debtors and requiring the Banks to produce the very documents central to Next's Contempt Motion since November 2013. *See* ECF Nos. 211-1–211-8, 211-10–211-15, 211-27, 211-28, 211-35, 211-37, 211-38, 211-40, 211-42–211-45. More so, the Banks have known they were in violation of the Court's Orders since the time they voluntarily appeared in this action to oppose the entry of the initial Judgment entered on August 20, 2015 (ECF Nos. 41, 43, 47). The Banks yet again inserted themselves into this action when they moved to quash Next's subpoenas and to modify the asset freeze provision entered into by this Court in the Final Order on November 20, 2017 (ECF Nos. 67, 70–78, 107-115).

GIBSON DUNN

The Honorable Colleen McMahon
October 10, 2019
Page 3

The Banks' contempt for the Court's Orders has very much been front and center since no later than August 2018 when the Banks' response to a simple question by Magistrate Judge Freeman strongly suggested that they had not been complying with this Court's asset freeze provisions. *See* ECF Nos. 131–134. This motion should have come as no surprise to the Banks as Next specifically signaled its intent to pursue these contempt remedies (and reserved its rights to do so) multiple times over the last year. ECF Nos. 132, 134, 187, 211-94, 211-97, 211-99, 211-105, 211-106, 211-113, 211-115, 211-118, 211-121. However, it was the Banks who affirmatively chose to bring this issue to a head—and on this timeline—by filing their motion for reimbursement on June 20, 2019. The Banks only provided Next with a couple of hours of notice of their intent to file their motion and refused Next's initial request to delay filing their motion until Next and the Banks could negotiate a reasonable briefing schedule for both the reimbursement and contempt motions.

It is not believable for the Banks to claim they need additional time—beyond the three and a half months already provided—to analyze their own documents and prepare a response. The Banks and White & Case should be well positioned to inform new counsel of the content of these documents and submit their opposition by the current deadline of October 30, 2019.[1]

**Asset Purchase Agreement**

The Banks are not entitled to the production of the Asset Purchase Agreement ("APA").

There is no valid reason that the Banks require a copy of this confidential document. This last-minute request is a transparent effort to delay facing liability for the Banks' contempt. The Assignment has been on file since January 2017 yet the Banks have not once raised the purported relevance of the APA in the nearly three years Next has been Assignee to the Judgment. In briefing their motion to quash Next's subpoenas, the Banks already tried to question Next's ability, as Assignee, to enforce the Judgment. *See* ECF No. 110 at 4, 32-33. However, the Banks at no time questioned the validity of the Assignment and in fact conceded that Nike and Converse "transferred their rights to Assignee." *Id.* at 32. If the Banks had some challenge to the Assignment—including on the ground of champerty—or wanted discovery of the APA, they should have raised it before Magistrate Judge Freeman. They did not. As Magistrate Judge Freeman clearly noted in her Memorandum and Order dated September 25, 2018 granting Next's motion to compel, "the mere fact that Plaintiffs assigned their rights to the Judgment does not render [Next's] enforcement of lesser

---

[1] In the event that Your Honor grants the Banks' request for an extension, Next agrees that for purposes of scheduling and as to not overburden the Court with additional briefing, it would be appropriate to modify the deadline for Agricultural Bank of China's opposition to align with the deadline for the Banks' opposition.

**GIBSON DUNN**

The Honorable Colleen McMahon
October 10, 2019
Page 4

significance." ECF No. 150 at 31.  Magistrate Judge Freeman's Order compelling the Banks to produce documents to Next was affirmed by this Court.  The Banks' attempt to create a distraction from their own misconduct is without justification.[2]

In seeking to hold the Banks in contempt of court for their violation of the Judgment and this Court's Orders, Next is well within its rights as Assignee.  The consideration underlying the Assignment is irrelevant to Next's rights to enforce the Judgment.  The Assignment clearly gave Next broad rights to:

> all of the Assignors' rights, obligations and interests in and to the Judgment, all present and future value or remuneration of any kind and in any form including, without limitation, property, assets, cash, bonds, or any other form or payment in each case paid, payable, recovered, owing to, due to, or otherwise received or to be received pursuant to or in respect of the Judgment, or any other present or future claim, action, arbitration, litigation, collection effort or other proceeding or action of any nature relating to the Judgment (collectively, the "Judgment Proceeds"), and all rights and entitlements of any and all of the Assignors to and in connection with the Judgment or other proceeding or action of any nature relating to the Judgment, the Judgment Proceeds, all rights in connection therewith and any interest therein, and any books and records used therein or related thereto in connection with the Judgment and/or any Judgment Proceeds (collectively, the "Judgment Rights", and together with the Judgment and the Judgment Proceeds, the "Assigned Assets")

ECF No. 50; *see also In re New Haven Projects Ltd. Liab. Co.*, 225 F.3d 283, 290 n.4 (2d Cir. 2000) (an assignee "takes all rights of the assignor, no greater and no less").  Next's ability to hold the Banks in contempt of Court does not require Next to have any ownership interest in Nike's or Converse's intellectual property.  In selectively quoting the language of the Assignment, the Banks mischaracterize Next's enforcement efforts as an attempt to bring new trademark claims.  The cases cited by the Banks are irrelevant.  None of these cases involves an assignee's right to enforce a judgment.  Rather, each of these cases deals with an assignee's ability to sue for the infringement of intellectual property.  This is not what Next has sought to do.

---

[2] The Banks offer no basis for their naked speculation that the Assignment may violate New York's champerty statute.  See N.Y. Jud. Law § 489 (McKinney 2019).  It does not.  Should the Court have concerns on whether the Assignment falls within the safe harbor set forth in Judiciary Law § 489, Next would be willing to make the APA available to the Court *in camera*.  The Banks' speculation and conjecture, however, does not provide a basis to ask Next to violate the contractual terms that protect the confidential economics of the Assignment.  To the contrary, they seem to seek an opinion that would create disincentives for parties like Next to invest in the enforcement of valid judgments like the one at issue.

The Honorable Colleen McMahon
October 10, 2019
Page 5

All of the relief Next has requested since becoming Assignee has been directly related to enforcing its rights under the Judgment.  For example, in the Final Order, this Court held Judgment Debtors in contempt of court for continuing to operate infringing websites in violation of the Court's Judgment and incorporated these websites as being subject to the Judgment.  *See* ECF No. 62 at ¶ 3.[3]  Next's Contempt Motion is solely related to the Banks' failures to comply with the clear terms of this Court's Orders.  Next does not seek to include any websites not previously incorporated into this Court's Orders as a basis for its calculation of damages.  *See* ECF Nos. 18, 24, 27, 49, 62 (finding websites operated by Judgment Debtors to be enjoined by this Court); *see also* ECF No. 209 at 47.  Rather, Next has used statutory damages based on the presence of Nike trademarks on websites that were allowed to continue to operate because of the Banks' failure to comply with this Court's Orders.  All of the websites at issue here were ordered to be shut down by this Court's Orders and are subject to the terms of the Judgment.  This statutory measure of damages was necessitated by Judgment Debtors' refusal to appear and provide information and the Banks' utter failure to comply with this Court's November 19, 2018 Order to produce all documents relating to Judgment Debtors' accounts.  *See Yash Raj Films (USA), Inc. v. Bobby Music Co. & Sporting Goods*, 2006 WL 2792756, at *11-12 (E.D.N.Y. Sept. 27, 2006) ("Courts in the Second Circuit have determined awards for compensatory damages in the context of an order for civil contempt using [statutory damages as] proxies for actual damages, where the actual damages were difficult to determine.").  Congress expressly authorized the use of statutory damages because of the known difficulty of obtaining accurate information about the scope of counterfeiters' illegal operations.  The amount Next paid for the Judgment is not at all related to the measure of compensatory contempt damages.

Next is entitled to full recovery of the over one billion dollar judgment.  The compensatory contempt damages sought from the Banks are only a small percentage of the massive damage caused by the counterfeiters, which the Banks helped perpetuate by allowing Judgment Debtors to continue to do business.

Accordingly, Next respectfully requests this Court deny the Banks' request for yet another extension and deny the Banks' request that Next produce the APA.

---

[3]  The Banks received notice of Next's Order to Show Cause to hold Judgment Debtors in contempt of Court on October 10, 2017 (ECF No. 59).  Nonetheless, the Banks did not appear at the hearing held on October 20, 2019 nor did they oppose entry of the Final Order at that time.

**GIBSON DUNN**

The Honorable Colleen McMahon
October 10, 2019
Page 6

Respectfully,

Robert Weigel

cc:     All Counsel of Record (*via ECF*)